IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | CIVIL ACTION NO. 1:17-cv-11860 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATLANTIC CAPES FISHERIES, INC. and, | ) | |
| BJ'S SERVICE CO., INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S OPPOSITION
TO DEFENDANT ATLANTIC CAPES FISHERIES, INC.'S
PARTIAL MOTION TO DISMISS**

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission")

opposes Defendant Atlantic Capes Fisheries, Inc.'s ("ACF") partial motion to dismiss EEOC's

class claims. The well-pleaded facts alleged in the Complaint establish that EEOC satisfied Title

VII's requirement that it provide notice to the defendant-employer and engage in conciliation

efforts prior to filing suit as that requirement has been described by the Supreme Court in its

recent decision in *Mach Mining LLC v. EEOC.* Without contesting those facts, ACF asks this

Court to ignore the Supreme Court's holding and to defy its clear instruction. First, ACF asks

this Court to apply a level of judicial review to EEOC's conciliation efforts that was explicitly

rejected by the Supreme Court. Second, ACF asks this Court to dismiss EEOC's class

allegations, despite clear instruction from the Supreme Court that, where a trial court's

exceptionally limited review of EEOC's conciliation efforts leads it to conclude that EEOC

failed to undertake such efforts, the appropriate remedy is *not* dismissal, but a stay of the action

so the parties can engage in conciliation efforts. The Court should decline ACF's offer to flout

1

binding Supreme Court precedent.  As described below, the facts in EEOC's complaint establish that EEOC complied with Title VII prior to bringing this lawsuit.  Just as importantly, however, even if ACF could offer evidence to demonstrate that EEOC had not engaged in pre-suit conciliation efforts, dismissal would still be improper.  In fact, since the Supreme Court's decision in *Mach Mining* was issued, no court has held that EEOC's Title VII claims may be dismissed if it is determined that EEOC failed to undertake pre-suit conciliation efforts.  For these reasons, and as more fully set forth below, ACF's partial motion to dismiss should be denied.

## ARGUMENT

Defendant seeks dismissal of EEOC's class claims based on its argument that EEOC failed to negotiate resolution of those claims in "good faith" during the Commission's pre-suit conciliation efforts.  Following Supreme Court precedent in *Mach Mining, LLC v. EEOC,* 135 S. Ct. 1645 (2015), which specifically rejected any "good faith" negotiation requirement, dismissal of an EEOC claim is not an available remedy as a matter of law.  The Supreme Court's holding in *Mach Mining* permits only extraordinarily limited judicial review of EEOC's conciliation efforts, and there is no dispute that the few elements relevant to that review have been established in this case.  As such, ACF's motion should be denied.

I.     **The Complaint Demonstrates that EEOC Has Satisfied Title VII's Requirement to Engage in Pre-Suit Conciliation Efforts.**

When ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor."  *Santiago v. Puerto Rico,* 655 F.3d 61, 72 (1st Cir. 2011); *see Ruiz v. Bally Total Fitness Holding Corp.,* 496 F.3d 1, 5 (1st Cir. 2007) (on a motion to dismiss, the court must "give the plaintiff the benefit of all reasonable

inferences" which may be drawn from the facts alleged).  "[T]here is no need to set forth a detailed evidentiary proffer in a complaint" to conform to the requirements of Federal Rule of Civil Procedure 8(a)(2) or meet the standard required under *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  *Rodriguez-Reyes v. Molina-Rodriguez,* 711 F.3d 49, 54 (1st Cir. 2013).  Here, the facts pled by Plaintiff establish that the Commission satisfied Title VII's requirement that it undertake pre-suit conciliation efforts.  As such, Defendant's motion to dismiss must be denied.

In *Mach Mining, LLC v. EEOC,* 135 S. Ct. 1645 (2015), the Supreme Court held that judicial review of EEOC's pre-suit conciliation efforts is a "bare bones review" that "allows the EEOC to exercise all the expansive discretion Title VII gives it to decide how to conduct conciliation efforts and when to end them."  135 S. Ct. 1645, 1656 (2015).  Judicial review, the Court held, is restricted to "whether the EEOC attempted to confer about a charge, and not what happened (*i.e.,* statements made or positions taken) during those discussions."  *Id.*  The facts alleged in the Complaint, which must be accepted as true for purposes of ACF's motion, establish that EEOC met its obligation here.  *See Santiago,* 655 F.3d at 72.

The *Mach Mining* court carefully set out what facts will establish that EEOC engaged in the required pre-suit conciliation efforts.  *Mach Mining,* 135 S. Ct. at 1656.  EEOC satisfies Title VII's requirement that it undertake pre-suit conciliation efforts when it does two things.  *Id.*  First, "EEOC must inform the employer about the specific allegation… Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result."  *Mach Mining,* 135 S. Ct. at 1655-56.  Second, "EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice."  *Id.* at 1656.  Those

two steps – notice of the claims and communication that provides the employer with an opportunity to remedy – are all that is required.  *Id.*

Here, EEOC has pled facts that meet the notice requirement.  "On May 24, 2017, the Commission issued Letters of Determination to Defendants notifying them that the Commission found reasonable cause to believe that Defendants discriminated against Fuentes, Pacaja, Rosales, and a class of similarly-aggrieved women on the basis of sex."  Compl. ¶ 12.  EEOC has also pled facts that meet the second requirement described in *Mach Mining*.  "The Commission engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination."  Compl. ¶ 13.  As the Supreme Court stated, "[j]udicial review of those requirements (*and nothing else*) ensures that the Commission complies with the statute."  *Mach Mining,* 135 S. Ct. at 1656 (emphasis supplied).  Because the facts alleged here, which must be accepted as true for purposes of Defendant's motion, establish that EEOC complied with Title VII's conciliation provision, ACF's motion must be denied.[1]  *See In re Nexium (Esomeprazole) Antitrust Litig.,* 968 F. Supp. 2d 367, 387 (D. Mass. 2013) ("In its consideration of a motion to dismiss, the Court is instructed to accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs.") (internal quotations omitted); *EEOC v. Celadon Trucking Servs., Inc.,* No. 1:12-CV-00275-SEB, 2015 WL 3961180, at *31 (S.D. Ind. June 30, 2015) ("Celadon does not assert that it was misinformed as to the nature of the violations of which it was accused, nor

[1]    Defendant does not dispute these facts, nor does it offer any evidence that, for example, the Letter of Determination was not received, or that EEOC failed to engage in communications with Defendant to provide it with an opportunity to remedy the discriminatory practices described.  As such, there is no basis for the Court to consider anything beyond the allegations in the Complaint.  *See Mach Mining,* 135 S. Ct. at 1656 ("If, however, the employer provides credible evidence of its own, in the form of an affidavit or otherwise, indicating that the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim, a court must conduct the factfinding necessary to decide that limited dispute.").  Moreover, the Letter of Determination itself – which ACF attaches to its pleading (Dkt. 11-2) – further confirms that EEOC provided ACF with the required notice of the specific allegation and the "class of employees who have suffered as a result."  *Id.* at 1655-56.

4

does it deny that it engaged in conciliation discussions with the EEOC.  Our "barebones" review of the conciliation process ends there.").

    A.  <u>Defendant asks this Court to apply a standard of review that is inconsistent with the Supreme Court's holding in *Mach Mining*.</u>

Relying largely on cases decided prior to *Mach Mining,* ACF asks this court to impose a standard of review on EEOC's conciliation efforts that is inconsistent with both binding Supreme Court precedent and the post-*Mach Mining* rulings of federal courts across the country.  In *Mach Mining,* the Supreme Court could not have been clearer that Title VII's conciliation provision endows the Commission with flexibility and leeway with respect to its pre-suit efforts to seek voluntary compliance.  *Mach Mining,* 135 S. Ct. at 1654.  In describing this flexibility, the Supreme Court held:

> Congress left to the EEOC such strategic decisions as whether to make a bare-minimum offer, to lay all its cards on the table, or to respond to each of an employer's counter-offers, however far afield.  So too Congress granted the EEOC discretion over the pace and duration of conciliation efforts, the plasticity or firmness of its negotiating positions, and the content of its demands for relief.  For a court to assess any of those choices – as Mach Mining urges and many courts have done – is not to enforce the law Congress wrote, but to impose extra procedural requirements.  Such judicial review extends too far.

*Mach Mining,* 135 S. Ct. at 1654-55.

ACF incorrectly asserts that EEOC must "make a good faith effort to conciliate the charges."  D's Br. at 5, citing *EEOC v. Bloomberg,* 967 F. Supp. 2d 802, 810 (S.D.N.Y. 2013), and *Mach Mining,* 135 S. Ct. at 1651.  But the Supreme Court's decision in *Mach Mining* explicitly rejected the "good faith" standard that had been used by courts before, including the *Bloomberg* court.[2]  *Mach Mining,* 135 S. Ct. at 1653-55.  Citing the standard set out in the

---

[2]    ACF's reliance on the *Bloomberg* case is curious, both because the legal issue addressed in that case is not present here and because the reasoning of the decision has been widely discredited since the Supreme Court's ruling

National Labor Relations Act, the employer in *Mach Mining* specifically urged the high court to adopt a standard requiring trial courts to "consider whether the EEOC has negotiated in good faith over a discrimination claim." *Id.* at 1653 (internal quotations omitted). The Supreme Court refused to hold EEOC's conciliation efforts to a "good faith" standard, noting that "the conciliation process is not [] an end in itself, but only [] a tool to redress workplace discrimination." *Id.* at 1654. In *Mach Mining,* the Supreme Court held that the "good faith" standard – which numerous federal courts had previously imposed – "conflicts with the latitude Title VII gives the Commission to pursue voluntary compliance with the law's commands." *Id.*

In the wake of *Mach Mining*, federal courts have repeatedly recognized that the limited judicial review of EEOC's conciliation efforts does not permit an evaluation of whether EEOC conducted those efforts in good faith. *See, e.g., EEOC v. Columbus Host, LLC,* No. 2:14-CV-1696, 2016 WL 4594727, at *11 (S.D. Ohio Sept. 2, 2016) ("Defendants claim the EEOC's conciliation 'attempt' was a sham and that it never negotiated in good faith. Defendants may be right, but *Mach Mining* prohibits a court from doing 'a deep dive into the conciliation process.'"); *EEOC v. Dimensions Healthcare Sys.,* 188 F. Supp. 3d 517, 522 (D. Md. 2016) ("Moreover, to the extent [defendant] requests that this Court pry into whether the EEOC negotiated in good faith, any such argument was explicitly foreclosed by *Mach Mining,* as multiple courts have recognized since the Supreme Court issued that decision."); *EEOC v. Amstead Rail Co.,* 169 F. Supp. 3d 877, 886 (S.D. Ill. 2016) ("*Mach Mining* holds that it cannot impose additional procedural requirements on the EEOC beyond engaging in some form of

---

in *Mach Mining.* In *Bloomberg,* the court held that EEOC's satisfactory efforts to conciliate a pattern-or-practice claim under § 707 of Title VII did not also satisfy pre-suit conciliation obligations where EEOC sought relief pursuant to § 706 of the statute on behalf of individual class members. *See Bloomberg,* 967 F. Supp. 2d at 814-15. But that issue is simply not present in this case; EEOC did not make a pattern-or-practice finding in its Letter of Determination, and EEOC brings the instant claims pursuant to § 706 of the statute only. *See* Compl. ¶ 3. More importantly, however, the *Bloomberg* decision, *see* 967 F. Supp. 2d at 813-14, reveals that the court there reached its conclusion after engaging in precisely the type of "deep dive" into the conciliation process that the Supreme Court has strictly foreclosed. *See Mach Mining,* 135 S. Ct. at 1656.

discussion, even if it is simply the extension of a take-it-or-leave-it offer."); *EEOC v. Rosebud Restaurants, Inc.,* No. 13 Civ. 06656, 2015 WL 5852925 (N.D. Ill. Oct. 7, 2015) (striking employer's "good faith" conciliation defense, explaining that "the Supreme Court has confirmed that the obligation to conduct [EEOC conciliation] efforts in good faith is not a component of the requirement" and such a defense "is insufficient as a matter of law."). Because the Supreme Court has rejected – in no uncertain terms – the argument, made by ACF here, that a trial court may dismiss EEOC's claims if it determines that EEOC failed to negotiate in good faith as part of its conciliation efforts, ACF's motion should be denied.

B. EEOC's notice to ACF complied with the requirements of *Mach Mining.*

ACF contends that "EEOC's failure to provide sufficient notice to ACF about the scope of the purported class claims necessarily means that it has failed to conciliate these claims." D's Br. at 9. In particular, ACF takes issue with the Commission's failure to inform ACF, in its Letter of Determination, about the size of the class, the details of the sex harassment alleged, or whether anyone besides Mr. Santos sexually harassed ACF's female workers. *See* D's Br. at 8-9. Not only does ACF's argument ask this Court to ignore the substance of EEOC's notice (which Defendant has attached at Dkt. 11-2), ACF also asks this Court to ignore the law.

Title VII does not require EEOC, as part of its conciliation efforts, to identify the size of the class, identify individual members of the class, or to attempt conciliation on behalf of each class member individually. *See EEOC v. Bass Pro Outdoor World, LLC,* 826 F. 3d 791, 805 (5th Cir. 2016) ("Even if the EEOC did not initially provide the names of specific victims, it informed Bass Pro about the class it had allegedly discriminated against – African Americans, Hispanic, and Asian applicants."); *Arizona ex rel. Horne v. Geo Grp., Inc.,* 816 F. 3d 1189, 1199 (9th Cir. 2016), *cert denied sub nom. Geo Grp., Inc. v. EEOC,* 137 S. Ct. 623 (2017) (EEOC conciliation

efforts complied with Title VII where it informed defendant that it had found reasonable cause to believe that a class of female employees had been subject to "discrimination, harassment, and retaliation" at two of defendant's facilities); *EEOC v. Dolgencorp, LLC,* 249 F. Supp. 3d 890, 895-96 (N.D. Ill. 2017) (EEOC was not required to provide employer with details about "the individuals against whom it allegedly discriminated" or to identify how that discrimination was carried out in order to satisfy Title VII); *EEOC v. W. Distrib. Co.,* 218 F. Supp. 3d 1231, 1238 (D. Colo. 2016) ("EEOC is not required to identify each aggrieved individual, even if – as seems likely – it would have put [defendant] in a better position to respond to the EEOC's settlement offer.").

Furthermore, where EEOC finds reasonable cause that a class has experienced discrimination as a result of the employer's unlawful conduct, it is not required to identify all class members prior to filing suit.  *See EEOC v. United Parcel Serv.,* No. 15CV4141MKBCLP, 2017 WL 2829513, at *9 (E.D.N.Y. June 29, 2017) (EEOC permitted to identify, through discovery, additional victims of unlawful practice described in letter of determination); *EEOC v. United Health Programs of Am., Inc.,* 213 F. Supp. 3d 377, 403 (E.D.N.Y. 2016) (holding in hostile work environment claim that "EEOC was not precluded from identifying new claimants (whose claims were effectively identical to the claims of pre-existing claimants) after filing this action."); *EEOC v. Luihn Food Sys., Inc.,* No. 5:09-CV-387, 2011 WL 474896, *5 (E.D.N.C. Sept. 20, 2011) (EEOC may seek relief for individuals not identified during conciliation "provided that they are similarly situated to the named employees and the employer was on notice during conciliation of the potential of a class-based claim.") (collecting cases). [3]

---

[3]    Even the *Bloomberg* decision, on which ACF relies, held that EEOC need not "identify each and every potential claimant before filing a lawsuit."  *EEOC v. Bloomberg L.P.,* 967 F. Supp. 2d 802, 816 n. 14 (S.D.N.Y. 2013).

Finally, Title VII imposes no duty upon the Commission to "fully disclose all of the evidence uncovered in its investigation" of the employer during its conciliation efforts. *See EEOC v. Lawler Foods, Inc.,* No. 4:14-CV-03588, 2015 WL 8457816, at *3 (S.D. Tex. Dec. 4, 2015) ("But Title VII imposes no duty of full disclosure upon the EEOC and this Court cannot pry into the EEOC's strategic decisions regarding conciliation"). Title VII does not require EEOC, as part of its conciliation efforts, to "lay out the factual and legal basis for all its positions." *Mach Mining,* 135 S. Ct. at 1654; *see EEOC v. W. Distrib. Co.,* 218 F. Supp. 3d 1231, 1238 (D. Colo. 2016) (same).

In light of this legal backdrop, ACF's argument that it lacked notice of the allegations against it must be rejected. Although ACF attaches to its motion EEOC's Letter of Determination (the "Letter" or "notice"), it repeatedly attempts to mislead the Court about the contents of the notice it received. *See, e.g.,* D's Br. at 2, 3, 8. A review of the Letter itself confirms that EEOC provided ACF with the notice required under *Mach Mining*.[4] The notice identifies four – not three – women who have alleged that they were subject to sex harassment while working for ACF. Dkt. 11-2. The Letter identifies the location of the unlawful conduct as ACF's Fall River, Massachusetts facility. *Id.* It describes the type of harassment these women experienced, including "sexual comments about their bodies," and indicates that their harassers "sexually propositioned them, and touched them in a sexual way." *Id.* The Letter identifies the time period during which this conduct occurred and identifies two supervisors/managers who perpetuated the harassment. *Id.* Finally, with respect to the class, the Letter identifies "a class of

---

[4]    When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court is permitted to consider documents whose contents are alleged in the complaint and whose authenticity no party disputes. *Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 17 (1st Cir. 1998).

other female employees" who were also subjected to "unwelcome sexual comments and conduct" at ACF's Fall River facility.  *Id.*

Finally, and most importantly, there is simply no evidence here that EEOC failed to undertake its required conciliation efforts.[5]  To the contrary, the Complaint's well-pleaded facts – which are undisputed and must be accepted as true for purposes of Defendant's motion – establish that EEOC's conciliation efforts satisfied the statutory requirements, consistent with the *Mach Mining* standard.  There is no evidence suggesting that ACF did not receive EEOC's Letter of Determination, nor is there any evidence that EEOC failed to engage in communications with ACF to provide it with an opportunity to remedy the unlawful practices described therein.  *See Mach Mining,* 135 S. Ct. at 1565.[6]  Moreover, it is undisputed that EEOC's Letter of Determination put Defendant on notice that the alleged unlawful conduct affected a class of women working in Defendant's Fall River facility.  *See EEOC v. UPS,* 2017 WL 2829513, at *10 (employer's failure to conciliate defense was "legally insufficient" where EEOC's Letter of Determination identified a nationwide class of employees and applicants who were adversely affected by the employer's policies).[7]  Because the Complaint's well-pleaded facts establish that

---

[5]    In its motion, ACF contends that "EEOC has completely failed to follow the multi-step enforcement procedure set forth in Title VII."  D's Br. at 12.  But Defendant offers no evidence to support this unwarranted accusation, nor has it filed an Answer disputing the facts alleged in EEOC's Complaint.  *Cf. Mach Mining,* 135 S. Ct. at 1656.  Without such evidence, the Court must accept EEOC's well-pleaded facts as true.  *See Santiago,* 655 F. 3d at 72.

[6]    Although *Mach Mining* contemplates that EEOC could submit a sworn affidavit to relate these same facts, *see Mach Mining*, 135 S. Ct. at 1656, no such affidavit is necessary here, where Defendant has not denied any of EEOC's allegations.

[7]    Defendant relies on language from *EEOC v. OhioHealth Corp.,* 115 F. Supp. 3d 895, 899 (S.D. Ohio 2015), in support of its argument that EEOC failed to provide notice of its determination to ACF, as required by *Mach Mining*.  *See* D's Br. at 9.  Defendant's reliance is misplaced.  In *OhioHealth,* the court was reviewing EEOC's conciliation efforts on a motion for summary judgment, with an evidentiary record before it, not on a motion to dismiss where the allegations in the complaint must be accepted as true.  *See* 115 F. 3d at 897-98.  Based on that review of the evidence, the *OhioHealth* court concluded that it was reasonable to believe that all EEOC had done was sent notice and, later, a letter indicating conciliation efforts had failed, without ever attempting conciliation.  *Id.* at 899.  Here, however, the only facts before the Court confirm that EEOC both sent notice *and* "engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory

EEOC's conciliation efforts conformed to the standard established by the Supreme Court in *Mach Mining,* Defendant's motion to dismiss must be denied.

## II.     Dismissal is Not an Available Remedy, Even Where EEOC's Conciliation Efforts Fail to Satisfy the *Mach Mining* Standard.

Even where EEOC fails to engage in conciliation, dismissal of its claims is not an available remedy. *See Mach Mining, LLC v. EEOC,* 135 S. Ct. 1645, 1656 (2015). The Supreme Court has made it clear that, even where a court finds that EEOC fails to undertake pre-suit conciliation efforts, "the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." *Id.*, citing 42 U.S.C. § 2000e-5(f)(1) (authorizing a stay of a Title VII action for that purpose).

In the wake of *Mach Mining*, every court to consider the issue has held that dismissal of an EEOC Title VII action is not an available remedy when the agency fails to engage in conciliation efforts. *See, e.g., Arizona ex rel. Horne v. Geo Group, Inc.,* 816 F.3d 1189, 1199 (9th Cir. 2016) ("Even if the EEOC … had failed to conciliate prior to bringing suit, the appropriate remedy would be a stay of proceedings to permit an attempt at conciliation, not the dismissal of the aggrieved employees' claims."); *EEOC v. Darden Restaurants, Inc.,* No. 15-20561-CIV, 2016 WL 9488709, at * 3 (S.D. Fla. June 1, 2016) ("Even if the EEOC failed to conciliate, this fact would not defeat its claims."); *EEOC v. Harrison Poultry, Inc.,* No. 2:14-cv-00227, 2016 WL 8309041, at *9 (N.D. Ga. June 1, 2016) ("Moreover, even if EEOC had failed to engage in such efforts, the appropriate remedy would not be to grant summary judgment in Harrison's favor, but rather to order the EEOC to undertake the mandated efforts to obtain

---

practices described in the Letter of Determination." Compl. ¶ 13. ACF has not disputed those facts. In addition to the distinct procedural posture of the case, *OhioHealth* confirms that even where a court finds that EEOC failed to meet its obligation to engage in pre-suit conciliation efforts, "the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." 115 F. 3d at 899 (ordering stay of proceedings for 60 days).

voluntary compliance.") (internal quotations omitted); *EEOC v. Tepro, Inc.,* No. 4-12-cv-75, 2015 WL 12658237, at \*3 (E.D. Tenn. Oct. 21, 2015) (denying employer's motion for summary judgment and noting that only appropriate remedy for EEOC's failure to undertake pre-suit conciliation efforts is to order EEOC to engage in such efforts); *see also EEOC v. Blinded Veterans Assoc.,* 128 F. Supp. 3d 33, 41-42 (D. D.C. 2015) ("Moreover, should the Court find that the EEOC has failed to satisfy the conciliation requirement, the appropriate course of action would likely be a stay, not a dismissal.") (applying *Mach Mining* to claims under ADEA). Because dismissal of this litigation is not a remedy even where the Commission is found to have failed to undertake conciliation efforts, ACF's motion to dismiss should be denied.

ACF asks this court to ignore both the Supreme Court's decision in *Mach Mining* as well as the federal court decisions cited above, and instead follow the lead of two district courts in Colorado and Iowa which have dismissed EEOC claims for failure to engage in conciliation, despite the Supreme Court's clear language to the contrary.[8]  The court should reject these efforts to misdirect it.  First, ACF urges this court to follow the decision of the Colorado federal court in *EEOC v. CollegeAmerica Denver, Inc.,* No. 14-cv-01232, 2015 WL 6437863 (D. Colo. Oct. 23, 2015).  In 2014, shortly after the *CollegeAmerica* case was filed, and before the Supreme Court issued its ruling in *Mach Mining*, the district court dismissed EEOC's claim that a separation agreement used by CollegeAmerica constituted interference with rights under the Age Discrimination in Employment Act ("ADEA").  *CollegeAmerica,* 2015 WL 6437863 at \*1.

---

[8]        ACF suggests that this language is dicta and may be ignored.  D's Br. at 11, n. 9.  Defendant's suggestion misses the mark.  In *Mach Mining,* the Supreme Court specifically set out to "address whether and to what extent such an attempt to conciliate is subject to judicial consideration."  *Mach Mining,* 135 S. Ct. at 1651.  Given the conflicting responses of courts prior to *Mach Mining*, which the Supreme Court acknowledged, the available remedy for a failure to undertake conciliation efforts is essential to the result reached by the Court in that case and, as such, is not dicta.  *See Arcam Pharm. Corp. v. Faria,* 513 F. 3d 1, 3 (1st Cir. 2007).

Eight months after that order was issued, and three months after the *Mach Mining* decision, EEOC sought reconsideration of the court's dismissal.  *Id.*  The court denied EEOC's motion.

As an initial matter, the *CollegeAmerica* court held that EEOC had waited too long to bring its motion for reconsideration, and noted that permitting EEOC's previously dismissed claims to move forward would put the defendant in "the untenable position of potentially having to start the discovery process which is nearing to completion all over again."  *Id.* at *1-2.  Additionally, the *CollegeAmerica* court concluded that the employer's separation agreements were not referenced in the portion of EEOC's determination stating which employment practices it found probable cause to believe violated the ADEA.  *Id.* at *2.[9]  Finally, with respect to the issue of whether dismissal was an available remedy for a failure to satisfy the conciliation requirement, the *CollegeAmerica* court held that it was not obliged to follow the *Mach Mining* court's direction to stay the case and order additional conciliation because the case before it was brought under the ADEA, not Title VII.  *Id.* at *3 ("As previously noted, the Supreme Court's analysis in *Mach Mining* is limited to Title VII's requirement of conciliation.").

Here, there is no concern about additional delay derailing the efficient litigation of this case, as the parties have yet to have their initial scheduling conference and no discovery has begun.  In addition, the class claims ACF seeks to dismiss were clearly identified in the Commission's Letter of Determination as unlawful practices.  Dkt. 11-2.[10]  Finally, the instant case is brought under Title VII, so there can be no question that the Supreme Court's reasoning

---

[9]      The *CollegeAmerica* court's decision was also based, in part, on its examination of the substance of the parties' conciliation communications, *see* 2015 WL6437863 at *2-*3, which the *Mach Mining* court explicitly prohibited.  *See Mach Mining,* 135 S. Ct. at 1655.  Unlike Title VII, however, the ADEA does not contain language prohibiting disclosure of statements made during the conciliation process.  *See EEOC v. Blinded Veterans Ass'n,* 128 F. Supp. 3d at 44.

[10]      "In addition, credible witness testimony reveals that, since at least May 1, 2013, Mr. Santos subjected a class of other female employees to unwelcome sexual comments and conduct. … The Commission has further determined that since at least May 1, 2013 and through the present Respondent has subjected a class of female employees to a hostile work environment because of sex."  Dkt. 11-2, at 3-4.

and decision in *Mach Mining* apply, and should be heeded, here.  As such, the *CollegeAmerica* decision is of no help to ACF's argument and should be disregarded.

Similarly, ACF repeatedly asks this Court to take its cues from a 2009 decision by the federal district court in the northern district of Iowa in *EEOC v. CRST Van Expedited, Inc.,* No. 07-CV-95, 2009 WL 2524402 (N.D. Iowa Aug. 13, 2009), a case in which EEOC alleged that a trucking company engaged in sex discrimination by subjecting a class of female drivers to a sexually hostile work environment.  *See* D's Br. at 7-9.  In a decision issued nearly six years prior to *Mach Mining*, the *CRST Van Expedited* court dismissed the claims of 67 class members after concluding that EEOC had a pre-suit obligation to "investigate the specific allegations" of those class members before the complaint was filed, to identify those individuals in its notice to the employer, to make a reasonable cause determination as to those individuals, and to "attempt to conciliate the specific allegations" of those class members prior to filing its lawsuit.  *CRST Van Expedited,* 2009 WL 2524402 at *16.  Not only is the decision in *CRST Van Expedited* not binding on this Court,[11] the reasoning of that decision has been severely undermined by the Supreme Court's decision in *Mach Mining*, in which the court held 1) that EEOC's identification of a "class" of aggrieved individuals satisfies Title VII's notice requirement; 2) that Title VII grants EEOC broad discretion with respect to how it conducts conciliation (including how much detail it provides to the employer); and  3) that Title VII prohibits courts from dismissing EEOC

---

[11]     Moreover, numerous federal courts – before *Mach Mining* and since – have rejected the reasoning in *CRST Van Expedited.  See, e.g., EEOC v. Bass Pro Outdoor World, LLC,* 826 F. 3d 791, 805 (5th Cir. 2016) (reasoning in *CRST Van Expedited* was not persuasive as that court "engaged in precisely the kind of 'deep dive' the Court prohibited in *Mach Mining*."); *Serrano v. Cintas Corp.,* 699 F.3d 884, 904 (6th Cir. 2012) (reversing district court's order – relying on *CRST Van Expedited* – and holding that where EEOC identified a class of victims in its letter of determination, it had provided employer with ample notice of claims to be litigated); *EEOC v. Dolgencorp, LLC,* 249 F. Supp. 3d 890, 894 n. 3 (N.D. Ill. 2017) (reasoning of court in *CRST Van Expedited* in direct conflict with Seventh Circuit precedent); *EEOC v. United Health Programs of America, Inc.,* 213 F. Supp. 3d 377, 404 (E.D.N.Y. 2016) (reasoning in *CRST Van Expedited* is in conflict with "narrow scope of review" permitted under Title VII); *EEOC v. Evans Fruit Co., Inc.,* 872 F. Supp. 2d 1107, 1111 (E.D. Wash. 2012) ("The undersigned is not persuaded … that the EEOC must specifically identify, investigate and conciliate each alleged victim of discrimination before filing suit.").

claims even where a reviewing court determines that the conciliation efforts were not made. *Mach Mining,* 135 S. Ct. at 1656.[12]

ACF's suggestion that a failure by EEOC to engage in conciliation efforts is a "bar to the courtroom" is directly contradicted by the Supreme Court's ruling in *Mach Mining*.  135 S. Ct. at 1656 ("the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance.").  No matter how many times ACF attempts to resuscitate the reasoning of the *CRST Van Expedited* and *Bloomberg* courts, it cannot identify a single post-*Mach Mining* Title VII case where a court has ignored the clear language of the Supreme Court and ordered dismissal of EEOC claims for insufficient conciliation efforts.  This Court should not accept ACF's invitation to disregard binding precedent and the overwhelming weight of legal authority.

ACF makes a final effort to convince this Court to dismiss EEOC's class claims by suggesting that the requirement that EEOC engage in pre-suit conciliation is identical in consequence to the requirement that a private plaintiff exhaust her administrative remedies prior to filing suit under Title VII.  *See* D's Br. at 10-11.  This argument ignores the unique character of EEOC enforcement actions and departs from binding Supreme Court precedent.  As such, ACF's argument should be rejected.

As an initial matter, courts have repeatedly recognized that enforcement actions brought by the Commission are distinct from private lawsuits.  Under Title VII, EEOC has the authority

---

[12]        Anticipating this problem, ACF attempts to convince this Court that *CRST Van Expedited* remains good law, citing a 2015 order by the trial court denying EEOC's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  D's Br. at 11 n. 9, citing *EEOC v. CRST Van Expedited, Inc.,* No. 07-CV-95, 2015 WL 8773440 (N.D. Iowa Dec. 14, 2015).  As the 2015 *CRST* order makes clear, the court's decision to deny EEOC's Rule 60(b)(6) motion was based on its conclusion that EEOC had not demonstrated the extraordinary circumstances necessary to justify retrospective relief under Rule 60.  *Id.* at *3-*4 ("Whether *Mach Mining* constitutes a change in the applicable law is, under these circumstances, a moot point in the instant action.").  The order hardly supports ACF's argument that the *CRST Van Expedited* court's decision to dismiss the claims of 67 class members remains good law.  *See id.* ("However, even if the court assumes dismissal is unavailable post-*Mach Mining,* and that the only appropriate remedy is now a stay, the change in the law would have to constitute extraordinary circumstances to justify retrospective relief under Rule 60.").

to file litigation in its own name, to independently seek relief for a group of aggrieved individuals, and is not required to comply with the requirements of Federal Rule of Civil Procedure 23, including the class certification requirement. *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 288 (2002); *Gen. Tel. Co. of Nw. v. EEOC,* 446 U.S. 318, 330 (1980). When EEOC files suit, it acts not only "for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *General Telephone,* 446 U.S. at 326. Unlike private litigants, there is no requirement that EEOC exhaust administrative remedies before filing suit. *See Geo Grp., Inc.,* 816 F.3d at 1202 ("it makes little sense for an agency to exhaust remedies before itself."); *EEOC v. Sidley Austin LLP,* 437 F.3d 695, 696 (7th Cir. 2006) (Posner, J.) ("the Commission is not bound by the failure of the Sidley ex-partners to exhaust their remedies; the *Commission* had no duty to exhaust.") (emphasis in original).[13] Thus, ACF's reliance on cases holding that a private litigant must exhaust her administrative remedies prior to filing suit are simply irrelevant to a case brought by EEOC. Nothing in the cases cited by ACF, *see* D's Br. at 10, supports the conclusion that this Court should ignore the Supreme Court's instruction in *Mach Mining* and consider dismissal of EEOC's class claims here.

Because dismissal is not a remedy for the Commission's failure to undertake conciliation efforts – and because no such failure has been established here – Defendant's motion should be denied.

---

[13]     ACF's argument is particularly unpersuasive because, even in the cases it cites, where a plaintiff fails to fulfill an element of her administrative prerequisites, courts will dismiss the claim without prejudice to re-file once those deficiencies have been cured. *See Taite v. Bridgewater State Univ.,* 236 F. Supp. 3d 466, 478 (D. Mass. 2017), citing *Lebron-Rios v. U.S. Marshal Service,* 341 F.3d. 7, 14 (1st Cir. 2003) ("[T]his court has repeatedly preferred dismissal without prejudiced in analogous circumstances of failure to exhaust administrative remedies.").

### III.    A Stay is Not Warranted as There is No Evidence That EEOC Failed to Undertake Conciliation Efforts.

At the close of its memorandum in support of its motion, ACF asks this Court to alternatively "stay the proceedings and order that the EEOC conciliate these claims."  D's Br. at 17.  This request must also be denied. [14]  As the Supreme Court made clear in *Mach Mining*, a stay of litigation is only appropriate where "the employer provides credible evidence of its own, in the form of affidavit or otherwise, indicating that the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim," and the court, upon "conduct[ing] the factfinding necessary to decide that limited dispute," finds that EEOC did not undertake pre-suit efforts to obtain voluntary compliance with the statute. *Mach Mining,* 135 S. Ct. at 1656.  No such evidence exists here, nor has the Court made the requisite factfinding.  To the contrary, the pleadings and the Letter of Determination – the only materials the Court may consider when ruling on Defendant's motion – indicate that EEOC complied with Title VII's requirements and attempted conciliation efforts.  *See* Compl. ¶ 12-14; Letter, Dkt 11-2.  Even were the Court to entertain a stay, the relief Defendant requests goes too far.  Title VII only requires the Commission to "endeavor to conciliate a claim" and to accept voluntary resolution only on terms "acceptable to the Commission."  *Mach Mining,* 135 S. Ct. at 1654, citing 42 U.S.C. § 2000e-5(b) and 5(f)(1).  EEOC cannot be forced to settle, as ACF demands.  *See id.*  As such, Defendant's request for a stay should also be denied.

---

[14]    Moreover, a request for a stay of litigation is not an appropriate response to a Complaint.  *See* Fed. R. Civ. P. 12(a) and (b).  Thus, even were the Court to consider ACF's request, it should first require Defendant to answer the Complaint.  *Id; cf. American Sales Co., LLC v. Warner Chilcott Public Ltd. Co.,* No. 13-347 S, 2013 WL 4016925, *2 (D. R.I. Aug. 6, 2013) (denying defendant's motion to stay pending outcome of motion to transfer case to Judicial Panel on Multidistrict Litigation where defendant had not yet answered allegations and plaintiff would be prejudiced by delay).

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court DENY

Defendant ACF's partial motion to dismiss EEOC's class claims and ACF's alternative request

for a stay of this litigation.

Respectfully submitted,

_/s/ Sara Smolik_
SARA SMOLIK (BBO#661341)
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3207 (telephone)
(617) 565-3196 (fax)
sara.smolik@eeoc.gov

ADELA SANTOS
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3696
adela.santos@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2017, I electronically filed the foregoing with the
Clerk of the District Court using its CM/ECF system, which then electronically notified all those
registered as CM/ECF participants in this case.

_/s/ Sara Smolik_
Sara Smolik