UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ATLANTIC CAPES FISHERIES, INC. and, BJ'S SERVICE CO., INC.<br><br>　　　　　Defendants | C.A. No. 1:17-cv-11860-PBS<br><br>**[Leave to File Granted on December 22, 2017 (ECF 20)]** |

## DEFENDANT ATLANTIC CAPES FISHERIES, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

4831-3019-8617.4

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT .................................................................................................................. 1
    A. The EEOC "Responds" to Issues Not Before This Court ................................... 1
    B. The EEOC Cannot Show That It Met Its Statutory Obligations ...................... 2
    C. Dismissal Remains An Appropriate Remedy ....................................................... 3
    D. In the Alternative, a Stay Is Warranted and Is An Appropriate Request At This Stage in the Proceedings ............................................................................. 4
III. CONCLUSION .............................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Arcam Pharm. Corp. v. Faria,
   513 F.3d 1 (1st Cir. 2007) ...........................................................................................4

Cannon v. Aetna Life Ins. Co.,
   2015 U.S. Dist. LEXIS 78512 (D. Mass. June 17, 2015) ............................................5

EEOC v. CVS Pharm., Inc.,
   809 F.3d 335 (7th Cir. 2015) .......................................................................................3

EEOC v. Darden Rests. Inc.,
   2016 U.S. Dist. LEXIS 182872 (S.D. Fla. June 1, 2016) ............................................2

EEOC v. Dolgencorp, LLC,
   249 F. Supp. 3d 890 (N.D. Ill. 2017) ...........................................................................2

EEOC v. Frontier Hot-Dip Galvanizing, Inc.,
   2017 U.S. Dist. LEXIS 208632 (W.D.N.Y. Dec. 18, 2017) ........................................3

EEOC v. GNLV Corp.,
   2015 U.S. Dist. LEXIS 71186 (D. Nev. 2015) ............................................................3

EEOC v. Marquez Bros. Int'l,
   2017 U.S. Dist. LEXIS 153339 (E.D. Ca. Sept. 18, 2017) ..........................................3

EEOC v. Sterling Jewelers Inc.,
   801 F.3d 96 (2nd Cir. 2015) ........................................................................................1

EEOC v. United Health Programs of Am., Inc.,
   213 F. Supp. 3d 377 (E.D.N.Y. 2016) ........................................................................1

EEOC v. W. Distrib. Co.,
   218 F. Supp. 3d 1231 (D. Colo. 2016) ........................................................................2

Fantini v. Salem State Coll.,
   557 F.3d 22 (1st Cir. 2009) .........................................................................................4

Hwang v. Wentworth Inst. of Tech.,
   2013 U.S. Dist. LEXIS 49562 (D. Mass. April 5, 2013) ............................................3

In re Novell, Inc. S'holder Litig.,
    2012 U.S. Dist. LEXIS 16765 (D. Mass. Feb. 10, 2012) ........................................................... 5

**Other Authorities**

5 FED. PRAC. & PROC. CIV., §1270 (3d ed. Apr. 2017 update) ........................................................ 3

4831-3019-8617.4

Defendant Atlantic Capes Fisheries, Inc. ("Defendant" or "ACF") hereby submits this Reply Memorandum of Law in support of its Partial Motion to Dismiss Plaintiff Equal Employment Opportunity Commission's ("EEOC" or "Commission") Complaint.

## I.  INTRODUCTION

The EEOC was required – by statute – to provide ACF with sufficient information regarding the class claims against it. Instead, ACF finds itself defending against claims that to this day continue to morph, apparently at the EEOC's whim. The EEOC brushes off this important statutory requirement proffering arguments to defenses not made by ACF and by glibly suggesting that its provision of superficial information about the class somehow meets its obligations. The EEOC also minimizes the importance of this requirement by arguing that neither dismissal, nor a stay, at this juncture is appropriate. Effectively, if accepted, the EEOC's position would mean that even if it fails to meet its pre-suit obligations, an employer should be forced to defend itself without any real or timely recourse. This flies in the face of these important statutory prerequisites.

## II.  ARGUMENT

### A.  The EEOC "Responds" to Issues Not Before This Court

The EEOC focuses much of its Opposition to Defendant Atlantic Capes Fisheries, Inc.'s Partial Motion to Dismiss ("Opposition") "responding" to arguments that ACF never made. First, despite using the phrase "good faith" just once in its Memorandum of Law in Support of its Partial Motion to Dismiss ("Memorandum"), the EEOC asserts that ACF has improperly asked this Court to review whether the EEOC undertook conciliation in this matter in good faith.[1] ACF

---

[1] Specifically, ACF used the term when listing out the EEOC's statutory pre-suit requirements. See Memorandum, p. 5. Courts since Mach Mining have continued to describe the EEOC's requirement as good-faith" conciliation. See EEOC v. Sterling Jewelers Inc., 801 F.3d 96, 100 (2nd Cir. 2015); EEOC v. United

1

never suggested this, let alone argued it. The only issue ACF raised is that the EEOC failed to provide sufficient notice about the purported class – not that it did not engage in good-faith conciliation.

Further, even when the EEOC responds to ACF's actual arguments, the EEOC continues to skirt the issue, "refuting" arguments that ACF never made. Namely, that the EEOC is not required to identify all class members prior to filing suit, nor does it need to fully disclose all of the evidence uncovered in the investigation. The EEOC also notes that there is no evidence that ACF never received the reasonable cause letter or that the EEOC did not engage in communications with ACF during conciliation. These points are undisputed and the EEOC's emphasis on them is a red herring.

### B.     The EEOC Cannot Show That It Met Its Statutory Obligations

The EEOC's arguments regarding the sufficiency of its notice also miss the mark. Specifically, the cases upon which the EEOC relies for the proposition that it provided sufficient notice to ACF are inapposite. In those instances, the EEOC provided the employers with significantly more detail about the potential class than it did in this case. See Memorandum, p. 9 (citing EEOC v. Bass Pro Outdoor World, L.L.C.; Arizona ex rel. Horne v. Geo Group, Inc.). And, in both EEOC v. Dolgencorp, LLC, 249 F. Supp. 3d 890, 894 (N.D. Ill. 2017) and EEOC v. W. Distrib. Co., 218 F. Supp. 3d 1231, 1238 (D. Colo. 2016), the respective employers knew the specific policies that were at issue and thus, the narrow class that was defined in connection with those policies. Ultimately, in all of these cases, the employers were on sufficient notice regarding the scope of the claims against them, including the scope of the potential class. The classes were not potentially *every employee* (of a certain protected class). Here, the purported

---

Health Programs of Am., Inc., 213 F. Supp. 3d 377, 402 (E.D.N.Y. 2016); EEOC v. Darden Rests. Inc., 2016 U.S. Dist. LEXIS 182872, *6 (S.D. Fla. June 1. 2016).

2

class has not been limited in *any way* and arguably could include every female ACF worker during the relevant timeframe. This simply cannot be sufficient to meet the EEOC's statutory notice requirement.[2]

### C.   Dismissal Remains An Appropriate Remedy

The EEOC falsely states that after Mach Mining, dismissal is not an available remedy and that "every court" to consider the issue has so held. See Opposition, p. 17. See EEOC v. CVS Pharm., Inc., 809 F.3d 335, 342-43 (7th Cir. 2015) (affirming summary judgment dismissal where the district could found that the EEOC had failed to conciliate as statutorily required); EEOC v. Marquez Bros. Int'l, 2017 U.S. Dist. LEXIS 153339, * 11 (E.D. Ca. Sept. 18, 2017) (the "EEOC's claims would be subject to dismissal pursuant to Rule 12(b)(6) if it failed to adequately allege that those conditions [precedent] have been satisfied.").

Further, courts have allowed employers to assert an affirmative defense regarding the failure to conciliate after Mach Mining, which if proven, would lead to dismissal. See 5 FED. PRAC. & PROC. CIV., §1270 (3d ed. Apr. 2017 update) ("[a]n affirmative defense will defeat the plaintiff's claim if it is accepted by the district court or the jury."); Hwang v. Wentworth Inst. of Tech., 2013 U.S. Dist. LEXIS 49562, *7-8 (D. Mass. April 5. 2013) (it is appropriate for a court to grant a Rule 12(b)(6) motion to dismiss based on an affirmative defense); EEOC v. Frontier Hot-Dip Galvanizing, Inc., 2017 U.S. Dist. LEXIS 208632, *16-17 (W.D.N.Y. Dec. 18, 2017) (denying the EEOC's motion to strike the applicable affirmative defense); EEOC v. GNLV

---

[2]   Moreover, despite the EEOC filing this Complaint on behalf of *three* Complainants, the EEOC claims that ACF attempted to mislead the Court by not discussing a fourth complainant whom the EEOC *never* identified in the Complaint. Although a fourth individual did file a Charge of Discrimination with the EEOC, ACF had no reason to believe that the EEOC was pursuing claims on her behalf or on behalf of individuals allegedly harassed by a second individual, named only by this fourth individual. The fact that the EEOC now attempts to claw back these allegations and include them in this lawsuit proves ACF's point – against exactly what claims is ACF supposed to be defending?

3

Corp., 2015 U.S. Dist. LEXIS 71186, *13-14 (D. Nev. 2015) (allowing the employer to maintain its affirmative defense about lack of notice as to an individual's claim).[3]

ACF is not asking this Court to ignore federal case law or Supreme Court precedent.[4] Rather, ACF is asking this Court to hold the EEOC accountable and to follow precedent in this jurisdiction when dealing with the analogous situation of a private litigant who fails to exhaust his administrative remedies. Certainly, ACF agrees that the EEOC is different from a private litigant. But that does not change the fact that the underlying rationales of both administrative exhaustion requirements and pre-suit requirements are the same. See Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009)(citing Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir.1990)). The EEOC's artificial attempts to undermine this important similarity by discussing its "unique character" fall flat.

### D.   In the Alternative, a Stay Is Warranted and Is An Appropriate Request At This Stage in the Proceedings

The EEOC wants to have its cake and eat it too. Were the EEOC to have its way, no employer could move to dismiss a lawsuit based on the EEOC's failure to meet its statutory obligations, nor could it move for a stay – the remedy that the EEOC contends is appropriate – at the beginning of a lawsuit. This essentially would leave the employer with no viable remedy when it believes that the EEOC failed to meet its statutory obligations prior to filing suit. Contrary to the EEOC's assertions, a stay at this juncture – specifically, a simultaneous request

---

[3]   The EEOC also faults ACF for failing to provide evidence of its failures, knowing full well that the submission of evidence in support of a motion to dismiss would be improper. The EEOC also fails to appreciate that Mach Mining was decided at the summary judgment stage, when it *is* appropriate to submit evidence to the court.

[4]   ACF acknowledges that courts have held that a stay is the appropriate remedy; however, this does not change the fact that Mach Mining's statement remains dicta because the remedy – stay or dismissal – was not an essential part of the Court's decision regarding the availability and scope of judicial review, the issues before the Court. See Arcam Pharm. Corp. v. Faria, 513 F.3d 1, 3 (1st Cir. 2007) ("when a statement in a judicial decision is essential to the result reached in the case, it becomes part of the court's holding. The result, along with those portions of the opinion necessary to the result, are binding, whereas dicta is not.") (internal citations omitted).

4

for a dismissal or stay in the alternative – is appropriate. See Cannon v. Aetna Life Ins. Co., 2015 U.S. Dist. LEXIS 78512, at *1,4, 12 (D. Mass. June 17, 2015) (denying the defendants' 12(b)(6) motion but granting the alternative request for a stay); In re Novell, Inc. S'holder Litig., 2012 U.S. Dist. LEXIS 16765, at *31 (D. Mass. Feb. 10, 2012) (denying the motion to dismiss for failure to state a claim but granting the alternative request for a stay).

### III. CONCLUSION

Defendant ACF respectfully reiterates its request that this Court dismiss the EEOC's purported class claims or, in the alternative, stay the proceedings and order that the EEOC conciliate these claims.

ATLANTIC CAPES FISHERIES, INC.,

/s/ Stacie B. Collier
Stacie B. Collier (BBO #645172)
Jessica S. Jewell (BBO #679489)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
sbcollier@nixonpeabody.com
Dated: January 2, 2018                    jsjewell@nixonpeabody.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on January 2, 2018.

/s/ Stacie B. Collier