IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ATLANTIC CAPES FISHERIES, INC. and,<br>BJ'S SERVICE CO., INC.<br>　　　　　　　　　Defendants. | CIVIL ACTION NO. 17CV11860 |

**DEFENDANT'S BJ'S SERVICE CO., INC. REPLY BRIEF**

Pursuant to Local Rule 7.1(b)(3), Defendant BJs Services, Co., Inc. ("BJs"), submits the following Reply Brief to the Plaintiff's, Equal Employment Opportunity Commission ("EEOC" or "Plaintiff) Opposition (ECF 18) to BJs' Motion to Dismiss or Otherwise Stay the Plaintiff's Complaint for Further Conciliation. ("Motion") (ECF 14).

**I. The EEOC Fails To Plead Sufficient Facts To Support A Claim For Hostile Work Environment As To The Putative Class.**

There is no claim stated against BJs sufficiently plead to ascribe liability for creation of a hostile work environment with respect to the putative class. The Complaint contains one allegation that one complainant, Ms. Fuentes, reported alleged harassment by a co-worker, Mr. Santos, to one unnamed BJs employee, described only as the person "who had hired her" and later seemingly and misleadingly referred to as a "supervisor." See Pl.'s Compl. at ¶¶ 18(g); 19(g). The Complaint fails to allege that anyone ever reported Mr. Santos' (or any un-named male workers') alleged harassment of the other complainants, or of any "class," to BJs, or that BJs had the requisite knowledge of the alleged harassment or hostile work environment.

To show an entitlement to relief, "a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the

1

complaint are true..." Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 8 (1st Cir.2011)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).  "**Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.**" Id. (emphasis added).  EEOC fails to allege the prima facia elements of its putative class claims against BJs and, thus, the "class" claims should be dismissed.

In fact, the nine (9) allegations relied upon by EEOC highlight the deficiencies with the Complaint.  See Pls.' Opp. (ECF 18) pp. 4-5.[1]  Eight of these nine allegations refer **only** to alleged improper behavior by one named BJs referral – Mr. Santos - and three named Complainants.[2]  Only one of these nine allegations obliquely refers to actions by other employees at the ACF facility with respect to a purported class.  Critically, apart from the three complainants, EEOC does not allege that BJs employed either the allegedly harassed individuals or the male ACF line supervisors who engaged in the alleged harassment of this unknown class. See id.[3]  EEOC's allegations, with respect to the putative class, do not provide fair notice to BJs or state a facially plausible legal claim, despite its alleged investigation. There are additional complaints by workers not employed by BJs, and complaints of harassment of the class by male workers also not employed/referred by BJs, including an ACF production manager. See EEOC Determination Letter as to ACF (attached as Exhibit B to ECF 11 at pp 3-4)**.**  Even accepting, for

---

[1] BJs does not agree that it condoned, or would condone, the specific actions described in the Complaint with respect to anyone.  Instead, it is BJs' position that the EEOC has not plead that BJs had sufficient notice and thus an ability to control with respect to allegations made on behalf of the putative class.
[2] These allegations mirror those in the EEOC's determination letter. See Pl.'s Opp. ECF 18, Ex. A.
[3] To the extent the Opposition raises questions of a sufficiently plead investigation required of EEOC in addition to mandated conciliation (as to which a meeting was scheduled with the EEOC investigator and then abruptly cancelled by the EEOC), there is no allegation that anyone at the EEOC contacted or interviewed anyone at BJs as part of their "investigation" – and in fact, they did not. See Pl.'s Opp. ECF 18, Ex. A.  Moreover, the determination letter does not at all clarify which, if any, individuals from the "class of affected individuals" were allegedly harassed by persons referred to ACF by BJS as opposed to direct ACF employees. Id. at p. 2

present purposes, the allegation of joint employment for BJs referrals, BJs cannot be tied to an unknown number of individuals in a class allegedly harassed by ACF employees who have no employment connection to BJs - joint or otherwise.

### II. There Is No Legal Precedent Obligating BJS To Submit An Affidavit To Request That The Court Stay This Matter For Further Conciliation

The Plaintiff argues that a Stay of this matter is not warranted under Mach Mining but that BJs is obligated to provide credible evidence, in the form of affidavit or otherwise, indicating that the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim. See Pl.s Opp. at p. 18 citing Mach Mining, LLC v. EEOC, 135 S. Ct. 1645, 1656 (2015). BJs expressly adopts and incorporates by reference the ACF Reply Brief addressing this mistaken argument by EEOC.  **See ACF Reply Brief (ECF 23).**

Briefly, Mach Mining addressed these issues at the Summary Judgement phase of litigation.  There is no case law on point which addresses the specifics of assessing the conciliation prerequisites at the Motion to Dismiss phase.  The important take-away, as was stated by Justice Kagan in Mach Mining, is that the employer be given notice of, and the "chance to discuss and rectify a specified discriminatory practice." Mach Mining, S. Ct. 1645 at 1664. That said, as to any affidavit, the Court in Mach suggested that the first affidavit would come from the EEOC. Id. at p. 1656.  In any event, if this court wishes to consider further the conciliation effort or lack thereof by the EEOC, and desires affidavits of the parties, Defendant would be prepared to submit further information, to address this issue.

Respectfully submitted
The Defendant,
BJ'S Service Co., Inc.
By Its Attorneys,


/s/ Matthew Mastromauro
_____
Nancy A. Serventi, BBO# 452100
Christopher W. Costello, BBO# 645936
Matthew C. Mastromauro, BBO# 679049
McDonough, Hacking & Lavoie, LLC
27 Congress Street, Suite 404
Salem, MA 01970
(617) 367-0808
nserventi@mhlattys.com
ccostello@mhlattys.com
mmastromauro@mhlattys.com


CERTIFICATE OF SERVICE I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on January 3, 2018.

/s/ Matthew C. Mastromauro
_____