**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
EQUAL EMPLOYMENT OPPORTUNITY        )
COMMISSION,                         )
                                    )
            Plaintiff,              )
                                    )   Civil Action
v.                                  )   No. 17-11860-PBS
                                    )
ATLANTIC CAPES FISHERIES, INC.      )
and BJ'S SERVICE CO., INC.,         )
                                    )
                                    )
            Defendants.             )
_____)

**MEMORANDUM AND ORDER**

January 11, 2018

Saris, C.J.

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this complaint against Defendants Atlantic Capes Fisheries, Inc. ("ACF") and BJ's Service Co., Inc. ("BJ's") on behalf of three identified individuals and a class of "similarly aggrieved female workers." Plaintiff alleges sexual harassment, sex discrimination, and retaliation. According to the complaint, the parties participated in informal conciliation efforts before Plaintiff filed the present suit. Defendants have moved to dismiss or stay the case on the ground that the EEOC failed to meet its pre-suit conciliation obligations because it did not identify the specific individuals comprising the alleged class.

1

In Mach Mining LLC v. EEOC, 135 S. Ct. 1645 (2015), the Supreme Court held that this Court may review whether the EEOC satisfied its pre-suit statutory obligation to attempt conciliation, but that the scope of review is "narrow." Id. at 1656. There is no evidence in this barebones record that the conciliation efforts were insufficient. Defendants have submitted no affidavits with respect to the alleged deficiencies in the conciliation efforts. At the hearing, counsel agreed that there were pre-suit conciliation discussions and that the EEOC identified the two alleged sexual harassers and the location of the workplace where the sexual harassment of the class occurred. The EEOC is not required to identify each aggrieved individual in a class in the pre-suit conciliation proceedings. See Arizona ex rel. Horne v. Geo. Grp., Inc., 816 F.3d 1189, 1200 (9th Cir. 2016) (rejecting the argument that the EEOC must identify and conciliate on behalf of each individual aggrieved employee during the investigation process prior to filing suit seeking recovery on behalf of a class). Indeed, in light of the allegation that the named individuals who complained were fired (and then rehired), and the claim of retaliation, the EEOC was reasonable in not releasing the identities of other class members who say they were harassed.

## **ORDER**

After hearing, ACF's partial motion to dismiss (Docket No. 10) is **DENIED**. BJ's motion to dismiss (Docket No. 14) is **DENIED**. SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge