IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff <br><br> v. <br><br> ATLANTIC CAPES FISHERIES, INC. and, BJ'S SERVICE CO., INC. <br><br> Defendants. | CIVIL ACTION NO. 17CV11860 |

**THE DEFENDANT'S, BJ'S SERVICE CO., INC., ANSWER TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT**

The Defendant, BJ'S Service Co., Inc. ("BJ's" and/or "Defendant"), hereby makes this its answer to the Complaint of the Equal Employment Opportunity Commission ("EEOC"), as follows:

**FIRST DEFENSE**

**NATURE OF THE ACTION**

The Defendant states this paragraph contains a series of legal conclusions for which no answer is necessary; however, to the extent a response is required, the Defendant denies that it engaged in any unlawful employment practices or retaliation as alleged and denies the remaining allegations contained in this paragraph.

**JURISDICTION AND VENUE**

1. The Defendant states this paragraph contains a series of legal conclusions for which no answer is necessary; however, to the extent a response is required, the Defendant states that the cited statutes speak for themselves.

2. The Defendant states this paragraph contains a series of legal conclusions for which no answer is necessary; however, to the extent a response is required, the Defendant denies that it engaged in any unlawful employment practices or retaliation as alleged and denies the remaining factual allegations contained in this paragraph.

## PARTIES

3. The Defendant states this paragraph sets forth a series of legal conclusions for which no answer is necessary; however, to the extent a response is required, the Defendant states that cited statutes speak for themselves and denies the remaining factual allegations contained in this paragraph.

4. The Defendant states this paragraph is not directed toward it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

5. The Defendant states this paragraph is not directed toward it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

6. The Defendant admits the allegations contained in this paragraph.

7. The Defendant states this paragraph sets forth a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendant state that cited statutes speak for themselves but admits that it refers individuals for temporary work assignments to others for employment.

8. The Defendant states this paragraph sets forth a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendant state that the cited statutes speak for themselves, but admits that it is an employer engaged in an industry affecting commerce.

9. The Defendant states this paragraph is not directed toward it and further sets forth a series of legal conclusions for which no answer is necessary; however, to the extent a response is required, the Defendant admits, upon information and belief, the factual allegations contained in subparts (1) through (8) and denies the remaining legal conclusions and factual allegations contained in this paragraph.

10. The Defendant states this paragraph sets forth a series of legal conclusions for which no answer is necessary; however, to the extent a response is required, the Defendant denies that it was a "joint employer" of the Charging Parties or any unidentified "class of similarly aggrieved women". The Defendant admits that it referred the Charging Parties for temporary work assignments, including at the ACF Fall River facility, which assignments the Charging Parties accepted; withheld employment and payroll taxes from the wages paid to the Charging Parties based on the hours reported by the worksite employer; and maintained certain personnel documents. The Defendant denies the remaining legal conclusions and factual allegations set forth in this paragraph.

## ADMINISTRATIVE PROCEDURES

11. The Defendant states this paragraph sets forth a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendant admits the factual allegations contained in this paragraph.

12. The Defendant denies the allegations contained in this paragraph which are directed to this Defendant. The Defendant admits that it received a Letter of Determination dated May 16, 2017, which speaks for itself. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this paragraph pertaining to ACF.

13. The Defendant admits that it engaged in certain communications with the Plaintiff, which speak for themselves, and otherwise denies that it engaged in any "discriminatory practices" as alleged by the Charging Parties or as set forth in any "Letter of Determination". The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this paragraph pertaining to ACF.

14. The Defendant denies that it engaged in any "discriminatory practices" as alleged by the charging parties or as set forth in the "Letter of Determination" and denies that the EEOC permitted or participated in any good faith Conciliation such that the Defendant denies the allegations contained in this paragraph. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this paragraph pertaining to ACF.

15. The Defendant admits receipt of a letter from the EEOC dated August 4, 2017 which cancelled the pending Conciliation on short notice and further denies that the EEOC permitted or participated in any good faith Conciliation. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this paragraph pertaining to ACF.

16. The Defendant denies the allegations contained in this paragraph.

## STATEMENT OF CLAIMS

17. The Defendant states this paragraph is not directed toward it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant, upon information and belief, admits the allegations contained in this paragraph.

18. The Defendant states this paragraph is not directed toward it and, therefore, no answer is necessary; however, to the extent a response is required, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

19. The Defendant states this paragraph contain a legal conclusion and allegations not directed to this Defendant, such that no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

    (a) The Defendant denies the allegations contained in this subparagraph.

    (b) The Defendant admits that it offered Rosales, a Spanish speaker, a referral for a temporary work assignment at Defendant ACF's Fall River facility, which Rosales accepted. The Defendant denies that it engaged in or had knowledge of any alleged unlawful employment practices or alleged retaliation and denies the remaining allegations contained in this subparagraph.

    (c) The Defendant denies that it engaged in or had knowledge of any alleged unlawful employment practices or alleged retaliation and denies the remaining allegations contained in this subparagraph.

    (d) The Defendant denies that it engaged in or had knowledge of any alleged unlawful employment practices and denies the remaining allegations contained in this subparagraph. The Defendant further denies knowledge or information sufficient to

admit or deny the allegations set forth in this subparagraph allegedly pertaining to ACF.

(e) The Defendant admits that it offered Fuentes, a Spanish speaker, a referral for a temporary work assignment at Defendant ACF's Fall River facility, which Fuentes accepted. The Defendant denies that it engaged in or had knowledge of any alleged unlawful employment practices and denies the remaining allegations contained in this subparagraph. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this subparagraph allegedly pertaining to ACF.

(f) The Defendant denies that it engaged in or had knowledge of any alleged unlawful employment practices and denies the remaining allegations contained in this subparagraph. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this subparagraph allegedly pertaining to ACF.

(g) The Defendant denies that it engaged in or had knowledge of any alleged unlawful employment practices and denies the remaining allegations contained in this subparagraph.

(h) The Defendant admits that it offered Pacaja, a Spanish speaker, a referral for a temporary work assignment at Defendant ACF's Fall River facility, which Pacaja accepted. The Defendant denies that it engaged in or had knowledge of any alleged unlawful employment practices or alleged retaliation and denies the remaining allegations contained in this subparagraph.

(i) The Defendant states this subparagraph contains a legal conclusion and allegations not directed to this Defendant, such that no answer is necessary; however, to the extent a response is required, the Defendant denies that it "jointly employed" Santos or others at the Defendant ACF's Fall River facility. The Defendant further denies that Santos of others described as "Line Supervisors" by Plaintiff, are/were/or have ever held any supervisory and/or managerial responsibilities for this Defendant. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this subparagraph allegedly pertaining to ACF.

(j) The Defendant denies that it engaged in or had knowledge of any alleged unlawful employment practices and denies the remaining allegations contained in this subparagraph. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this subparagraph allegedly pertaining to ACF.

(k) The Defendant states this subparagraph is not directed toward it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant understands that ACF had a Sexual Harassment Policy in place as well as Spanish speaking personnel at ACF's Fall River facility. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this subparagraph and calls upon the Plaintiff to prove the same.

(l) The Defendant denies the allegations contained in this subparagraph.

20. The Defendant denies the allegations contained in this paragraph.

21. The Defendant states this paragraph contains a series of legal conclusions and allegations not directed to this Defendant, such that no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

    (a) The Defendant states this subparagraph is not directed toward it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph and calls upon the Plaintiff to prove the same.

    (b) The Defendant states this subparagraph is not directed toward it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant admits to learning of multiple co-worker complaints against Rosales and Pacaja from ACF and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph and calls upon the Plaintiff to prove the same.

    (c) The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph and calls upon the Plaintiff to prove the same. The Defendant states that the "charges" speak for themselves, but denies knowledge or receipt of any charges filed with the Commission making allegations against this Defendant until March 28, 2016. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this subparagraph allegedly pertaining to ACF.

    (d) The Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in this subparagraph allegedly pertaining to ACF.

(e) The Defendant denies the allegations contained in this subparagraph. The Defendant further denies knowledge or information sufficient to admit or deny the allegations set forth in this subparagraph allegedly pertaining to ACF.

(f) The Defendant denies the allegations contained in this subparagraph.

(g) The Defendant admits that Rosales and Pacaja returned to the ACF Fall River Facility in July 2016 after having declined other temporary work assignments offered by the Defendant during the period ACF reorganized and automated its production line. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this subparagraph and calls upon the Plaintiff to prove the same.

22. The Defendant denies the allegations contained in this paragraph.

23. The Defendant denies the allegations contained in this paragraph.

24. The Defendant denies the allegations contained in this paragraph.

## **PRAYER FOR RELIEF**

The Defendant denies that the Plaintiff, Charging Parties and/or any, as-yet, unidentified class of "similarly aggrieved" claimants are entitled to the relief requested such that Plaintiff's Complaint should be dismissed with judgment entering in favor of the Defendant together with its costs, interest and reasonable attorneys' fees.

## SECOND DEFENSE

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the EEOC failed to fulfill its duty and/or responsibility to investigate and conciliate the subject allegations/charges pursuant to Title VII, 42 U.S.C. § 2000e-5.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant denies that it allowed, caused, created or had knowledge of any allegedly unlawful employment practices in violation of Section 703(a)(1) and/or (b) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and/or § 2000e-2(b) and therefore, the Plaintiff's claims must fail.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant denies that it allowed, caused, created or had knowledge of any allegedly unlawful employment practices in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-(a)(1) and therefore, the Plaintiff's claims must fail.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's Complaint fails to state facts sufficient to establish that Defendants are joint employers.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant denies the allegations of the Plaintiff's Complaint and states that, at all material times, its conduct was in good faith, justified, privileged and taken for legitimate business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that at all material times the Defendant had adopted and implemented the Model Sexual Harassment Policy (MCAD Policy 96-2 Adopted by the Commission on October 25,1996)("Policy") and had provided this Policy in both English and Spanish to all new hires, including the Charging Parties, who unreasonably failed to utilize the complaint procedure in the Policy to report any alleged sexual harassment to any of the Defendant's designated personnel to prevent the harm about which Plaintiff now complains in this lawsuit and therefore, the Defendant had neither notice nor any opportunity to take appropriate remedial action and the Plaintiff's claims should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that at all material times the Defendant had adopted and implemented the Model Sexual Harassment Policy (MCAD Policy 96-2 Adopted by the Commission on October 25,1996)("Policy") and had provided this Policy in both English and Spanish to all new hires who had accepted employment at the ACF Fall River facility, necessarily including the as-yet Unidentified Class members, who unreasonably failed to utilize the complaint procedure in the Policy to report any alleged sexual harassment to any of the Defendant's designated personnel to prevent the harm about which Plaintiff now complains in this lawsuit and therefore, the Defendant had neither notice nor any opportunity to take

appropriate remedial action and the Plaintiff's claims brought on behalf of the Charging Parties and/or on behalf of the, as-yet, Unidentified Class of claimants should be dismissed.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff cannot establish that Mr. Fidel Santos and/or any other alleged "harasser" was a "supervisor" or "manager" of this Defendant as a matter of law such that the Plaintiff's claims brought on behalf of the Charging Parties and/or on behalf of the, as-yet, Unidentified Class of claimants should be dismissed.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that it took prompt and appropriate remedial action upon learning of alleged sexual harassment by Charging Parties.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the Charging Parties provided notice of alleged sexual harassment directly to ACF, who thereafter took all appropriate action to investigate the allegations and otherwise took prompt remedial action, the Defendant was entitled to rely in good faith upon the investigation, determination and remedial action taken by ACF such that the Plaintiff's claims brought on behalf of the Charging Parties and/or any, as-yet, unidentified class of claimants should be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the allegations of unlawful employment practices are revealed to be unfounded/not credible, then the Plaintiff's claims brought on behalf of the Charging Parties and/or any, as-yet, unidentified class of claimants should be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the conduct of the Charging Parties and/or any, as-yet, unidentified class of claimants, was the proximate cause of any damages allegedly sustained, then the Plaintiff's claims brought on behalf of the Charging Parties and/or any, as-yet, unidentified class of claimants should be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the alleged harassment was perpetrated by a co-worker and/or by a direct ACF employee/supervisor at the ACF Fall River facility, as opposed to any management and/or supervisory personnel of the Defendant, and in the absence of any notice to any management and/or supervisory personnel of the Defendant, the Plaintiff's claims brought on behalf of the Charging Parties and/or any, as-yet, unidentified class of claimants should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent it did not exercise sufficient control over the Charging Parties or others referred to the ACF Fall River facility, whose scheduled hours, job training, job duties, job titles, work conditions, supervision, direction of work performance, necessary tools or equipment, length of employment, wage determinations, were, at all material times, within the exclusive control of ACF, the Defendant is not a "Joint Employer", as alleged, and the Plaintiff's claims brought on behalf of the Charging Parties and/or any, as-yet, unidentified class of claimants should be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the Plaintiff claims that the Charging Parties, Pacaja and Rosales, were laid off by ACF, there is no actionable claim for retaliation against this Defendant where: (1) all the temporary workers who had worked on the same grading line for ACF were laid off by ACF when ACF automated their grading line in April 2016; and (2) this Defendant offered similar work at comparable wages and hours to the Charging Parties, Pacaja and Rosales, who ignored and/or refused such work preferring to wait until new positions opened at the ACF Fall River facility in July 2016 where they remain employed to this date. Accordingly, there is no connection between the alleged harassment and the alleged retaliation, no adverse employment action, and Plaintiff's claims for alleged retaliation are unfounded and such claims should be dismissed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that, to the extent the Plaintiff seeks relief on behalf of the Charging Parties and/or any, as-yet, unidentified class of claimants (collectively, "Claimants") who or all have brought claims in another forum cannot recover multiple times for the same alleged injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that, to the extent it owed any obligations to the temporary workers referred by this Defendant to the ACF Fall River facility, such obligations were fully, completely and properly performed in every respect.

## NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant denies that the Charging Parties and/or any, as-yet, unidentified class of claimants are entitled to the damages claimed or to the relief demanded.

## TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent applicable, the Charging Parties and/or any, as-yet, unidentified class of claimants, failed to mitigate the alleged damages and any such recovery must be precluded or reduced accordingly.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Charging Parties and/or any, as-yet, unidentified class of claimants, may not recover against the Defendant to the extent any damages were not due to any act or omission of the Defendant but were caused solely by the act or omission of a third-party or parties for whom the Defendant was not responsible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant states that neither the Charging Parties nor any, as-yet, unidentified class of claimants, may recover against the Defendant to the extent that the alleged damages resulted from conditions or events over which the Defendant had no notice or control.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the putative "class" claims fail, in whole or in part, because the Plaintiff and/or the as-yet Unidentified Class members failed to satisfy all conditions precedent to the institution of this action and/or failed to exhaust administrative remedies, including Plaintiff's obligations to identify purported class members, investigate, make a cause determination, and/or conciliate in good faith regarding the claims asserted prior to filing this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the putative "class" claims fail, in whole or in part, because they are beyond the scope of any Administrative Charge, were not subject to any administrative, investigative, or conciliation process, and/or were not included in any investigation and/or determination by Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the putative "class" claims fail where the proposed as-yet Unidentified Class is not so numerous that joinder of all members is impracticable.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the putative "class" claims fail to the extent questions of law or fact are not common to the proposed class.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the putative "class" claims fail to the extent the claims of the identified Charging Parties are not the same as those of the as-yet Unidentified Class.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the putative "class" claims fail to the extent the identified Charging Parties do not fairly and adequately represent and/or protect the interests of the as-yet Unidentified Class.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the putative "class" claims fail where there are conflicts fundamental to the suit between the identified Charging Parties and the as-yet Unidentified Class.

## THIRTIETH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Plaintiff's claims on behalf of the Charging Parties and/or on behalf of the putative "class" of as-yet Unidentified Class members cannot establish that any alleged harassment was sufficiently severe and pervasive so as to alter the conditions of employment and create an abusive work environment such that the Plaintiff's claims should be dismissed.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Plaintiff's claims on behalf of the Charging Parties and/or on behalf of the putative "class" of as-yet Unidentified Class members cannot establish that any alleged harassment was reported to this Defendant such that the Plaintiff's claims should be dismissed.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Plaintiff cannot establish that any adverse employment action was taken by this Defendant against the Charging Parties or any as-yet Unidentified Class members such the Plaintiff's claims should be dismissed.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Plaintiff has failed to plead, and cannot prove, that this Defendant engaged in wanton, willful, or reckless conduct sufficient to support any award of punitive damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands, waiver and/or estoppel.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Plaintiff's Complaint is barred in whole or in part, by the applicable statutes of limitations.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that to the extent the alleged harassment was perpetrated by persons who were not employed by this Defendant, then the Plaintiff's putative class claims should be dismissed.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that to the extent the alleged harassment was perpetrated against persons who were not employed by this Defendant, then the Plaintiff's putative class claims should be dismissed.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant reserves the right to raise additional affirmative defenses as they become known during discovery and pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

# JURY CLAIM

THE DEFENDANT, BJ'S SERVICE CO., INC., HEREBY CLAIMS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted

The Defendant,
BJ'S Service Co., Inc.
By Its Attorneys,


/s/ Matthew Mastromauro
_____
Nancy A. Serventi, BBO# 452100
Christopher W. Costello, BBO# 645936
Matthew C. Mastromauro, BBO# 679049
McDonough, Hacking & Lavoie, LLC
27 Congress Street, Suite 404
Salem, MA 01970
(617) 367-0808
nserventi@mhlattys.com
ccostello@mhlattys.com
mmastromauro@mhlattys.com

CERTIFICATE OF SERVICE I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2018.

/s/ Matthew C. Mastromauro
_____