UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

   Plaintiff,

  v.

ATLANTIC CAPES FISHERIES, INC. and,
BJ'S SERVICE CO., INC.

   Defendants

C.A. No. 1:17-cv-11860-PBS

DEFENDANT ATLANTIC CAPES FISHERIES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE
DEFENSES OF DEFENDANT ATLANTIC CAPES FISHERIES

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II.  STANDARD OF REVIEW ........................................................................................... 2

III.  LEGAL ARGUMENT.................................................................................................. 3

    A.  The Contested Affirmative Defenses Are Viable and Should Not Be Dismissed as Insufficient as a Matter of Law............................................................................... 3

        1.  Statute of Limitations (Sixth Defense) ....................................................... 3

        2.  Failure of the Class Members to Exhaust Administrative Remedies (Fifth Defense)..................................................................................................... 5

        3.  It is Not Evident that the EEOC has Satisfied Its Pre-Suit Requirements or that Its Claims are Within the Scope of the Charges (Seventh and Eighth Defenses).................................................................................................... 6

    B.  The EEOC Would Suffer No Prejudice If This Court Denies Its Motion .............. 8

IV.  CONCLUSION............................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

EEOC v. Bass Pro Outdoor World, LLC,
   884 F. Supp. 2d 499 (S.D. Tex. 2012) ..........................................................................4

EEOC v. Bloomberg L.P.,
   751 F. Supp. 2d 628 (S.D.N.Y. 2010)...........................................................................4

EEOC v. Bo-Cherry, Inc.,
   2013 U.S. Dist. LEXIS 74627 (W.D.N.C. May 28, 2013) ...........................................8

David v. Hingham Mut. Fire Ins. Co.,
   2007 U.S. Dist. LEXIS 89982 (D. Mass. Dec. 7, 2007)...............................................8

U.S. EEOC v. Discovering Hidden Haw. Tours, Inc.,
   2017 U.S. Dist. LEXIS 154576 (D. Haw. Sep. 21, 2017) ............................................4

EEOC v. Evans Fruit Co.,
   2012 U.S. Dist. LEXIS 17003 (E.D. Wash. Feb. 10, 2012) .......................................10

EEOC v. FAPS, Inc.,
   2014 U.S. Dist. LEXIS 136006 (D.N.J. Sep. 26, 2014) ...............................................4

EEOC v. Freeman,
   2010 U.S. Dist. LEXIS 41336 (D. Md. Apr. 26, 2010) ................................................4

EEOC v. Frontier Hot-Dip Galvanizing, Inc.,
   2017 U.S. Dist. LEXIS 208632 (W.D.N.Y. Dec. 18, 2017).........................................8

EEOC v. Sterling Jewelers Inc.,
   801 F.3d 96 (2d Cir. 2015)............................................................................................7

EEOC v. Tex. Roadhouse, Inc.,
   2014 U.S. Dist. LEXIS 125867 (D. Mass. Sep. 9, 2014) .............................................9

EEOC v. UPS,
   2017 U.S. Dist. LEXIS 101564 (E.D.N.Y. June 29, 2017) ......................................6, 7

EEOC v. Venator Grp.,
   2000 U.S. Dist. LEXIS 12153 (S.D.N.Y. July 10, 2000) ...........................................10

ii

Goldstein v. Brigham & Women's Faulkner Hosp., Inc.,
    80 F. Supp. 3d 317 (D. Mass. 2015) ............................................................................................3

Greene v. City of Boston,
    204 F. Supp. 2d 239 (D. Mass. 2002) .........................................................................................3

Hayes v. McGee,
    2011 U.S. Dist. LEXIS 1485 (D. Mass. Jan. 6, 2011) ...........................................................2, 6

Ariz. ex rel. Horne v. Geo Grp., Inc.,
    816 F.3d 1189 (9th Cir. 2016) ...................................................................................................4

Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.,
    2017 U.S. Dist. LEXIS 140479 (D. Mass. Aug. 30, 2017)........................................................2

Mehic v. Dana-Farber Cancer Inst., Inc.,
    2017 U.S. Dist. LEXIS 22310 (D. Mass. Jan. 25, 2017) ...........................................................3

PetEdge, Inc. v. Yahee Techs. Corp.,
    2017 U.S. Dist. LEXIS 66663 (D. Mass. May 2, 2017) ............................................................2

U.S. EEOC v. Pinal Cnty.,
    714 F. Supp. 2d 1073 (S.D. Cal. 2010).....................................................................................10

Sheffield v. UPS,
    403 F. App'x 452 (11th Cir. 2010).............................................................................................3

Uncle Henry's, Inc. v. Plaut Consulting Inc.,
    240 F. Supp. 2d 63 (D. Me. 2002) .............................................................................................8

Defendant Atlantic Capes Fisheries, Inc. ("Defendant" or "ACF") hereby submits this

Opposition to Plaintiff Equal Employment Opportunity Commissions' ("EEOC" or "Plaintiff")

Motion to Strike Certain Affirmative Defendants of Atlantic Capes Fisheries ("Motion to

Strike").

I.    INTRODUCTION

This lawsuit is in its very early stages.  Plaintiff's Complaint against ACF and BJ's

Service Co., Inc. ("BJ's") alleges sex harassment on behalf of three individuals (Margarita

Fuentes, Mirna Pacaja and Esderya Rosales ("Charging Parties")) as well as a class of allegedly

similarly aggrieved women ("Class"), from 2013 to the present.  The EEOC also seeks relief for

alleged retaliation as to Ms. Pacaja and Ms. Rosales.  The EEOC inaccurately states that the

affirmative defenses at issue relate to the EEOC's ability to bring this enforcement action and the

scope of the relief it may seek.  Plaintiff's Memorandum of Law in Support of Its Motion to

Strike Certain Affirmative Defenses of Defendant Atlantic Capes Fishers, Inc. ("Plaintiff's

Memorandum"), p. 4.  Rather, the relevant affirmative defenses all relate to the scope of the

*claims*, not the relief, and whether they are viable defenses under any set of facts – the majority

of which are not yet known.

Given the dearth of information ACF currently has regarding the scope of the Class

claims – including the individuals' identities and their specific claims –  granting Plaintiff's

motion would be premature.  Specifically, until the EEOC provides ACF with details regarding

the Class claims, it would be improper to strike these affirmative defenses.  Furthermore, even if

the Court finds that the contested affirmative defenses are not viable, the EEOC has not shown

that it would be prejudiced were the Court to allow the defenses to stand.  Therefore the Court

should deny the EEOC's Motion to Strike.

1

II.     STANDARD OF REVIEW

"Under Rule 12(f), a party may move to strike from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd., 2017 U.S. Dist. LEXIS 140479, at *2 (D. Mass. Aug. 30, 2017) (citing Dennison v. LaPointe, 2006 U.S. Dist. LEXIS 93883 (D. Mass. Dec. 21, 2006) (internal quotation marks and citation omitted)).  While the Court has the sound discretion to strike a pleading, motions to strike under Rule 12(f) are "generally disfavored." Id. (citing U.S. S.E.C. v. Nothern, 400 F. Supp. 2d 362, 364 (D. Mass. 2005)).  Such motions "will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." PetEdge, Inc. v. Yahee Techs. Corp., 2017 U.S. Dist. LEXIS 66663, at *4 (D. Mass. May 2, 2017) (citing Nothern, 400 F. Supp. 2d at 364).  Motions to strike "should be granted only when it is beyond cavil that the defendant could not prevail on them." Lexington Luminance, 2017 U.S. Dist. LEXIS 140479, at *19 (citing 4MVR, LLC v. Hill, 2015 U.S. Dist. LEXIS 81904 (D. Mass. June 24, 2015)).  Further, "[e]ven when technically appropriate, motions to strike are not typically granted absent a showing of prejudice to the moving party." PetEdge, 2017 U.S. Dist. LEXIS 66663, at *4 (quoting United States v. Sampson, 820 F. Supp. 2d 202, 241 (D. Mass. 2011)).  And, mere redundancy is insufficient to support a motion to strike.  Rather, "the movant must demonstrate that prejudice would result if the offending material remained in the pleadings." Hayes v. McGee, 2011 U.S. Dist. LEXIS 1485, at *5-6 (D. Mass. Jan. 6, 2011) (citing Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998)).

2

III.    LEGAL ARGUMENT

    **A.    The Contested Affirmative Defenses Are Viable and Should Not Be Dismissed as Insufficient as a Matter of Law**

        **1.    STATUTE OF LIMITATIONS (SIXTH DEFENSE)**

The EEOC boldly states that no statute of limitations period applies to an EEOC Title VII action. While there may be no statute of limitations period for the EEOC to file a lawsuit, there is an applicable statute of limitations period with respect to the individuals upon whose behalf the EEOC seeks relief – including the Class. Specifically, "a plaintiff must file an administrative complaint with... the EEOC within 300 days of the date of the occurrence of the alleged unlawful employment practice." Goldstein v. Brigham & Women's Faulkner Hosp., Inc., 80 F. Supp. 3d 317, 323 (D. Mass. 2015) (citing 42 U.S.C. § 2000e-5(e)(1)). And, "[a]lthough the administrative charge is not an exact plan for the succeeding civil action, 'plaintiffs cannot piggyback entirely new claims onto a subsequent civil case.' " Mehic v. Dana-Farber Cancer Inst., Inc., 2017 U.S. Dist. LEXIS 22310, at *37 (D. Mass. Jan. 25, 2017) (citing Valle-Arce v. P.R. Ports Auth., 632 F. Supp. 2d 138, 140 (D.P.R. 2009)). Rather, "[i]n most Circuits in which it has been adopted, the single filing rule... is interpreted flexibly to permit individual plaintiffs to join in a properly filed lawsuit where the amalgamated claims 'arise out of similar discriminatory treatment *in the same time frame*.' " Greene v. City of Boston, 204 F. Supp. 2d 239, 241-42 (D. Mass. 2002) (quoting Snell v. Suffolk Cnty., 782 F.2d 1094, 1100 (2d Cir. 1986)) (emphasis added).

    Courts have clarified that "in the same time frame" means that, when applicable, the piggybacking individual must allege that an unlawful act occurred during the applicable 300 or 180 days prior to the representative charge. See Sheffield v. UPS, 403 F. App'x 452, 454-55 (11th Cir. 2010) (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1214 (11th Cir.

3

2001)) ("in order to piggyback 'a plaintiff must have been able to file his or her charge of discrimination on the date the representative plaintiff filed the [EEOC] charge.' "). See also Ariz. ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1203 (9th Cir. 2016) (citing Domingo v. New England Fish Co., 727 F.2d 1429, 1442 (9th Cir. 1984), *as modified*, 742 F.2d 520 (1984)) ("we have previously held in a private class action that the proper 'starting date of the class action [is] 300 days prior to the date [the charging party] filed his EEOC charge.' ")

Several courts have held that the same 300-day limitations period applies when the EEOC files a representative action on behalf of individuals. See U.S. EEOC v. Discovering Hidden Haw. Tours, Inc., 2017 U.S. Dist. LEXIS 154576, at *17-19 (D. Haw. Sep. 21, 2017) (noting that the EEOC was "seeking to provide relief for individuals who did not themselves experience any unlawful employment actions during the 300-day filing window" and barred "any claims that accrued before… 300 days prior to the filing of the initial Charge[.]"); EEOC v. FAPS, Inc., 2014 U.S. Dist. LEXIS 136006, at *69 (D.N.J. Sep. 26, 2014) ("The plain language of Section 706(e)(1) clearly precludes the EEOC from seeking relief for individuals who could not have filed an EEOC charge during the filing period."); EEOC v. Bass Pro Outdoor World, LLC, 884 F. Supp. 2d 499, 523 (S.D. Tex. 2012) ("This Court concludes that the EEOC is bound by the 300-day limitations period when proceeding pursuant to either § 706 or § 707"); EEOC v. Bloomberg L.P., 751 F. Supp. 2d 628, 649 (S.D.N.Y. 2010) (holding that "any section 707 claims based on alleged discrimination that occurred before… 300 days prior to the filing of the first discrimination charge… [were] time-barred[,]" while also noting that the EEOC did "not dispute that the 300-day charge filing period applie[d] to its section 706 claims."); EEOC v. Freeman, 2010 U.S. Dist. LEXIS 41336, at *12-13 (D. Md. Apr. 26, 2010) ("The Court need not look any farther than the plain language of Section 706(e)(1) to conclude that the class of

4

individuals for whom the EEOC can seek relief is limited to those who could have filed an EEOC charge during the filing period.... The plain language of Section 706(e)(1)... precludes the EEOC from seeking relief for individuals who were not subjected to an unlawful employment practice during the 300 days before the filing of the triggering charge").

The Charging Parties filed their charges of discrimination with the EEOC on February 26, 2016. The EEOC's Complaint, however, alleges that "[s]ince at least May 2013, other female workers at Defendant ACF's Fall River, Massachusetts facility were subject to similar, unwanted harassment based on sex by male line supervisors and managers." See Complaint (Dkt. No. 1), ¶19(j). It is certainly possible that certain Class members were not subjected to any alleged unlawful sex harassment during the 300 days prior to February 26, 2016. Therefore, this Court should not strike ACF's Sixth Affirmative Defense.[1]

### 2.   FAILURE OF THE CLASS MEMBERS TO EXHAUST ADMINISTRATIVE REMEDIES (FIFTH DEFENSE)

As stated above, ACF understands that if this Court were to adopt the piggybacking rule adopted in other courts, it is possible for a claimant to "piggyback" off of a timely filed charge – or for the EEOC to file suit on behalf of a piggybacked claimant – as long as that individual alleges to have suffered unlawful discrimination during the 300 days prior to the filing of the operative charge(s). Therefore, if a member of the Class has claims that fall outside of this time period and never filed her own charge with the EEOC, then her claims would be barred by the expiration of the statute of limitations period and the failure to exhaust administrative remedies. See Taite v. Bridgewater State Univ., 236 F. Supp. 3d 466, 476 (D. Mass. 2017) (citing Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005)) ("The 'unexcused failure to exhaust administrative

---

[1]   ACF understands that other equitable tolling provisions could apply but, without knowledge of the precise claims of the Class, it would be speculative to say at this point whether such claims could be saved by such provisions.

remedies effectively bars the courthouse door' for a Title VII discrimination claim."). Therefore, this Court should not bar ACF's Fifth Affirmative Defense.2

> ### 3.   IT IS NOT EVIDENT THAT THE EEOC HAS SATISFIED ITS PRE-SUIT REQUIREMENTS OR THAT ITS CLAIMS ARE WITHIN THE SCOPE OF THE CHARGES (SEVENTH AND EIGHTH DEFENSES)3

At the most basic level, ACF does not know whether the EEOC has satisfied its pre-suit requirements, because as of this filing, ACF knows next to nothing about the Class's claims. Recognizing that the EEOC is not confined to the claims set forth in the Charging Parties' claims, it nonetheless lacks unbridled authority to include *any* claims that it now wishes to pursue as part of this action. See EEOC v. UPS, 2017 U.S. Dist. LEXIS 101564, *43 (E.D.N.Y. June 29, 2017) (quoting EEOC v. Thomas Dodge Corp. of N.Y., 524 F. Supp. 2d 227, 236 (E.D.N.Y. 2007)) ("[A]lthough the EEOC 'is not confined to claims typified by those of the charging party,' its authority 'is not unbridled.' ")  In UPS, the court rejected the report and recommendation to strike an affirmative defense regarding claims that fell "outside the scope of the underlying… charge of discrimination." Id. at 41.  Specifically, the Court held that "[t]o the extent that the claims of unnamed claimants arise from discrimination not 'stated in the charge itself' or 'developed in the course of a reasonable investigation of that charge' – or stated differently, to the extent that the unnamed claimants do not fall broadly within the class defined in the Letter of Determination – the EEOC may not retroactively include such claimants in the suit." Id. at *44.  The same rationale applies here and, during the hearing on ACF's Partial

---

2   To the extent the EEOC argues that these defenses are redundant, mere redundancy is insufficient to meet the high threshold needed to prove that the Court should strike the defense(s). See Hayes, 2011 U.S. Dist. LEXIS 1485 at *5-6.

3   Although the EEOC also lumps these together ACF's Fifth Affirmative Defense, ACF has addressed that defense separately.

Motion to Dismiss, the Court noted as much. Specifically, during the hearing, the Court stated "Based on a lawyer agreement, there was conciliation here. There may be concerns about not every single woman was being identified, but it wasn't such a large class that you wouldn't know how to conciliate. *Now, can you raise it as a defense if there are new people that come up? Sure. New transgressors? Sure.*" Transcript of Motion Hearing, dated January 9, 2018, pp. 14-15 (emphasis added). Clearly the Court anticipated the viability of a failure to conciliate defense, depending on the scope of the claims that the EEOC pursues. And, the same logic holds true for the EEOC's other pre-suit requirements, which were not at issue in ACF's Partial Motion to Dismiss.

Further, courts are entitled to review the EEOC's administrative obligations, making these defenses proper. For example, the Second Circuit applied Mach Mining to the scope of judicial review of EEOC's duty to engage in pre-suit investigation. See EEOC v. Sterling Jewelers Inc., 801 F.3d 96, 101 (2d Cir. 2015) ("Mach Mining did not address the EEOC's obligation to investigate, but we conclude that judicial review of an EEOC investigation is similarly limited[.]") And, the Second Circuit emphasized that courts could not review the *sufficiency* of an investigation – only whether it occurred. Id. (emphasis in original). The Second Circuit went on to note that "[i]t is especially important for the court and the parties to understand the contours of an EEOC investigation given that… the EEOC investigation *must be pertinent to the allegations that it ultimately includes in the complaint*." Id. at *102 n.2 (emphasis added). Therefore, even if this Court (or the First Circuit) were to adopt a narrow

7

judicial review of the EEOC's other pre-suit investigation duties, this Court is still entitled to review that the EEOC met its pre-suit obligations.[4]

## B.     The EEOC Would Suffer No Prejudice If This Court Denies Its Motion

The EEOC states that it would be required to undergo lengthy and burdensome discovery on defenses that it claims are unavailable or unsupportable. See Plaintiff's Memorandum., p. 2. Specifically, it states that "ACF has signaled its intent to seek discovery from current and former EEOC employees about EEOC's pre-suit investigation and conciliation efforts" because ACF identified two EEOC employees involved in the investigation (one of whom was also involved in the conciliation) into the Charging Parties' claims. See Plaintiff's Memorandum, p. 4.  The EEOC states that such discovery requests – which ACF has not even propounded – is irrelevant to any legitimate claim or defense at issue in this litigation and that striking the challenged defenses "will prevent disruptive and unnecessary discovery disputes and related motion practice."  Plaintiff's Memorandum, p. 4.  This appears to be the only prejudice that the EEOC claims it would sustain should the Court allow the contested defenses to go forward.  Notably,

---

[4]    The EEOC also claims that ACF's Eighth Affirmative Defense is insufficient because that defense must be pled with particularity.  See Plaintiff's Memorandum, p. 10.  Although ACF simply denied the relevant allegations, ACF has clearly articulated which pre-suit requirements the EEOC failed to meet in its affirmative defenses, which is sufficient to preserve the defense.  See David v. Hingham Mut. Fire Ins. Co., 2007 U.S. Dist. LEXIS 89982, at *5-7 (D. Mass. Dec. 7, 2007) ("While it is true that a general denial is insufficient for denying performance of a condition precedent, [the defendant's] answer includes a 'First Affirmative Defense' that the 'plaintiffs failed to comply with policy requirements, specifically (and without waiving other policy requirements not adhered to) paragraph 4 on page 12 of the policy'…. The First Affirmative Defense satisfies Rule 9(c) and preserves this defense for this motion."); Compare EEOC v. Frontier Hot-Dip Galvanizing, Inc., 2017 U.S. Dist. LEXIS 208632, at *12 (W.D.N.Y. Dec. 18, 2017) ("Defendant 'has failed to articulate which, if any, administrative procedures Plaintiff failed to complete before bringing suit.' ").  Further, even if the Court were to agree with the EEOC, the proper remedy would not be to strike the contested affirmative defense, but to allow ACF to amend its answer and/or have the EEOC move for a more definitive statement. See Uncle Henry's, Inc. v. Plaut Consulting Inc., 240 F. Supp. 2d 63, 93 n.4 (D. Me. 2002) ("To the extent amendment of an answer is proper pursuant to a Rule 15(a) analysis, a defendant is not precluded from asserting a condition-precedent defense."); EEOC v. Bo-Cherry, Inc., 2013 U.S. Dist. LEXIS 74627, at *5 (W.D.N.C. May 28, 2013) ("[c]learly, the Answer contains what may best be described as a general denial, which is insufficient to deny the alleged conditions precedent. The court does not, however, find the 'drastic remedy' of striking such Answer to be appropriate. Instead, the better remedy is a 'motion for more definite statement' under Rule 12(e)[.]")

8

such alleged prejudice is tied to ACF's Seventh and Eighth Affirmative Defenses, but the EEOC points to *no* prejudice it would suffer were this Court to allow ACF's Fifth and Sixth defenses to move forward. Clearly the EEOC has not met its burden with respect to those two affirmative defenses.

Regarding the Seventh and Eighth Affirmative Defenses, the EEOC bases its purported prejudice on an incorrect assumption – that discovery into its pre-suit investigation is irrelevant. And, the EEOC relies exclusively on case law from outside of this jurisdiction and Circuit to support that assumption. This is particularly confusing given the EEOC's litigation before this Court, in which the Court issued decisions that bear on the very issues the EEOC has raised. Specifically, this Court has held that information and documents from the EEOC's pre-suit activities *are* relevant during discovery. The Court noted the EEOC's concession that "communications between claimants or witnesses and EEOC investigators and staff, during the investigative process, are not, of course, attorney work product." EEOC v. Tex. Roadhouse, Inc., 2014 U.S. Dist. LEXIS 125867, at *13 (D. Mass. Sep. 9, 2014) (internal citation omitted). And, the Court went on to hold therefore that "[m]aterials concerning pre-litigation communications should have been provided in discovery, and defendants may ask the investigator about any of these communications [at his deposition]." Id. This Court also noted that the EEOC should have provided during discovery information about "[f]actual information and [d]ocuments related to any communication between the Plaintiff and any Claimant, where such communication occurred prior to the establishment of an attorney-client relationship between that person and the Plaintiff." Id. at *10. And, the Court also held that the defendants were entitled to depose the lead EEOC investigator. Id. at *4. Clearly, defendant-employers are entitled to information obtained during the EEOC's pre-suit investigation. It is unclear then, how

9

the EEOC can state that ACF is not entitled to conduct *any* discovery into its investigation such that it would be prejudiced if this Court does not strike the contested Affirmative Defenses.[5] If – and when – ACF propounds discovery requests that the EEOC finds objectionable, the EEOC is not without recourse. There is a proper procedure to follow to oppose and/or narrow the scope of said requests. Striking affirmative defenses at this early stage is not the proper way to handle such potential (and at this point, speculative) discovery issues.

## IV.    CONCLUSION

For the reasons stated herein, Defendant ACF respectfully requests that this Court deny the EEOC's Motion to Strike.

---

[5]    Further, the cases upon which the EEOC relies do not state that *no* access to the EEOC's pre-suit activities are discoverable. Rather, in all three cases, the EEOC had already provided certain information to the defendant and the defendant sought to depose EEOC employees, which – based on the specific facts of the cases and deposition notices – the respective courts did not allow. See EEOC v. Evans Fruit Co., 2012 U.S. Dist. LEXIS 17003, at *8 (E.D. Wash. Feb. 10, 2012) (the court made the distinction that "[i]t is not apparent that Defendant is seeking any 'discrete factual clarifications' of information contained in the investigative files provided to it by EEOC. Instead, the broad and wide-ranging categories of inquiry set forth in Defendant's 30(b)(6) deposition notice indicate Defendant is seeking EEOC's analysis of the information it obtained, its witness credibility evaluations, its evaluation of the evidence, personal opinions of EEOC representatives, and the decision-making process of the EEOC."); U.S. EEOC v. Pinal Cnty., 714 F. Supp. 2d 1073, 1075-76 (S.D. Cal. 2010) (where the EEOC was not a party and had already produced "hundreds of pages" in response to a subpoena, the court determined that the defendant sought only privileged information and had not shown that the intended deponent was the appropriate person to clarify factual information contained in the EEOC's file); EEOC v. Venator Grp., 2000 U.S. Dist. LEXIS 12153, at *3 (S.D.N.Y. July 10, 2000) (providing three reasons why the Rule 30(b)(6) deposition notice was improper: first, the defendant had not shown why the information provided up to that point by the EEOC concerning its deliberations was not sufficient; second, the defendant had not shown why depositions concerning conciliation efforts would yield additional evidence; and third, the issues would require deposing trial attorneys). Clearly, and contrary to the EEOC's assertion, even the courts upon whose decisions it relies, have not held that pre-suit discovery is off-limits.

10

ATLANTIC CAPES FISHERIES, INC.,


/s/ Stacie B. Collier
Stacie B. Collier (BBO #645172)
Jessica S. Jewell (BBO #679489)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
sbcollier@nixonpeabody.com
Dated: February 27, 2018                    jsjewell@nixonpeabody.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the NEF (NEF) and paper copies will

be sent to those indicated as non-registered participants on February 27, 2018.

/s/ Stacie B. Collier

11

4812-8726-6141.2