IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1:17-cv-11860 |
| Plaintiff, | |
| v. | **LEAVE TO FILE GRANTED ON March 12, 2018** |
| ATLANTIC CAPES FISHERIES, INC. and, BJ'S SERVICE CO., INC. | |
| Defendants. | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES OF DEFENDANT BJ'S SERVICE CO., INC.**

In its Opposition (Dkt. 49)[1] to Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") Motion to Strike Certain Affirmative Defenses, Defendant BJ's Service Co. ("BJ's") 1) misstates the legal standard for review of EEOC's conciliation efforts and disingenuously attempts to retract earlier concessions made by its counsel concerning the fact that pre-suit conciliation efforts were made; 2) repeatedly argues irrelevant facts, unsupported by any evidence, and beyond the scope of the pleadings; and 3) misconstrues the nature of EEOC's argument that it will suffer prejudice if BJ's legally unsupported affirmative defenses are permitted to stand.  Plaintiff submits this short reply brief to address these issues. For the reasons set forth below, and in EEOC's memorandum of law (Dkt. 45) in support of its motion (Dkt. 44), Plaintiff requests that its Motion to Strike Certain Affirmative Defenses of

---

[1]   Defendant's original response was filed on February 28, 2018 (Dkt. 47). Defendant later moved to withdraw its response, and related exhibits, because of the inclusion of confidential conciliation communications, the disclosure of which is prohibited by Title VII absent consent from all parties to the underlying charges, which Defendant had not obtained. *See* 42 U.S.C. § 2000e-5(b) ("Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.").

Defendant BJ's Service Co., Inc., be GRANTED.

### I. BJ's Has Conceded That EEOC Made Pre-Suit Conciliation Efforts, And That Admission Defeats BJ's Failure to Conciliate Affirmative Defenses.

BJ's argues that, because EEOC argued that BJ's motion to dismiss the Complaint for failure to engage in conciliation was "premature given the lack of a record," EEOC cannot now argue that BJ's conciliation-related affirmative defenses must be stricken without discovery. BJ's Br. (Dkt. 49) at 4. What BJ's ignores, however, is the record that has been created in the intervening time. This includes BJ's admission in its answer that it engaged in conciliation communications with EEOC (Dkt. 43 at 4), defense counsel's representations to the Court during the January 9, 2018 hearing on Defendant's motion to dismiss (Dkt. 45-2 at 7), and the Court's ruling on that motion, which found that defense "counsel agreed that there were pre-suit conciliation discussions." Dkt. 28 at 2. Given these admissions, and the Court's ruling, BJ's affirmative defenses relating to conciliation are legally insufficient and must fail as a matter of law. *See Mach Mining v. EEOC,* 135 S. Ct. 1645, 1656 (2015).

BJ's effort to recast its conciliation communications with EEOC as "simply post-Determination" conversations, letters and meetings, is without merit. *See* Dkt. 49 at 4 and n. 1&2. All communications between EEOC and the parties to the charge, all materials submitted by the parties to EEOC, and all meetings held with the parties that occur between the date that EEOC invites conciliation discussions and when EEOC decides to terminate conciliation discussions are conciliation efforts. *See* 42 U.S.C. § 2000e-5(b). As a practical matter, there can be no other purpose for post-determination communications between the Commission and an employer other than conciliation efforts because, at that point, the Commission's investigation has concluded and its determination is not reviewable. *EEOC v. Caterpillar, Inc.,* 409 F. 3d 831, 833 (7th Cir. 2005) (EEOC's probable cause finding is not judicially reviewable).

Similarly, the Court must reject BJ's assertion that, even if conciliation efforts were made, BJ's may press its affirmative defenses to the extent that EEOC did not "make a good faith effort" or that BJ's did not have sufficient notice of the claims. BJ's Br. (Dkt. 49) at 7-8. First, the Supreme Court explicitly rejected an application of the "good faith" standard to any review of EEOC's conciliation efforts. *Mach Mining,* 135 S. Ct. at 1653-55. Second, it is undisputed that BJ's was on notice of EEOC's conclusion that there was reasonable cause to conclude that BJ's had "subjected a class of female employees to a hostile work environment because of sex." Dkt. 49-1 at 3.[2] Thus, these arguments cannot serve to save BJ's first and twenty-third affirmative defenses from being stricken.

Finally, the fact that the Court suggested, at oral argument, that BJ's could seek a stay of this action if EEOC identifies new, previously unidentified transgressors in discovery does not make BJ's first and twenty-third affirmative defenses viable.[3] Because the only remedy for any failure by EEOC to satisfy its conciliation efforts is a stay so that the parties can undertake more conciliation, insufficient conciliation efforts cannot defeat EEOC's claims in subsequent litigation. *See Mach Mining,* 135 S. Ct. at 1656. As such, even if BJ's could prove facts demonstrating that EEOC had not provided sufficient notice, those facts would not defeat EEOC's claims or shield BJ's from liability, rendering BJ's conciliation-based affirmative defenses legally insufficient.

---

[2] For this reason, BJ's reliance on *EEOC v. ONLY Corp.,* 2015 U.S. Dist. LEXIS 71186, at *13-14 (D. Nev. June 1, 2015) is misplaced. The court there denied EEOC's motion to strike defendant's affirmative defense concerning administrative prerequisites because EEOC was seeking relief for a claimant who had been employed as a kitchen steward, not as table-games dealer as the other claimants identified in EEOC's notice had been employed. Here, EEOC seeks relief only for a class of similarly-aggrieved women who were sexually harassed at the ACF facility in Fall River, Massachusetts, and there is no dispute that the class defined in the Complaint is consistent with that described in the notice sent to BJ's in May 2017. *See* Dkt. 49-1.

[3] EEOC does not concede this position is correct. Consistent with the Letter of Determination, EEOC is alleging that Defendant created and maintained a hostile work environment based on sex; the focus of EEOC's lawsuit is not individual actors, it is the Defendants, who act through their agents. *See Vance v. Ball State Univ.,* 570 U.S. 421, 446-47 (2013). At any rate, the Court indicated that, even under this scenario, the likely outcome would be to simply order the parties to undertake additional conciliation efforts. *See* Tr. of Jan. 9, 2018 Hearing (Dkt. 49-3) at 15.

### II. Motions to Strike Present Questions of Pure Law, And BJ's Inclusion of Irrelevant and Unsupported Factual Statements Must Be Disregarded.

"A plaintiff may prevail on a Rule 12(f) motion where 'it clearly appears that the plaintiff would succeed despite any state of facts which could be proved in support of defense.'" *SEC v. Nothern,* 400 F. Supp. 2d 362, 364 (D. Mass. 2005). Thus, like motions made pursuant to Rule 12(b)(6), a court resolving a motion to strike affirmative defenses under Rule 12(f), "must accept the matters well pleaded as true and should not consider matters contained outside the pleadings." *Gilbert v. Eli Lilly Co., Inc.,* 56 F.R.D. 116, 121 (D. P.R. 1972).

Despite these well-established principles, BJ's repeatedly makes reference to facts beyond the scope of the pleadings throughout its Opposition to Plaintiff's Motion to Strike. Moreover, these facts are almost universally unsupported by factual evidence. These include statements about the relationship between each Defendant and the workers at ACF's Fall River, Massachusetts facility[4] and allegations about the pre-suit administrative investigation.[5] Because these factual allegations are unsupported and outside the scope of the pleadings, the Court should disregard them as part of its consideration of Plaintiff's motion to strike. *See Gilbert,* 56 F.R.D. at 121; *Oneida Indian Nation of New York v. New York,* 194 F. Supp. 2d 104, 117 (N.D.N.Y. 2002) ("In deciding a Rule 12(f) motion, a court must accept the matters well-pleaded as true and should not consider matters outside the pleadings.") (internal quotations omitted).

---

[4] *See* Dkt. 49 at 1-2 (describing the Charging Parties as "temporary workers" and asserting that Atlantic Capes Fisheries ("ACF") determined their pay and provided direct supervision to "ACF employees at the jobsite") and 5 (identifying an individual, Richard De Sousa, as an ACF employee and alleged harasser). Even when BJ's *does* cite facts alleged in the Complaint, it fails to cite the Complaint, making it nearly impossible for the reader to separate allegations properly before the Court on this motion and allegations that are nothing more than attorney proffer.

[5] *See, e.g.,* Dkt. 1-2 (indicating that the Charging Parties filed complaints with EEOC in the "fall/winter of 2016" and that EEOC concluded its investigation "[w]ithout interviewing any actual BJ's management or administrative personnel") and 5 (including facts in an administrative charge of discrimination filed by a worker not identified in EEOC's Complaint).

### III. EEOC Will Be Prejudiced by the Likely Protracted and Fruitless Discovery Motion Practice Defendant's Affirmative Defenses Will Create.

Finally, BJ's misconstrues EEOC's argument concerning prejudice as it relates to Defendant's anticipated efforts to depose EEOC investigators.  EEOC has not suggested that Defendants are not permitted to obtain written discovery related to the non-privileged portions of the investigative file.  Rather, EEOC argues that permitting Defendants to seek depositions of EEOC investigators about steps taken during investigation or conciliation would be prejudicial to Plaintiff because such discovery is irrelevant to this litigation.  This is not inconsistent with the ruling in *EEOC v. Texas Roadhouse, Inc.,* No. 11-cv-11732-DJC, 2014 WL 4471521, at *4 (D. Mass. Sept. 9, 2014), cited by Defendant, which held that the employer was entitled to narrow discovery about the contents of the administrative file, including deposition of the lead investigator about "omissions, items that need clarification, [and] illegible entries" to the extent those issues could not be resolved through written discovery.  Notably, in *Texas Roadhouse*, the Court granted EEOC's motion for a protective order in part, preventing the employer's efforts to depose additional EEOC staff who had been involved with the pre-suit investigation and to conduct a deposition of EEOC pursuant to Federal Rule of Civil Procedure 30(b)(6).  *Id.* at *3-*6 & n. 4.[6]  Indeed, the case cited by BJ's is a perfect example of the sort of needless discovery motion practice that EEOC seeks to avoid through its motion to strike BJ's legally unsupportable affirmative defenses.

### CONCLUSION

For the reasons stated herein, and in Plaintiff's Memorandum in Support of its Motion to Strike (Dkt. 45), Plaintiff's motion (Dkt. 44) should be granted.

---

[6] Moreover, the *Texas Roadhouse* decision was issued without the benefit of either *Mach Mining* or *EEOC v. Sterling Jewelers Inc.*, 801 F.3d 96 (2d Cir. 2015), both of which dramatically narrowed the scope of judicial review over EEOC's conciliation efforts and pre-suit investigation, respectively.

Respectfully submitted,

/s/ Sara Smolik
SARA SMOLIK (BBO#661341)
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3207 (telephone)
(617) 565-3196 (fax)
sara.smolik@eeoc.gov

ADELA SANTOS
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3696
adela.santos@eeoc.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 12, 2018 I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which then electronically notified all those registered as CM/ECF participants in this case.

/s/ *Sara Smolik*
Sara Smolik
