IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | CIVIL ACTION NO. 1:17-cv-11860 |
| Plaintiff, ) ) ) | |
| v. ) ) ) | |
| ATLANTIC CAPES FISHERIES, INC. and, BJ'S SERVICE CO., INC. ) ) ) | |
| Defendants. ) ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT ATLANTIC CAPES FISHERIES, INC. TO PRODUCE RESPONSIVE DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.1, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") hereby moves to compel Defendant Atlantic Capes Fisheries, Inc. ("ACF") to produce documents responsive to seven of EEOC's written document requests. In this lawsuit, EEOC alleges that Defendants created and maintained a hostile work environment, based on sex, at the ACF facility in Fall River, Massachusetts during the period from 2013 through the present. Compl. ¶ 19. EEOC alleges that ACF was on notice of sex harassment in its facility by 2013 and failed to take any action to correct it. Compl. ¶¶19(d)-(f). In addition, EEOC alleges that Defendant ACF retaliated against two women – Mirna Pacaja and Esdeyra Rosales – after they complained of unlawful sex discrimination by subjecting them to continued harassment and terminating their employment. Compl. ¶ 21.

Through discovery, EEOC seeks the personnel files of five employees in the ACF Fall River facility along with documents concerning complaints related to those five individuals.

1

These employees include: Hilcia Guarcas, an ACF worker who has made multiple complaints of sex harassment; Richard DeSousa, an ACF manager whom Ms. Guarcas accused of sex harassment and who received complaints of sex harassment from another worker; Eddy Gomez, an ACF employee to whom at least two women complained about sex harassment in the Fall River facility; Hilda Ortiz, a recently hired staff liaison working in the Fall River facility; and Monica Lara, an ACF worker who is reported to have received preferential working conditions after engaging in a personal relationship with Mr. DeSousa.

Specifically, EEOC's requests for this material and Defendant ACF's responses are set forth below:

> Request No. 5: All documents concerning, relating to, and/or referencing Hilcia Guarcas, including Ms. Guarcas's personnel file as that term is defined by M.G.L. c. 149 § 52C. This request includes, but is not limited to, documents relating to wages paid to Ms. Guarcas, documents relating to hours worked by Ms. Guarcas, documents relating to jobs and/or shifts assigned to Ms. Guarcas, documents relating to Ms. Guarcas's work performance, documents relating to any complaints made by Ms. Guarcas, documents relating to any complaints concerning Ms. Guarcas, and documents relating to any investigation undertaken by ACF of any complaint made by or against Ms. Guarcas.
>
> Response: ACF objects to this Request because it is overly broad, unduly burdensome and seeks irrelevant information that is not proportional to the needs of the case because it seeks documents that are wholly unrelated to Plaintiff's purported claims on behalf of Ms. Guarcas and her alleged damages. ACF further objects to this Request to the extent it seeks documents covered by the attorney-client privilege. ACF further objects to this Request to the extent it misrepresents the scope of M.G.L. c. 149 § 52C and because it seeks confidential information about Ms. Guarcas. Without waiving said objections, ACF produces certain personnel records, within the meaning of M.G.L c. 149 § 52C, as well as other documents regarding Ms. Guarcas, at Tab 1.[1] ACF is withholding documents based on its objections.

Exhibit 2 to the Declaration of Sara Smolik ("Smolik Decl."), filed herewith.

---

[1] In response, ACF produced notes of conversations between Ms. Guarcas and ACF's Human Resources manager regarding allegations of sex harassment.

Request No. 7: All documents concerning, relating to, and/or referencing Richard DeSousa, including Mr. DeSousa's personnel file as that term is defined by M.G.L. c. 149 § 52C. This request includes, but is not limited to, documents relating to wages paid to Mr. DeSousa, documents relating to hours worked by Mr. DeSousa, documents relating to jobs and/or shifts assigned to Mr. DeSousa, documents relating to Mr. DeSousa's work performance, documents relating to any complaints made by Mr. DeSousa, documents relating to any complaints concerning Mr. DeSousa, and documents relating to any investigation undertaken by ACF of any complaint made by or against Mr. DeSousa.

Response: ACF objects to this Request because it is overly broad, unduly burdensome and seeks irrelevant information that is not proportional to the needs of the case because it seeks documents that are wholly unrelated to Plaintiff's purported claims related to Mr. DeSousa. ACF further objects to this Request to the extent it seeks documents covered by the attorney-client privilege. ACF further objects to this Request to the extent it misrepresents the scope of M.G.L. c. 149 § 52C and because it seeks confidential information about Mr. DeSousa. Without waiving said objections, ACF produces certain personnel records, within the meaning of M.G.L c. 149 § 52C, as well as other documents regarding Mr. DeSousa, at Tab 1.[2] ACF is withholding documents based on its objections.

Smolik Decl., Exh. 2.

Request No. 8: All documents concerning, relating to and/or referencing Eddy Gomez, including Mr. Gomez's personnel file as that term is defined by M.G.L. c. 149 § 52C. This request includes, but is not limited to, documents relating to wages paid to Mr. Gomez, documents relating to hours worked by Mr. DeSousa, documents relating to jobs and/or shifts assigned to Mr. Gomez, documents relating to Mr. Gomez's work performance, documents relating to any complaints made by Mr. Gomez, documents relating to any complaints concerning Mr. Gomez, and documents relating to any investigation undertaken by ACF of any complaint made by, against, or through Mr. Gomez.

Response: ACF objects to this Request because it is overly broad, unduly burdensome and seeks irrelevant information that is not proportional to the needs of the case because it seeks documents that are wholly unrelated to Plaintiff's claims. ACF further objects to this Request to the extent it seeks documents covered by the attorney-client privilege. ACF further objects to this Request to the extent it misrepresents the scope of M.G.L. c. 149 § 52C and because it seeks confidential information about Mr. Gomez. ACF is withholding documents based on its objections.

Smolik Decl., Exh. 2

---

[2] In response, ACF produced notes of a conversation between Mr. DeSousa and ACF's Human Resources manager regarding an allegation of sex harassment against Mr. DeSousa.

Request No. 9: All documents concerning, relating to, and/or referencing Hilda Ortiz, including Ms. Ortiz's personnel file as that term is defined by M.G.L. c. 149 § 52C. This request includes, but is not limited to, documents relating to wages paid to Ms. Ortiz, documents relating to hours worked by Ms. Ortiz, documents relating to jobs and/or shifts assigned to Ms. Ortiz, documents relating to Ms. Ortiz's work performance, documents relating to any complaints made by Ms. Ortiz, documents relating to any complaints concerning Ms. Ortiz, and documents relating to any investigation undertaken by ACF of any complaint made by, against, or through Ms. Ortiz.

Response: ACF objects to this Request because it is overly broad, unduly burdensome and seeks irrelevant information that is not proportional to the needs of the case because it seeks documents that are wholly unrelated to Plaintiff's claims. ACF further objects to this Request to the extent it seeks documents covered by the attorney-client privilege. ACF further objects to this Request to the extent it misrepresents the scope of M.G.L. c. 149 § 52C and because it seeks confidential information about Ms. Ortiz. ACF is withholding documents based on its objections.

Smolik Decl., Exh. 2.

Request No. 10: All documents concerning, relating to, and/or referencing Monica Lara, including Ms. Lara's personnel file as that term is defined by M.G.L. c. 149 § 52C. This request includes, but is not limited to, documents relating to wages paid to Ms. Lara, documents relating to hours worked by Ms. Lara, documents relating to jobs and/or shifts assigned to Ms. Lara, documents relating to Ms. Lara's work performance, documents relating to any complaints made by Ms. Lara, documents relating to any complaints concerning Ms. Lara, and documents relating to any investigation undertaken by ACF of any complaint made by or against Ms. Lara.

Response: ACF objects to this Request because it is overly broad, unduly burdensome and seeks irrelevant information that is not proportional to the needs of the case because it seeks documents that are wholly unrelated to Plaintiff's claims. ACF further objects to this Request to the extent it seeks documents covered by the attorney-client privilege. ACF further objects to this Request to the extent it misrepresents the scope of M.G.L. c. 149 § 52C. Without waiving said objections, ACF produces personnel records, within the meaning of M.G.L. c. 149 § 52C, regarding Ms. Lara, at Tab 1.[3]

Smolik Decl., Exh. 2.

---

[3] In response, ACF produced a single document, ACF000182, a March 23, 2016 warning issued to Ms. Lara. Smolik Decl., ¶ 4. By letter dated March 20, 2018, ACF's counsel confirmed that Defendant was withholding Ms. Lara's personnel file based on its objection that the discovery sought is not relevant. Letter of Jessica Jewell, Mar. 20, 2018, attached to Smolik Decl. as Exhibit 5.

Thus far, ACF has refused to produce the personnel files and related materials for all five employees, objecting on the basis of overbreadth, burden, and relevance. ACF has indicated that it will produce some of the materials sought by EEOC pursuant to these requests for Guarcas, DeSousa, Gomez, and Ortiz, but only subject to a broad confidentiality stipulation that would effectively permit ACF to mark all discovery produced in this litigation as confidential. ACF has rejected the more tailored confidentiality stipulation proposed by EEOC and agreed to by Defendant BJ's Service Co., Inc. ("BJ's").

Additionally, EEOC seeks documents related to any policy or practice by ACF related to sex discrimination, sex harassment, and/or retaliation. Specifically, EEOC seeks:

> Request No. 11: Documents concerning, relating to and/or referencing any policy or practice adopted by ACF at any time concerning sex discrimination, sex harassment, and/or retaliation.
>
> Response: ACF objects to this Request because it is overly broad, unduly burdensome and seeks irrelevant information that is not proportional to the needs of the case because this Request is not limited in time or to ACF's Fall River facility. ACF further objects to this Request to the extent it seeks documents covered by the attorney-client privilege. ACF is withholding documents based on its objections. Subject to and without waiving its objection, see Tab 1 for responsive documents.

Smolik Decl., Exh. 2.

While ACF has produced some materials responsive to this request, it maintains that it need only produce documents related to such policies or practices at the Fall River, Mass. facility. EEOC takes the position that documents evincing policies or practices related to these topics for any ACF facility are relevant to ACF's corporate state of mind and to EEOC's request for punitive damages.

EEOC also seeks documents concerning all written or verbal warnings issued by ACF to workers in its Fall River facility at any time since 2013. Specifically, EEOC seeks:

> Request No. 16: Documents concerning all written or verbal warnings issued by ACF to any production worker at the ACF Fall River, Mass. facility.
>
> Response: ACF objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information and because the Request is not proportional to the needs of the case. ACF is withholding documents based on its objections. Subject to and without waiving its objections, see Tab 1.

Smolik Decl., Exh. 2.

ACF objects to this request on the basis of overbreadth, burden, and relevance. As discussed in more detail in EEOC's memorandum of law, filed herewith, these documents are relevant to the issue of ACF's status as an employer of the individuals who have worked in its Fall River facility since 2013 as BJ's referrals. These documents may also contain evidence relevant to EEOC's sex discrimination claim, including documents evincing other incidents of sex harassment. Moreover, this request includes documents related to warnings issued to Ms. Pacaja and Ms. Rosales prior to their complaints of sex harassment, documents that are plainly relevant to EEOC's claim that ACF retaliated against these women for their complaints for sex harassment by subjecting them to increased scrutiny, harassment, written warnings, and threats of termination after they engaged in protected activity.

Finally, EEOC seeks two documents identified on ACF's privilege log as protected from discovery by the attorney-client privilege: ACF PRIV 00067 and ACF PRIV 00092-94. *See* Smolik Decl., Exh. 6. Neither the authors nor the recipients of these documents are attorneys, and ACF has not demonstrated all elements satisfying the requirements of the attorney-client privilege with respect to these materials. Because these materials are not properly subject to the attorney-client privilege, and because ACF has identified them as responsive, ACF must be required to produce them.

For the reasons set forth herein, and in Plaintiff's accompanying memorandum of law, filed herewith, Plaintiff respectfully requests that this Court enter an ORDER requiring Defendant ACF to produce the following materials within seven (7) days of such Order:

(1) The complete personnel file of Hilcia Guarcas and all documents concerning any complaint made by or against Ms. Guarcas;

(2) The complete personnel file of Richard DeSousa and all documents concerning any complaint made by or against Mr. DeSousa;

(3) The complete personnel file of Eddy Gomez and all documents concerning any complaint made by, against or through Mr. Gomez;

(4) The complete personnel file of Hilda Ortiz and all documents concerning any complaint made by, against or through Ms. Ortiz;

(5) The complete personnel file of Monica Lara and all documents concerning any complaint made by or against Ms. Lara;

(6) Documents concerning, relating to and/or referencing any policy or practice adopted by ACF at any time concerning sex discrimination, sex harassment, and/or retaliation;

(7) Documents concerning all written or verbal warnings issued by ACF to any production worker at the ACF Fall River, Mass. facility;

(8) The document identified as ACF PRIV 000067 and any materials attached to that document, including, without limitation "20160103EddieGomez.docx"; and

(9) The document identified as ACF PRIV 000092-94 and any materials attached to that document.

Dated: April 19, 2018

Respectfully submitted,

/s/ Sara Smolik
SARA SMOLIK (BBO#661341)
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3207 (telephone)
(617) 565-3196 (fax)
sara.smolik@eeoc.gov

ADELA SANTOS
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3696
adela.santos@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2018 I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which then electronically notified all those registered as CM/ECF participants in this case.

/s/ *Sara Smolik*
Sara Smolik

## CERTIFICATE OF COMPLIANCE WITH L.R. 37.1

I hereby certify that Plaintiff has complied with the requirements of Local Rule 37.1 prior to filing this motion by conferring with counsel for Defendant ACF, on March 12, 2018 and again on April 3, 2018, in an effort to resolve the disputes that form the basis of this motion.

/s/ *Sara Smolik*
Sara Smolik

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

  I hereby certify that Plaintiff conferred with Defendant ACF on the subjects of this motion and attempted, in good faith, to resolve or narrow the issues presented herein.

                   /s/ *Sara Smolik*
                    Sara Smolik