# EXHIBIT 11

# SARA SMOLIK

| | |
|---|---|
| **From:** | Jewell, Jessica S. <jsjewell@nixonpeabody.com> |
| **Sent:** | Thursday, March 29, 2018 5:54 PM |
| **To:** | SARA SMOLIK |
| **Cc:** | Mastromauro, Matthew (mmastromauro@mhlattys.com); Nancy Serventi (nancyserventi@gmail.com) (nancyserventi@gmail.com); Collier, Stacie B; ADELA SANTOS; CHRISTOPHER COSTELLO (ccostello@mhlattys.com) |
| **Subject:** | RE: EEOC v. ACF & BJ's -- Draft Confidentiality Stipulation |

Sara,

Here are our comments:

- The stipulation should not be limited to just the discovery phrase and instead should be in effect through the conclusion of the litigation.  It does not make sense for documents to lose their confidential status at the conclusion of discovery such that they could be filed as exhibits in this litigation.

- In addition to the categories listed in the stipulation, we believe the additional categories should be added:

    o   Medical information
    o   Documentation related to medical leaves (FMLA, ADA or otherwise) or ADA accommodations
    o   Non-party personnel information and documents
    o   Financial information
    o   Proprietary information
    o   Information containing trade secrets
    o   Contracts/agreements with non-parties

    Additionally, there should be a provision allowing parties to mark documents as confidential that fall outside the scope of these enumerated categories without having to resort to amending the stipulation every time that happens.  I envision the possibility of one or more parties coming across a document in the course of discovery that does not fall into one of these categories but which is confidential and should be treated as such.  It would make sense for there to be an agreed upon mechanism to mark such documents as confidential.

- Paragraph 2

    o   There is a typo – "produces" should be changed to "produced"
    o   We cannot agree that the designating party needs to include a cover letter and specifically identify each piece of information that has been marked as confidential.  If the document contains any of the specifically mentioned categories, that is the information that is confidential.  If it does not contain information that is part of the scope of the confidentiality stipulation then the other party can object.  I don't think it is reasonable for the designating party to have to spend the time/resources drafting a letter that specifically lays out such information.

- Paragraph 4 – this provision is ambiguous.  What does it mean to "not treat the designated information as confidential outside of this litigation"?  This could be more narrowly defined so all parties are on the same page.

- Paragraph 9 – how would the EEOC use confidential information in other enforcement proceedings?  Before we could agree to such a provision we need a better understanding of what you mean here.  Further, were we to

1

agree to this provision, such documents should remain confidential for the life of this litigation and the other matter in which the documents are being used.

Please let me know if you want to discuss. I am happy to redline the stipulation you sent over for everyone's review if that would be easier.

Best,
Jessica

---

**From:** SARA SMOLIK [mailto:SARA.SMOLIK@EEOC.GOV]
**Sent:** Thursday, March 29, 2018 10:19 AM
**To:** Mastromauro, Matthew <mmastromauro@mhlattys.com>; Nancy Serventi <nancyserventi@gmail.com>; Jewell, Jessica S. <jsjewell@nixonpeabody.com>; Collier, Stacie B <SBCollier@nixonpeabody.com>
**Cc:** ADELA SANTOS <ADELA.SANTOS@EEOC.GOV>; CHRISTOPHER COSTELLO <ccostello@mhlattys.com>
**Subject:** RE: EEOC v. ACF & BJ's -- Draft Confidentiality Stipulation

Jessica,

Can you please let us know today where ACF is on the proposed confidentiality stipulation that was sent to you on March 20, 2018?

Thank you,

Sara

---

**From:** Mastromauro, Matthew [mailto:mmastromauro@mhlattys.com]
**Sent:** Wednesday, March 21, 2018 11:19 AM
**To:** SARA SMOLIK <SARA.SMOLIK@EEOC.GOV>; Nancy Serventi <nancyserventi@gmail.com>; Jewell, Jessica S. <jsjewell@nixonpeabody.com>; Collier, Stacie B <SBCollier@nixonpeabody.com>
**Cc:** ADELA SANTOS <ADELA.SANTOS@EEOC.GOV>; CHRISTOPHER COSTELLO <ccostello@mhlattys.com>
**Subject:** RE: EEOC v. ACF & BJ's -- Draft Confidentiality Stipulation

The Confidentiality Order is fine here.


**Matthew Mastromauro, Esquire**
**McDonough, Hacking & Lavoie, LLC**
Address: 27 Congress Street, Suite 404, Salem, MA 01970
Direct:  617-367-3823 | Tel: (617) 367-0808 | Fax:(617) 367-8307
mmastromauro@mhlattys.com | www.mhlattys.com

FIRM OFFICE LOCATIONS:
**BOSTON    |    SALEM    |    FALL RIVER**

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy

**From:** SARA SMOLIK [mailto:SARA.SMOLIK@EEOC.GOV]
**Sent:** Tuesday, March 20, 2018 10:16 AM
**To:** Mastromauro, Matthew; Nancy Serventi; Jewell, Jessica S.; Collier, Stacie B
**Cc:** ADELA SANTOS; CHRISTOPHER COSTELLO
**Subject:** EEOC v. ACF & BJ's -- Draft Confidentiality Stipulation

Matt and Jessica,

Attached please find a draft confidentiality stipulation for your review.  As you both have indicated, Defendants are currently withholding certain materials responsive to EEOC's January 31, 2018 discovery requests, and that Defendants are refusing to provide those materials without a confidentiality agreement.

Please review the attached and let me know if it satisfies your concerns.

Sara

_____

Sara Smolik
Senior Trial Attorney
Equal Employment Opportunity Commission
JFK Federal Bldg., Room 475
Boston, MA 02203
(617) 565-3207
sara.smolik@eeoc.gov