IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>-and- )<br>)<br>MARGARITA FUENTES, MIRNA PACAJA, )<br>and ESDEYRA ROSALES, )<br>Plaintiffs-in-Intervention )<br>)<br>v. )<br>)<br>ATLANTIC CAPES FISHERIES, INC. and, )<br>BJ'S SERVICE CO., INC. )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 1:17-cv-11860 |

**PLAINTIFF EEOC'S MOTION TO AMEND THE COMPLAINT AND
<u>INCORPORATED MEMORANDUM IN SUPPORT THEREOF</u>**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Equal Employment Opportunity Commission ("EEOC") hereby moves to amend its Complaint. Specifically, EEOC seeks amendment of Paragraph 19(j) of its Complaint to conform to the evidence gathered thus far in this litigation. (Dkt. 1 at 7-8). Presently, Paragraph 19(j) reads:

> Since at least May 2013, other female workers at Defendant ACF's Fall River, Massachusetts facility were subject to similar, unwanted harassment based on sex by male line supervisors and managers. This included unwanted touching (for example, unwanted caressing over their clothes and men pressing their bodies up against the women working on the line), repeated requests for sex and repeated lewd comments. In addition to the complaints to ACF managers and a BJ's supervisor, some of this harassment occurred in plain view of ACF supervisors, but neither Defendant took any action to remedy the harassment.

Compl., Dkt. 1 at 7-8. EEOC's proposed amendment would change the first sentence of Paragraph 19(j) to state the following:

1

> Since at least May 2013, other female workers at Defendant ACF's Fall River, Massachusetts facility were subject to similar, unwanted harassment based on sex by male line supervisors, managers and co-workers. This included unwanted touching (for example, unwanted caressing over their clothes and men pressing their bodies up against the women working on the line), repeated requests for sex and/or romantic relationships, and repeated lewd comments. In addition to the complaints to ACF managers and BJ's, some of this harassment occurred in plain view of ACF supervisors, but neither Defendant took any action to remedy the harassment.

Proposed Amended Complaint, attached hereto as <u>Exhibit 1</u>. The effect of this amendment would be to include women who were sexually harassed by individuals other than line supervisors into the class of similarly-aggrieved female workers. As set forth herein, EEOC respectfully requests that its motion be GRANTED.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) permits amendment of a complaint more than 21 days after service with leave of court. Fed. R. Civ. P. 15(a)(2). The rule instructs that "[t]he court should freely give leave when justice so requires." *Id; see also Foman v. Davis,* 371 U.S. 178, 182 (1962) (in the absence of "undue delay, bad faith, or dilatory motive on the part of the movement, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party … [or] futility of amendment," motions to amend should be granted).

When the proposed amendment is the result of information learned in discovery, there is no undue delay. *See Perry v. Rose,* C.A. No. 10-10769-JGD, 2012 WL 3903475, at *4 (D. Mass. Sept. 6, 2012) (granting motion to amend). Similarly, courts have generally held that, where the parties are still engaged in discovery, amendment of the complaint will not prejudice the opposing party. *Id.* Moreover, prior to the end of discovery and motions for summary judgment, a proposed amendment is "not deemed futile as long as the proposed amended complaint sets

2

forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Hatch v. Dep't for Children, Youth and Their Families,* 274 F.3d 12, 19 (1st Cir. 2001).

II. **ARGUMENT**

Because the scheduling order entered by the Court (Dkt. 80) does not include a deadline for amending the complaint, Rule 15(a)(2) governs the instant motion. *See U.S. ex rel. D'Agostino v. EV3, Inc.,* 802 F.3d 188, 194 (1st Cir. 2015) (where scheduling order contains no deadline, Rule 15's "freely given" standard – and not Rule 16's "good cause" standard – applies). The Court should grant EEOC's motion and permit amendment of the Complaint because the proposed amendment is not unduly delayed, will not prejudice Defendants, and will not be futile.

EEOC seeks to amend the complaint to include among the similarly-aggrieved female workers women who were sexually harassed by individuals other than line supervisors and managers. This amendment is based on information in documents produced by Defendant BJ's Service Co., Inc. ("BJ's") on May 16, 2018[1] and by Defendant Atlantic Capes Fisheries, Inc. ("ACF") on May 8, 2018.[2] Defendants' supplemental production of documents contained references to multiple complaints of sexual harassment made by women working in ACF's Fall River, Massachusetts facility about their co-workers. While one of these complaints post-dates the filing of this litigation, others should have been turned over during EEOC's pre-suit investigation,[3] and some were made during the period between EEOC's probable cause finding

---

[1] On that date, BJ's produced nearly 2,000 documents as part of its supplemental production of electronically stored information ("ESI").
[2] On that date, ACF produced approximately 1,500 documents as part of its supplemental production of ESI.
[3] On August 12, 2016, as part of its investigation of the underlying charges, EEOC asked ACF to produce "all documents pertaining to any complaint of sex, race, or national origin discrimination made by any of [ACF's] employees" since October 1, 2014. Letter from Lawrence Angelo to Stacie Collier, Aug. 12, 2016, attached hereto as <u>Exhibit 2</u>, at 2. ACF, represented by its current counsel, responded on September 29, 2016 with the assertion that

that the initiation of this lawsuit. Because this evidence was not produced until May of this year, the proposed amendment is not unduly delayed and EEOC's motion should be granted. *See Perry v. Rose,* 2012 WL 3903475, at *4 (granting motion where defendant possessed but did not produce relevant discovery precipitating amendment until well into litigation and after refusing to provide such evidence in response to pre-suit requests); *Tingley Sys., Inc. v. CSC Consulting, Inc.,* 152 F. Supp. 2d 95, 116 (D. Mass. 2001) ("fact that the moving party learned of the basis for its new allegations during discovery is a valid basis for delay in filing a motion to amend.").

Granting EEOC's motion will not result in any prejudice to either Defendant. The current fact discovery deadline is September 28, 2018 (Dkt. 80), which will provide the parties with adequate time to take any discovery related to the proposed amendment. Moreover, the proposed amendment does not alter the legal claims at issue in this litigation, specifically, that Defendants created, maintained, and failed to correct a hostile work environment based on sex, a topic that is already the focus of on-going discovery in this matter. *See Picker Intern., Inc. v. Leavitt,* 128 F.R.D. 3, 9 (D. Mass. 1989) (granting leave to amend complaint where the subject of the proposed amendment had already been the subject of discovery in the litigation). Without the proposed amendment, however, the women affected by this sex discrimination will not be eligible for inclusion in the class of similarly-aggrieved women identified in EEOC's initial Complaint and will not be entitled to relief if EEOC is successful in this litigation. As such, EEOC's motion should be granted.

---

"the only formal complaints which have been made are those which form the basis of the pending charges." Letter from Jessica Jewell to Lawrence Angelo, Sept. 29, 2016, attached hereto as <u>Exhibit 3</u>, at 4. Discovery has revealed that this was not an accurate statement; at the time, ACF had in its possession two March 2015 complaints of sex harassment against its employee, Eddy Gomez, and multiple complaints against another worker, Jeremias Reyes in July of 2016. ACF continued to receive sex harassment complaints from women working in its facility about other men throughout 2017.

Finally, EEOC's proposed amendment is not futile. "A proposed amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Tingley Sys.,* 152 F. Supp. 2d at 117. Here, the proposed amendment alleges that Defendants jointly employed the workers in ACF's Fall River facility and that women working there were subject to harassment based on sex, including unwanted touching, requests for sex and/or romantic relationships, and lewd comments about their bodies. Exh. 1, ¶¶ 9, 10 and 19(j). The proposed complaint further alleges that, during the relevant period, Defendant ACF had neither a policy prohibiting sex discrimination nor a protocol for reporting sex harassment. *Id.* at ¶ 19(k). The proposed complaint alleges that, although Defendant BJ's had a policy prohibiting sex harassment, it failed to provide that policy to workers or to train them on how to report harassment. *Id.* at ¶ 19(l). Finally, the proposed complaint alleges that Defendants deprived female workers in ACF's Fall River facility of equal employment opportunities and otherwise adversely affected their status as employees because of sex. *Id.* at ¶ 20. These facts, if proven, are sufficient to support a claim for hostile work environment based on sex. *See Billings v. Town of Grafton,* 515 F. 3d 39, 48 ("Of course, behavior like fondling, come-ons, and lewd remarks is often the stuff of hostile environment claims…"); *O'Rourke v. City of Providence,* 235 F.3d 713, 729 (1st Cir. 2001) ("Evidence of sexual remarks, innuendos, ridicule, and intimidation may be sufficient to support a jury verdict for a hostile work environment."); *Marrero v. Goya of Puerto Rico, Inc.,* 304 F.3d 7, 19 (evidence that harasser repeatedly made sexual innuendos about plaintiff's body and clothing was sufficient to demonstrate hostile work environment). As such, the proposed amendment is not futile, and EEOC's motion to amend should be granted. *See Brennan v. Ferreira,* 251 F. Supp. 3d 388, 341 (D. Mass. 2017) (if the factual allegations,

accepted as true, state a plausible claim to relief, the proposed amendment is not futile and should be granted).

## CONCLUSION

For the reasons set forth above, EEOC respectfully requests that the Court grant its motion and permit amendment of the complaint.

Dated:　　　June 20, 2018

        Respectfully submitted,

          /s/ Sara Smolik
        SARA SMOLIK (BBO#661341)
        Senior Trial Attorney

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Boston Area Office
        John F. Kennedy Federal Building
        Room 475
        Boston, MA 02203-0506
        (617) 565-3207 (telephone)
        (617) 565-3196 (fax)
        sara.smolik@eeoc.gov

        ADELA SANTOS
        Senior Trial Attorney

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, NY 10004-2112
        (212) 336-3696
        adela.santos@eeoc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2018, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which then electronically notified all those registered as CM/ECF participants in this case.

/s/ *Sara Smolik*
Sara Smolik

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

I hereby certify that Plaintiff conferred with Defendant on the subject of this motion and attempted, in good faith, to resolve or narrow the issues presented herein.

/s/ *Sara Smolik*
Sara Smolik