UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                     Plaintiff,

   -and-

MARGARITA FUENTES, MIRNA
PACAJA, and ESDEYRA ROSALES,

               Plaintiffs in Intervention

      v.

ATLANTIC CAPES FISHERIES, INC. and,
BJ'S SERVICE CO., INC.

             Defendants

C.A. No. 1:17-cv-11860-PBS

## ANSWER OF DEFENDANT ATLANTIC CAPES FISHERIES, INC. TO COMPLAINT IN INTERVENTION

Defendant Atlantic Capes Fisheries, Inc. ("ACF") hereby answers the Complaint in
Intervention of Margarita Fuentes ("Fuentes"), Mirna Pacaja ("Pacaja"), and Esdeyra Rosales
("Rosales," and collectively with Fuentes and Pacaja, "Plaintiffs") in this matter as follows:

### NATURE OF THE ACTION

This introductory paragraph describes Plaintiffs' lawsuit and does not require a
responsive pleading.  To the extent a responsive pleading is required, ACF denies Plaintiffs'
claims or that Plaintiffs have any right to any of the relief sought.

### JURISDICTION AND VENUE

1.      The allegations in Paragraph 1 state conclusions of law to which no responsive
pleading is required.  To the extent a responsive pleading is required, ACF admits that this Court

has jurisdiction over the types of claims listed, but neither admits nor denies that this Court has jurisdiction in this case.

2.       Admitted that Plaintiffs allege that unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Massachusetts, but denied that ACF committed any such unlawful practices, whether within the District of Massachusetts or elsewhere.

PARTIES

3.       Admitted.

4.       The allegations in Paragraph 4 state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, ACF admits that it is an employer engaged in an industry affecting commerce within the meaning of Title VII.

5.       The allegations contained in Paragraph 5 are directed to another party to this action and therefore no responsive pleading is required by ACF.  To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

6.       The allegations contained in Paragraph 6 are directed to another party to this action and therefore no responsive pleading is required by ACF.  To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

7.       The allegations contained in Paragraph 7 are directed to another party to this action and therefore no responsive pleading is required by ACF.  To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

8.   Denied that ACF was a joint employer of Plaintiffs.  ACF admits in part and denies in part (1) - (8).  Specifically, ACF (1) had the partial right, and at times exercised the right, to control when, where, and how Plaintiffs performed their work; (2) set the hours of work and the duration of Plaintiffs' job, with input from BJ's Service Co., Inc. ("BJ's"); (3) provided certain training necessary to perform Plaintiffs' work; (4) supervised Plaintiffs; (5) furnished Plaintiffs with certain tools, materials, and equipment necessary to perform the job; (6) established work rules governing Plaintiffs' working conditions; (7) required Plaintiffs to perform their work on premises operated by it; and (8) required Plaintiffs to perform work which was part of its regular business.

9.   The allegations contained in Paragraph 9 are directed to another party to this action and therefore no responsive pleading is required by ACF.  To the extent a responsive pleading is required, ACF admits that it contracted with BJ's to hire and employ Plaintiffs and upon information and belief BJ's fulfilled a number of responsibilities vis-à-vis Plaintiffs and that BJ's placed staff at ACF to facilitate human resources issues.  ACF lacks information or knowledge sufficient to admit or deny the remaining allegations contained in this paragraph.

<u>ADMINISTRATIVE PROCEDURES</u>

10.   Admitted.

11.   ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, except ACF admits that it received a letter of determination dated May 16, 2017 which speaks for itself.  To the extent allegations contained in Paragraph 11 are directed to another party to this action, no responsive pleading is required by ACF.  To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations pertaining to BJ's.

4822-3227-6075.2

12.     Admitted that the Equal Employment Opportunity Commission ("EEOC") and ACF engaged in communications during the conciliation process.  ACF lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

13.     ACF lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

14.     ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, except ACF admits that it received a letter from the EEOC on or about August 3, 2017, which speaks for itself.  To the extent allegations contained in Paragraph 14 are directed to another party to this action, no responsive pleading is required by ACF.  To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations pertaining to BJ's.

15.     Denied.

<u>STATEMENT OF CLAIMS</u>

16.     Admitted.

17.     Admitted.

18.     Denied.

    (a.) Denied.

    (b.) To the extent allegations contained in Paragraph 18(a) are directed to another party to this action, no responsive pleading is required by ACF. To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations pertaining to BJ's. Admitted that Rosales was assigned to ACF's Fall River facility, that she is a Spanish speaker and was assigned to the production line run by Fidel

Santos, who was a BJ's employee.  Denied as to the remaining allegations contained in this paragraph.

(c.) Admitted that Rosales was assigned to a different line (for legitimate business reasons).  Denied as to the remaining allegations contained in this paragraph.

(d.) Denied.

(e.) To the extent allegations contained in Paragraph 18(e) are directed to another party to this action, no responsive pleading is required by ACF.  To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations pertaining to BJ's.  Admitted that Fuentes was assigned to ACF's Fall River facility, that she is a Spanish speaker and was assigned to the production line run by Santos.  ACF lacks knowledge or information sufficient to admit or deny the allegations pertaining to an unidentified "manager."  Denied as to the remaining allegations contained in this paragraph.

(f.) ACF lacks knowledge or information sufficient to admit or deny the allegations pertaining to unidentified "managers."  Denied as to the remaining allegations contained in this paragraph.

(g.) To the extent certain allegations in this paragraph are directed towards another party to this action, no responsive pleading is required by ACF.  To the extent a responsive pleading to those are allegations are required, ACF lacks knowledge or information sufficient to admit or deny what

Fuentes told a BJ's employee.  Denied that Santos engaged in the alleged conduct contained in this paragraph.

(h.) Admitted that Pacaja is a Spanish speaker and that she was assigned to ACF's Fall River facility.  To the extent allegations contained in Paragraph 18(h) are directed to another party to this action, no responsive pleading is required by ACF.  To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations pertaining to BJ's.  Admitted that Pacaja was assigned to the production line run by Santos.  Denied as to the remaining allegations contained in this paragraph.

(i.) Admitted that line supervisors oversee workers' day-to-day work and inform ACF managers about the number of workers needed each day. Denied that ACF employed Santos.  Denied as to the remaining allegations contained in this paragraph.

(j.) Denied.

(k.) Admitted that ACF's head of human resources did not speak/understood Spanish; however, answering further, ACF employed management and other personnel with whom human resources worked who did speak, understand, and translate Spanish as requested by employees or supervisors during all relevant times.  Denied as to the remaining allegations contained in this paragraph.

(l.) To the extent the allegations in this paragraph are directed towards another party to this action, no responsive pleading is required by ACF.  To the

6

extent a responsive pleading is required, ACF lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

19.     Denied.

20.     Denied.

(a.) Admitted that Pacaja and Rosales met with ACF's human resources and another individual who speaks English and Spanish, and complained about certain conduct they had alleged to have experienced at ACF.  Denied as to the remaining allegations contained in this paragraph.

(b.) Admitted that Pacaja and Rosales, among other ACF workers, received warnings during this time period, but denied that ACF solicited complaints about them.  Admitted, upon information and belief, that this was the first written warning ACF delivered to Rosales.

(c.) ACF lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.  Answering further, ACF admits learning that they had filed charges with Plaintiff in February 2016.

(d.) Admitted that ACF issued warnings to Pacaja and Rosales regarding their bullying of co-workers.

(e.) Denied that ACF informed Pacaja and Rosales that they were being terminated.  ACF lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

(f.) To the extent the allegations contained in this paragraph are directed to another party to this action, no responsive pleading is required by ACF.

> To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

> (g.) Admitted that Pacaja and Rosales were reinstated, with back pay, to ACF in July 2016.  Admitted that they brought forward complaints to ACF, but denied that they were subjected to any harassment.

21. Denied.

22. ACF denies engaging in any unlawful employment practices.

23. Denied.

## CAUSES OF ACTION

### Count 1 – Violation of Title VII

24. ACF repeats and incorporates by reference its answers to Paragraphs 1-23 of the Complaint.

25. Denied.

### Count 2 – Violation of Chapter 151B

26.  ACF repeats and incorporates by reference its answers to Paragraphs 1-25 of the Complaint.

27. Denied.

### PRAYER FOR RELIEF

ACF denies that Plaintiffs are entitled to any of the requests for relief, including all subparts.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.      Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of unclean hands, waiver and/or estoppel.

3.      To the extent ACF acted as alleged herein, its conduct was in good faith, justified, privileged and taken for legitimate business reasons.

4.      Plaintiffs' conduct was the proximate cause of any damages they sustained.

5.      Plaintiffs' Complaint is barred in whole or in part, by the applicable statutes of limitations.

6.      Plaintiffs' claims are barred, in whole or in part because they are beyond the scope of any administrative charge or the EEOC's investigation thereof, were not subject to administrative, investigation, or conciliation processes, and/or were not included in any investigation and/or determination by the EEOC.

7.      Plaintiffs' claims are barred, in whole or in part, by their failure to satisfy all conditions precedent to the institution of this action and/or their failure to exhaust administrative remedies.

8.      Plaintiffs' claims for damages are barred, in whole or in part, to the extent Plaintiffs did not mitigate their damages in a timely manner or with diligence, and their damages, if any, should be barred or reduced accordingly.

9.      Defendants maintained policies against harassment.  Plaintiffs unreasonably failed to utilize the complaint procedure in the policy or to otherwise prevent the harm about which Plaintiffs now complain in this lawsuit.

10.     Plaintiffs cannot establish that there is any causation between any alleged protected conduct taken by Plaintiffs and any adverse employment action.

11.     Plaintiffs have failed to plead, and cannot prove, that ACF engaged in wanton, willful, or reckless conduct sufficient to support an award of punitive damages.

12.     ACF took prompt and appropriate remedial action upon learning of alleged sexual harassment by Plaintiffs.

13.     Plaintiffs cannot establish that Santos is a supervisor within the meaning of the law.

14.     Plaintiffs have not suffered any damages.

15.     Plaintiffs fail to state facts sufficient to establish that Defendants are joint employers of each other or that ACF employed Plaintiffs or Santos.

16.     ACF reserves the right to allege other affirmative defenses or general defenses as they may become known in the course of discovery.

WHEREFORE, ACF respectfully requests that the Court:

1.     Dismiss the Complaint against it with prejudice;

2.     Enter judgment in its favor against Plaintiffs on all counts;

3.     Award ACF its costs and reasonable attorneys' fees incurred in defending this action; and

4.     Award ACF such other and further relief as the Court may deem just and appropriate.

ATLANTIC CAPES FISHERIES, INC.,

/s/ Stacie B. Collier
Stacie B. Collier (BBO #645172)
Jessica S. Jewell (BBO #679489)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
sbcollier@nixonpeabody.com
Dated: June 22, 2018                          jsjewell@nixonpeabody.com

11

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the NEF (NEF) and paper copies will

be sent to those indicated as non-registered participants on June 22, 2018.

/s/ Stacie B. Collier