IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br><br>and )<br><br>MARGARITA FUENTES, MIRNA PACAJA, and ESDEYRA ROSALES )<br>    Plaintiffs-in-Intervention )<br><br>    Plaintiff )<br><br>    v. )<br><br>ATLANTIC CAPES FISHERIES, INC. and, BJ'S SERVICE CO., INC. )<br><br>    Defendants. ) | CIVIL ACTION NO. 17CV11860 |

## ANSWER OF DEFENDANT ATLANTIC CAPES FISHERIES, INC.

Defendant Atlantic Capes Fisheries, Inc. ("ACF") hereby answers the Amended Complaint of Plaintiff Equal Employment Opportunity Commission ("Plaintiff") in this matter as follows:

### NATURE OF THE ACTION

This introductory paragraph describes Plaintiff's lawsuit and does not require a responsive pleading. To the extent a responsive pleading is required, ACF denies that it violated any rights of Margarita Fuentes, Mirna Pacaja, Esderya Rosales ("Plaintiffs-In-Intervention") or any allegedly similarly aggrieved female workers, under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII").

## JURISDICTION AND VENUE

1.  The allegations in Paragraph 1 state conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, ACF admits that this Court has jurisdiction over the types of claims listed, but neither admits nor denies that this Court has jurisdiction in this case.

2.  Admitted that Plaintiff alleges that unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Massachusetts, but denied that ACF committed any such unlawful practices, whether within the District of Massachusetts or elsewhere.

## PARTIES

3.  Admitted that Plaintiff is a governmental agency of the United States of America and that it has been granted statutory authority to enforce Title VII, but denied that Plaintiff is authorized to bring this action and pursue it in the manner in which it is being pursued.

4.  Admitted.

5.  The allegations in Paragraph 5 state conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, ACF admits that it is an employer engaged in an industry affecting commerce within the meaning of Title VII.

6.  The allegations contained in Paragraph 6 are directed to another party to this action and therefore no responsive pleading is required by ACF. To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

7.  The allegations contained in Paragraph 7 are directed to another party to this action and therefore no responsive pleading is required by ACF. To the extent a responsive pleading is

required, ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

8.      The allegations contained in Paragraph 8 are directed to another party to this action and therefore no responsive pleading is required by ACF. To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

9.      Denied that ACF was a joint employer of Plaintiffs-In-Intervention, or an unidentified class of allegedly similarly aggrieved women. ACF admits in part and denies in part (1) - (8). Specifically, ACF (1) had the partial right, and at times exercised the right, to control when, where, and how Plaintiffs-In-Intervention performed their work; (2) set the hours of work and the duration of Plaintiffs-In-Intervention's job, with input from BJ's Service Co., Inc. ("BJ's"); (3) provided certain training necessary to perform Plaintiffs-In-Intervention's work; (4) supervised Plaintiffs-In-Intervention; (5) furnished Plaintiffs-In-Intervention with certain tools, materials, and equipment necessary to perform the job; (6) established work rules governing Plaintiffs-In-Intervention's working conditions; (7) required Plaintiffs-In-Intervention to perform their work on premises operated by it; and (8) required Plaintiffs-In-Intervention to perform work which was part of its regular business. ACF cannot speak to its practices with respect to unnamed allegedly similarly aggrieved women.

10. The allegations contained in Paragraph 10 are directed to another party to this action and therefore no responsive pleading is required by ACF. To the extent a responsive pleading is required, ACF admits that it contracted with BJ's to hire and employ Plaintiffs-In-Intervention and upon information and belief BJ's fulfilled a number of responsibilities vis-à-vis Plaintiffs-In-Intervention and that BJ's placed staff at ACF to facilitate human resources issues. ACF lacks

information or knowledge sufficient to admit or deny the remaining allegations contained in this paragraph.

## ADMINISTRATIVE PROCEDURES

11. Admitted.

12. ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, except ACF admits that it received a letter of determination dated May 16, 2017 which speaks for itself. To the extent allegations contained in Paragraph 12 are directed to another party to this action, no responsive pleading is required by ACF. To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations pertaining to BJ's.

13. Admitted that Plaintiff and ACF engaged in communications during the conciliation process. ACF lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

14. ACF lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

15. ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, except ACF admits that it received a letter from Plaintiff on or about August 3, 2017, which speaks for itself. To the extent allegations contained in Paragraph 12 are directed to another party to this action, no responsive pleading is required by ACF. To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations pertaining to BJ's.

16. Denied.

## STATEMENT OF CLAIMS

17. Admitted.

18. Admitted.

19. Denied.

    (a.) Denied.

    (b.) ACF lacks knowledge or information sufficient to admit or deny when BJ's hired Rosales. Admitted that Rosales was assigned to ACF's Fall River facility, that she is a Spanish speaker and was assigned to the production line run by Fidel Santos, who was a BJ's employee. Denied as to the remaining allegations contained in this paragraph.

    (c.) Admitted that Rosales was assigned to a different line (for legitimate business reasons). Denied as to the remaining allegations contained in this paragraph.

    (d.) Denied.

    (e.) ACF lacks knowledge or information sufficient to admit or deny when BJ's hired Fuentes. Admitted that Fuentes was assigned to ACF's Fall River facility, that she is a Spanish speaker and was assigned to the production line run by Santos. ACF lacks knowledge or information sufficient to admit or deny the allegations pertaining to an unidentified "manager." Denied as to the remaining allegations contained in this paragraph.

4833-6821-2336.1

(f.) ACF lacks knowledge or information sufficient to admit or deny the allegations pertaining to unidentified "managers." Denied as to the remaining allegations contained in this paragraph.

(g.) To the extent certain allegations in this paragraph are directed towards another party to this action, no responsive pleading is required by ACF. To the extent a responsive pleading to those are allegations are required, ACF lacks knowledge or information sufficient to admit or deny what Fuentes told a BJ's employee. Denied that Santos engaged in the alleged conduct contained in this paragraph.

(h.) Admitted that Pacaja is a Spanish speaker and that she was assigned to ACF's Fall River facility. ACF lacks knowledge or information sufficient to admit or deny when BJ's hired Pacaja. Admitted that Pacaja was assigned to the production line run by Santos. Denied as to the remaining allegations contained in this paragraph.

(i.) Admitted that line supervisors oversee workers' day-to-day work and inform ACF managers about the number of workers needed each day. Denied that ACF employed Santos. Denied as to the remaining allegations contained in this paragraph.

(j.) Denied.

(k.) Admitted that ACF's head of human resources did not speak/understood Spanish; however, answering further, ACF employed management and other personnel with whom human resources worked who did speak, understand, and translate Spanish as requested by employees or

6

       supervisors during all relevant times. Denied as to the remaining allegations contained in this paragraph, including Plaintiff's allegation that ACF did not have a policy prohibiting sex discrimination or that it did not have practice or protocol in place for reporting sex harassment.

    (l.) To the extent the allegations in this paragraph are directed towards another party to this action, no responsive pleading is required by ACF. To the extent a responsive pleading is required, ACF lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

20. Denied.

21. Denied.

    (a.) Admitted that Pacaja and Rosales met with ACF's human resources and another individual who speaks English and Spanish, and complained about certain conduct they had alleged to have experienced at ACF. Denied as to the remaining allegations contained in this paragraph.

    (b.) Admitted that Pacaja and Rosales, among other ACF workers, received warnings during this time period, but denied that ACF solicited complaints about them. Admitted, upon information and belief, that this was the first written warning ACF delivered to Rosales.

    (c.) ACF lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph. Answering further, ACF admits learning that they had filed charges with Plaintiff in February 2016.

    (d.) Admitted that ACF issued warnings to Pacaja and Rosales regarding their bullying of co-workers.

    (e.) ACF lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

    (f.) To the extent the allegations contained in this paragraph are directed to another party to this action, no responsive pleading is required by ACF. To the extent a responsive pleading is required, ACF lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

    (g.) Admitted that Pacaja and Rosales were reinstated, with back pay, to ACF in July 2016. Admitted that they brought forward complaints to ACF, but denied that they were subjected to any harassment.

22. Denied.

23. ACF denies engaging in any unlawful employment practices.

24. Denied.

<u>PRAYER FOR RELIEF</u>

ACF denies that Plaintiff, Plaintiffs-In-Intervention or any allegedly similarly aggrieved individuals are entitled to any of the requests for relief, including all subparts.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1.     Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands, waiver and/or estoppel.

4833-6821-2336.1

3. To the extent ACF acted as alleged herein, its conduct was in good faith, justified, privileged and taken for legitimate business reasons.

4. The Plaintiffs-In-Intervention's conduct was the proximate cause of any damages they sustained.

5. Plaintiff's claims on behalf of allegedly similarly aggrieved individuals who failed to exhaust their administrative remedies are barred.

6. Plaintiff's Amended Complaint is barred in whole or in part, by the applicable statutes of limitations.

7. Plaintiff's claims on behalf of allegedly similarly aggrieved women are barred, in whole or in part, because they are beyond the scope of any administrative charge or Plaintiff's investigation thereof, were not subject to administrative, investigation, or conciliation processes, and/or were not included in any investigation and/or determination by Plaintiff.

8. Plaintiff's claims are barred, in whole or in part, by its failure to satisfy all conditions precedent to the institution of this action and/or its failure to exhaust administrative remedies, including Plaintiff's obligations to identify purported class members, investigate, make a cause determination, and/or conciliate in good faith regarding the claims asserted prior to filing this action.

9. Plaintiff's claims for damages on behalf of individuals, are barred, in whole or in part, to the extent individuals did not mitigate their damages in a timely manner or with diligence, and their damages, if any, should be barred or reduced accordingly.

10. To the extent that any or all allegedly injured individuals on whose behalf Plaintiff seeks relief have brought claims in another forum, such allegedly injured individuals cannot recover multiple times for the same alleged injuries.

11.     Defendants maintained policies against harassment.  Plaintiffs-In-Intervention and allegedly similarly aggrieved women unreasonably failed to utilize the complaint procedure in the policy or to otherwise prevent the harm about which Plaintiff now complains in this lawsuit.

12.     Plaintiff cannot establish that there is any causation between any alleged protected conduct taken by Plaintiffs-In-Intervention and any adverse employment action.

13.     Plaintiff has failed to plead, and cannot prove, that ACF engaged in wanton, willful, or reckless conduct sufficient to support an award of punitive damages.

14.     ACF took prompt and appropriate remedial action upon learning of alleged sexual harassment by Plaintiffs-In-Intervention and any similarly aggrieved women.

15.     Plaintiff cannot establish that ACF knew or should have known about any alleged sexual harassment by unidentified allegedly similarly aggrieved women.

16.     Plaintiff cannot establish that Santos or other alleged harassers are supervisors within the meaning of the law.

17.     Plaintiffs-In-Intervention and similarly aggrieved women have not suffered any damages.

18.     Plaintiff fails to state facts sufficient to establish that Defendants are joint employers of each other or that ACF employed Plaintiffs-In-Intervention, Santos, or other similarly aggrieved women or alleged harassers.

19.     ACF reserves the right to allege other affirmative defenses or general defenses as they may become known in the course of discovery.

WHEREFORE, ACF respectfully requests that the Court:

1.      Dismiss the Amended Complaint against it with prejudice;

2.      Enter judgment in its favor against Plaintiff on all counts;

3.      Award ACF its costs and reasonable attorneys' fees incurred in defending this action; and

4.      Award ACF such other and further relief as the Court may deem just and appropriate.

|  |  |
|---|---|
|  | ATLANTIC CAPES FISHERIES, INC., |
|  | /s/ Stacie B. Collier<br>Stacie B. Collier (BBO #645172)<br>Jessica S. Jewell (BBO #679489)<br>NIXON PEABODY LLP<br>100 Summer Street<br>Boston, MA 02110<br>Telephone: (617) 345-1000<br>Facsimile: (617) 345-1300<br>sbcollier@nixonpeabody.com |
| Dated: August 23, 2018 | jsjewell@nixonpeabody.com |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on August 23, 2018.

/s/ Stacie B. Collier

11

4833-6821-2336.1