IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,     )<br><br>    Plaintiff,     )<br><br>and     )<br><br>MARGARITA FUENTES, MIRNA PACAJA, and ESDEYRA ROSALES,     )<br><br>    Plaintiffs-in-Intervention     )<br><br>v.     )<br><br>ATLANTIC CAPES FISHERIES, INC. and, BJ'S SERVICE CO., INC.     )<br><br>    Defendants.     ) | CIVIL ACTION NO. 1:17-cv-11860 |

## CONSENT DECREE

This action was filed on September 27, 2017 by Plaintiff United States Equal

Employment Opportunity Commission ("EEOC" or "the Commission"), an agency of the United

States Government, to correct alleged employment practices made unlawful by Title VII of the

Civil Rights Act of 1964, as amended ("Title VII"), and to provide appropriate relief to

employees who were harmed by such alleged practices.  Specifically, EEOC alleged that

Defendants Atlantic Capes Fisheries, Inc. ("ACF") and BJ's Service Co., Inc. ("BJ's) subjected

Margarita Fuentes, Mirna Pacaja, Esdeyra Rosales, and a class of similarly aggrieved female

workers in ACF's Fall River, Massachusetts facility to sex discrimination by creating,

maintaining, and failing to remedy a hostile work environment based on sex, female.  In

addition, EEOC alleged that ACF retaliated against Pacaja and Rosales by subjecting them to

continued harassment and termination because of their complaints of unlawful sex

discrimination.  EEOC further alleged that BJ's retaliated against Pacaja and Rosales by refusing to refer them for suitable, subsequent employment because of their complaints of unlawful sex discrimination.  On June 1, 2018, Fuentes, Pacaja and Rosales filed an intervening complaint against Defendants alleging sex discrimination and retaliation under Title VII and related claims under Mass. Gen. L. Chapter 151B § 4.

The parties desire to settle this action, and stipulate to the entry of this Decree as final and binding between them; ACF's parent organizations, officers, directors, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates, and any other corporation, unit or entity with which ACF may merge or consolidate; and BJ's parent organizations, officers, directors, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates, and any other corporation, unit or entity with which BJ's may merge or consolidate.

The parties agree that this Consent Decree ("Decree") may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.  This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations in the Complaints.  Nothing contained in this Decree shall be construed as an admission of liability on the part of either ACF or BJ's, which have both denied the allegations made by EEOC and the Intervenor-Plaintiffs.  In consideration of the mutual promises and agreements contained in this Consent Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## A. GENERAL PROVISIONS

1.     This Decree is final and binding between the parties and resolves all claims in EEOC's Complaint and Amended Complaint in this case and the underlying EEOC Charges,

namely EEOC Charge Nos. 523-2016-00425; 523-2016-00428; 523-2016-00419; 520-2017-00429; 523-2016-00423; 520-2017-00448; 523-2016-00429; 523-2017-00098; 523-2016-00430; 523-2017-00103 and 523-2016-00431.  This Decree does not resolve any charge of discrimination currently pending before EEOC, or any charge that may be filed in the future, other than the charges listed above.  EEOC reserves all rights to proceed regarding matters not covered in this Decree.

2.      The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3.      The Court will retain jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree.

4.      No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon breach of any term of this Decree.  Breach of any term of this Decree shall be deemed to be a substantive breach of this Decree.  The Court will retain jurisdiction over any such enforcement proceeding during the duration of the Consent Decree.  Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree in the event that either Defendant fails to perform any of the promises or representations herein.

**B. INJUNCTION**

5.      The provisions of this Consent Decree applicable to ACF shall include all ACF's officers, managers, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates and any other corporation or other entity into which ACF may merge, or consolidate or otherwise

3

become affiliated with.

6.     The provisions of this Consent Decree applicable to BJ's shall include all BJ's officers, managers, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates and any other corporation or other entity into which BJ's may merge, or consolidate or otherwise become affiliated with, including, without limitation, Roberts Joseph Staffing, Inc., and any other staffing agency owned or operated, in whole or in part, by Jose DaSilva during the duration of this Decree.

7.     ACF is enjoined from creating or maintaining a hostile work environment on the basis of sex.

8.     ACF is enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII. ACF shall not retaliate against a person because such person brings an internal complaint of discrimination with ACF; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with investigating employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII. ACF shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall ACF retaliate against any such persons identified as a witness or possible witness of discrimination in future investigations or proceedings.

9.     BJ's is enjoined from creating or maintaining a hostile work environment on the basis of sex.

10.     BJ's is enjoined from engaging in reprisal or retaliation of any kind against any

person because of such person's opposition to any practice made unlawful under Title VII. BJ's shall not retaliate against a person because such person brings an internal complaint of discrimination with BJ's; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with investigating employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII. BJ's shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall BJ's retaliate against any such persons identified as a witness or possible witness of discrimination in future investigations or proceedings.

### C. NOTICES AND POSTINGS

11.   Within five (5) business days after the Effective Date of this Decree, ACF shall post in its Fall River, Massachusetts facility, in a conspicuous place frequented by employees, an eleven (11) inches by fourteen (14) inches laminated copy of the Notice of Lawsuit and Settlement ("Notice") attached as Attachment A to this Decree. The Notice shall be written in English and Spanish. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, ACF will replace it with a clean copy. ACF shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted, including identifying the locations where the Notice has been posted. ACF shall provide recertification in each of the Annual Reports required under the Reporting provisions of this Decree.

12.   Within five (5) business days after the Effective Date of this Decree, BJ's shall post at its main office, in a conspicuous place frequented by employees and labor referrals, an

eleven (11) inches by fourteen (14) inches laminated copy of the Notice of Lawsuit and

Settlement ("Notice") attached as <u>Attachment B</u> to this Decree. The Notice shall be written in

English and Spanish.  The Notice shall remain posted for the duration of this Decree.  If the

Notice becomes defaced or illegible, BJ's will replace it with a clean copy.  Within five (5)

business days after the Effective Date of this Decree, BJ's shall mail a copy of the Notice to all

labor referrals employed by BJ's as of that date.  BJ's shall certify to the Commission, in writing,

within ten (10) days of entry of this Decree that the Notice has been properly posted and mailed,

including identifying the locations where the Notice has been posted and providing a list of the

individuals to whom the notice has been mailed.  BJ's shall provide recertification in each of the

Annual Reports required under the Reporting provisions of this Decree.

**D. POLICIES AND PROCEDURES**

13.     Defendants shall create and implement policies that explain, define, and prohibit

discrimination in the terms and conditions of employment including but not limited to hiring,

firing, and promoting employees, harassment on the basis of sex, and retaliation.  These policies

shall be drafted in plain and simple language in English and in Spanish.  Defendants shall ensure

that their respective policies against discrimination, harassment, and retaliation and related

complaint procedures meet the following minimum criteria:

      a.  state that the company: (i) prohibits discrimination against employees on the basis

of sex; (ii) prohibits retaliation against employees for opposing employment

practices they believe are discriminatory or for participating in any investigation,

whether internal or external, of a charge or claim of sex discrimination; (iii)

prohibits any act, policy, or practice that has the effect of creating, facilitating, or

permitting the existence of a work environment that is hostile to employees

6

through acts such as, but not limited to, physical or verbal abuse or derogatory comments based on sex;

b.  include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy against discrimination, harassment, and retaliation, which shall meet the following minimum criteria: (i) provide multiple effective mechanisms for reporting incidents of discrimination, harassment, and retaliation; (ii) provide that complaints of discrimination, harassment, or retaliation can be made either in writing or orally; (iii) identify employees to whom a complaint can be made; (iv) include a reporting procedure for employees to report claims of discrimination, harassment, or retaliation anonymously; (v) provide that making complaints to the person who is allegedly perpetrating the discrimination, harassment or retaliation is not required under any circumstances; (vi) encourage prompt reporting; and (vii) provide assurance that complainants shall not be subjected to retaliation and that complaints will be kept confidential to the extent practicable under the circumstances;

c.  provide for prompt investigation of complaints of harassment and retaliation;

d.  provide for prompt communication to the complaining party, except in the case of anonymous complaints, of the results of the investigation and any remedial actions taken;

e.  provide for discipline up to and including discharge of anyone who violates the company's policy against discrimination, harassment, and retaliation;

f.  provide that all supervisors and managers, of whatever rank, have a duty to report any and all observations or complaints of potential or alleged discrimination,

harassment, or retaliation directly to designated human resources personnel, as well as a duty to assist human resources personnel and the company in documenting these reports, and that failure to carry out these duties is grounds for disciplinary action, up to and including immediate discharge.

14.     Within twenty (20) days of the entry of this Decree, ACF shall provide EEOC with a copy of the policy described in Paragraph 13, above, for review.  Within thirty (30) days of the entry of this Decree, ACF shall distribute to all its employees and any individual working in the company's Fall River, Massachusetts facility a copy of the policy prohibiting discrimination, harassment and retaliation described in Paragraph 13, above, which the recipients shall be advised they are permitted to keep and take home with them.  ACF shall distribute a copy of its policy prohibiting discrimination, harassment and retaliation to each subsequently hired temporary or permanent employee at the time of hire or assignment to its facility (whichever is applicable) and shall advise each such recipient that they are permitted to keep and take home with them the distributed copy.

15.     Within twenty (20) days of the entry of this Decree, BJ's shall provide EEOC with a copy of the policy described in Paragraph 13, above, for review.  Within thirty (30) days of the entry of this Decree, BJ's shall distribute to all its employees and labor referrals a copy of the policy prohibiting discrimination, harassment and retaliation described in Paragraph 13, above, which the recipients shall be advised they are permitted to keep and take home with them. BJ's shall distribute a copy of its policy prohibiting discrimination, harassment and retaliation to each subsequently hired employee at the time of hire and to each subsequently hired labor referral at the time of placement, and shall advise each such recipient that they are permitted to keep and take home with them the distributed copy.  In addition to providing a copy of this

policy, prior to placing or referring any labor referral for employment, BJ's shall ensure that the individual labor referral has an opportunity to ask questions about the policy of a knowledgeable BJ's employee who is qualified to answer those questions.

16.     During the course of conducting any investigation of any potential or alleged sex discrimination (including but not limited to sexual harassment) or retaliation, each Defendant shall determine whether any past recorded complaints of sex discrimination or retaliation were made involving, or past investigations of sex discrimination or retaliation were conducted involving, the same individual(s) alleged or reported to have participated or been involved in decision-making regarding those investigations, that such information of past complaints or investigations will be considered when considering or assessing any potential or alleged complaints of sex discrimination or retaliation regardless of when the past complaint was made or the disposition of the past investigation.

17.     Regarding each charge, complaint, or report (whether formal or informal, oral or written) and each investigation of potential or alleged sex discrimination or retaliation made during the term of this Consent Decree, each Defendant shall compile an investigative file which shall contain the following information (as applicable): the name, home address, home telephone number and cell phone number, job title, and employee number of each complainant and potential aggrieved individual; the date of the charge, complaint, or report; the date(s) on which the incident(s) allegedly occurred; the location(s) where the incident(s) took place; the specific allegations that were made; the name, home address, home telephone number and cell phone number (as applicable), job title, and employee number of each person allegedly involved in the sex discrimination or retaliation and of each potential witness; the complete substance of any statements made by each complainant, potential aggrieved individual, person allegedly involved

9

in the discrimination or retaliation, and each witness; and a detailed description of the conclusions of the Defendant who conducted the investigation pursuant to its policy regarding the charge, complaint, report, or investigation and any corrective action taken in response to the charge, complaint, report, or investigation and any corrective action taken in response to the charge, complaint, report, or investigation. Defendants shall also retain with the investigative file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendants shall retain all the aforementioned records for the duration of this Decree.

18.    Within sixty (60) days of the entry of this Decree, Defendant BJ's shall adopt and maintain a centralized electronic tracking system in which it shall record all charges, complaints, or reports of sex discrimination and/or retaliation. This system shall be searchable by name of individual(s) and by location(s) of alleged misconduct, and shall contain, for each charge, complaint, report, or investigation of sex discrimination or retaliation, at least the following information: (a) full name, home address, and home telephone number and cell phone number (as applicable) of each complainant and potential aggrieved individual; (b) full name, home address, and telephone number and cell phone number (as applicable) of any persons allegedly involved (including but not limited to those identified as potential perpetrators) in alleged incidents of discrimination or retaliation; (c) the location (including client name) where the alleged misconduct occurred; (d) date each charge, complaint, or report was made; (d) date each investigation began and was completed; (e) type of discrimination or retaliation complained of, reported, or investigated; (f) type of adverse employment action involved (e.g., "harassment," "failure to hire," "failure to promote," "demotion," "failure to schedule/assign," "termination,"

etc.); (g) name and title of person(s) who conducted each investigation; (h) description of action taken in response to the charge, complaint, report, or investigation; (i) resolution, or decision made, regarding each charge, complaint, or report made and each investigation conducted, including where such resolutions and/or reports are made by a client of BJ's; and (j) status of each charge, complaint, report or investigation reflected in the database (such as "open," "pending," "closed," etc.). BJ's shall make the information in this database accessible to all its personnel who may be assigned to conduct investigations of discrimination or retaliation, including those personnel who work on-site with any of BJ's clients. BJ's shall maintain the database throughout the duration of this Decree and shall produce it to EEOC upon EEOC's request.

19.     For the duration of this Decree, Defendants shall retain all personnel, payroll, and other documents of any character related to any person complaining of or otherwise reporting sex discrimination or retaliation.

20.     For the duration of this Decree, Defendants shall retain all personnel, payroll, and other documents of any character related to any person who is involved (including but not limited to those identified as potential perpetrators) in any potential or alleged charge, complaint, or report of sex discrimination or retaliation and of any person who was identified as a potential witness or who provided any information concerning any such charge, complaint, or report.

21.     Defendants shall produce to EEOC copies of all documents described in Paragraphs 18, 19, and 20 within ten (10) days of receiving a request from EEOC for such documents.

### E. HUMAN RESOURCES PERSONNEL

22.     For the duration of this Decree, ACF shall employ a full-time employee whose primary responsibility will be human resources functions, including receiving and investigating complaints of sex discrimination and retaliation.  This individual shall be bilingual in English and Spanish and shall report directly to ACF's Chief Executive Officer, Jeff Bolton.  ACF shall ensure that this individual receives regular, in-person training relevant to his/her job responsibilities, including live third-party training designed to assist human resources professionals with their responsibilities related to prevention of sex discrimination, sex harassment, and retaliation in the workplace.  ACF shall also ensure that this employee has the opportunity to receive mentorship and one-on-one training from experienced human resources professionals, including, without limitation, providing time during work hours for this employee to attend meetings, conferences, and other professional development opportunities.  Upon receipt of a request from EEOC, ACF shall produce, within fourteen (14) days, a record of all trainings and conferences relevant to human resources responsibilities attended by this employee since the entry of the Decree.  Should the individual employed in this capacity leave ACF for any reason during the term of this Decree, ACF will not be in breach of the Decree while it makes a reasonable search for a suitable replacement in accordance with the terms of this Decree.

### F. TRAINING

23.     Within thirty (30) days of the entry of this Decree, ACF shall provide a live, interactive training session for all workers having any responsibilities or duties in or related to the ACF facility located in Fall River, Massachusetts.  Such training shall be no less than two (2) hours in duration and provided by a qualified third-party at the expense of ACF.  Workers will have the option of obtaining the training in English or in Spanish.  The training will include the

following: (1) the types of conduct that are not acceptable in the workplace, including conduct that, if left unaddressed, may rise to the level of unlawful sex harassment (the training should involve realistic examples from ACF's workplace and/or industry); (2) the consequences of engaging in unacceptable conduct in the workplace, including an explanation that corrective action will be a consequence of such conduct; (3) the workers' rights and responsibilities if they experience or witness unacceptable conduct at work, including the ways in which they can report harassment; (4) the types of conduct that may constitute retaliation; (5) the consequences for engaging in retaliatory conduct; (6) the workers' right to be free from retaliation and responsibility to refrain from conduct that may constitute retaliation; and (7) an explanation of ACF's Policy Prohibiting Harassment and complaint process, including how an investigation will take place and an assurance that persons who report sex harassment or provide information as part of any investigation will not be subject to retaliation.

24.     For the duration of the Decree, ACF will provide a recorded version of this training to all new, non-management workers having any responsibilities or duties in or related to the ACF facility located in Fall River, Massachusetts within fourteen (14) days of their hire. In the case of temporary workers, this training shall be provided within fourteen (14) days of the individual's completion of five (5) work days in a single week.

25.     Within thirty (30) days of the entry of this Decree, ACF shall provide an additional two (2) hours of live, interactive training for all supervisors and managers having any responsibilities or duties in or related to the ACF facility located in Fall River, Massachusetts. This training, which will be provided by a third-party at ACF's expense, will emphasize management's role in ensuring a workplace free of sex harassment, the steps management is expected to take to prevent sex harassment, and how to respond to complaints and stop and

remedy sex harassment if it occurs. The training will also include information on management's role in preventing retaliation and stopping retaliation if it occurs. Managers and supervisors shall have the option of obtaining the training in English or Spanish. ACF shall conduct such training sessions on an annual basis for managers and supervisors for the duration of this Decree. For the duration of the Decree, ACF shall provide the training to all new managers and supervisors having any responsibilities or duties in or related to the ACF facility located in Fall River, Massachusetts within thirty (30) days of their hire, promotion, or transfer. Managers and supervisors hired during the duration of the Decree, but after sixty (60) days have passed since the entry of the Decree, may receive recorded training. While line supervisors will be included in this training, ACF does not concede that such individuals are "supervisors" within the meaning of applicable law.

26. ACF must maintain attendance lists identifying each person who attends each training session, and ACF will forward a copy of the attendance lists to EEOC within thirty (30) days of the completion of each training session.

27. Within thirty (30) days of the entry of this Decree, BJ's shall provide a live, interactive training session for all employees having any responsibilities or duties related to recruitment of employees, hiring, receiving complaints of sex discrimination, investigating complaints of sex discrimination, and/or terminating employees, including, without limitation Jose DaSilva and Glen Ilacqua. Such training shall be no less than four (4) hours in duration and provided by a qualified third-party at the expense of BJ's. Employees will have the option of obtaining the training in English or in Spanish. The training will include the following: (1) the types of conduct that are not acceptable in the workplace, including conduct that, if left unaddressed, may rise to the level of unlawful sex harassment (the training should involve

14

realistic examples from the workplaces and/or industries where BJ's places and/or refers workers); (2) the consequences of engaging in unacceptable conduct in the workplace, including an explanation that corrective action will be a consequence of such conduct; (3) the rights of workers to be free from sex harassment in the workplace; (4) how to respond to complaints and stop and remedy sex harassment if it occurs; (5) the responsibility of BJ's employees to report conduct that may constitute sex harassment when they learn of or witness such conduct; (6) the types of conduct that may constitute retaliation; (7) the consequences for engaging in retaliatory conduct; (8) the right to be free from retaliation and responsibility to refrain from conduct that may constitute retaliation; and (9) an explanation of BJ's Policy Prohibiting Harassment and complaint process, including how an investigation will take place and an assurance that persons who report sex harassment or provide information as part of any investigation will not be subject to retaliation.

28.     For the duration of the Decree, BJ's will provide a recorded version of this training to all new employees within fourteen (14) days of their hire.

29.     BJ's must maintain attendance lists identifying each person who attends each training session, and must forward a copy of the attendance lists to EEOC within thirty (30) days of the completion of each training session.

30.     ACF shall retain, at its own expense, a third-party trainer to whom EEOC agrees, to provide ACF with not less than three (3) hours of training regarding exercising reasonable care when (i) receiving complaints of harassment or discrimination made unlawful by Title VII; (ii) conducting investigations of harassment and discrimination, and (iii) formulating prompt and effective preventive and corrective action in response to harassment and discrimination.  All ACF personnel whose job duties include receiving complaints of harassment or discrimination,

conducting harassment or discrimination investigations, and/or making decisions regarding preventive and corrective action, shall be required to complete such training. This training shall be in addition to the training otherwise required by this Decree and shall be provided within sixty (60) days of entry of this Decree and within thirty (30) days of the start of employment for all new hires in such positions to the extent there are such new hires during the Consent Decree. Individuals hired during the duration of the Decree, but after sixty (60) days have passed since the entry of the Decree, may receive recorded training. Employees shall have the option of receiving this training in English or Spanish. ACF must inform EEOC, in writing, as to all content of such training (including providing all handout materials and any Power Point or other electronic presentation), method of presentation, length of training course, and the name and job title of each attendee within thirty (30) days of such training.

31.    BJ's shall retain, at its own expense, a third-party trainer to whom EEOC agrees, to provide BJ's with not less than four (4) hours of training regarding exercising reasonable care when (i) receiving complaints of harassment or discrimination made unlawful by Title VII; (ii) conducting investigations of harassment and discrimination, and (iii) formulating prompt and effective preventive and corrective action in response to harassment and discrimination. All BJ's personnel whose job duties include receiving complaints of harassment or discrimination, conducting harassment or discrimination investigations, and/or making decisions regarding preventive and corrective action, shall be required to complete such training. This training shall be in addition to the training otherwise required by this Decree and shall be provided within sixty (60) days of entry of this Decree and within thirty (30) days of the start of employment for all new hires, if any, in such positions during the period of this Consent Decree. Employees shall have the option of receiving this training in English or Spanish. BJ's must inform EEOC, in

writing, as to all content of such training (including providing all handout materials and any Power Point or other electronic presentation), method of presentation, length of training course, and the name and job title of each attendee within thirty (30) days of such training.

32.     Defendants shall ensure that the investigative and corrective action training provided pursuant to Paragraphs 30 and 31 shall include at least the following subjects:

a.  legal obligations concerning harassment and discrimination investigations;

b.  investigative techniques, including identification of potential witnesses or others who may have been subjected to similar alleged treatment, interviewing techniques, and other sources of evidence in harassment and discrimination investigations;

c.  types of preventative and corrective actions and applicable legal obligations;

d.  that information regarding past complaints, allegations, or investigations of harassment or discrimination of a similar nature and involving the same individual alleged to have committed harassment or discrimination should be considered highly relevant evidence in the pending inquiry;

e.  that Defendants' personnel are required to research whether such past complaints or investigations exist by reviewing complaint and disciplinary records regarding the existence and details of any relevant prior complaints or investigations;

f.  that former employees may be sources of highly relevant evidence and should be contacted when appropriate;

g.  the significance of corroborative testimonial evidence in a harassment investigation, the need to investigate whether such evidence exists, but that

17

corroborative evidence is not required to make a finding that allegations of harassment or discrimination are substantiated or well-founded;

h.  techniques for witness credibility assessment, particularly but not exclusively for situations in which there is conflicting testimony and the absence of corroboration;

i.  the need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers;

j.  investigative confidentiality;

k.  post-investigation procedures for monitoring the work environment, including but not limited to follow-up interviewing of employees; and

l.  procedures for monitoring and auditing and post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation.

## G. EMPLOYMENT PRACTICES

33.  As of the date of the entry of this Decree, ACF agrees that it will not use any warnings, coaching, or discipline issued to Mirna Pacaja since January 4, 2016, or any complaints made about Mirna Pacaja since January 4, 2016, as a basis for any future employment action taken with respect to Ms. Pacaja, nor shall any such documents be placed in any personnel file created for Ms. Pacaja.

34.  As of the date of the entry of this Decree, ACF agrees that it will not use any warnings, coaching, or discipline issued to Esdeyra Rosales since January 4, 2016, or any complaints made about Esdeyra Rosales since January 4, 2016, as a basis for any future

18

employment action taken with respect to Ms. Rosales, nor shall any such documents be placed in any personnel file created for Ms. Rosales.

35.     Within fourteen (14) days after entry of this Decree, BJ's shall remove and expunge from its records all references to any warning, coaching, or discipline issued to Mirna Pacaja since January 4, 2016, and no such warning, coaching or discipline shall serve as a basis for any future employment action taken with respect to Ms. Pacaja.  At that time, BJ's shall notify EEOC of its compliance with this provision of the Decree.

36.     Within fourteen (14) days after entry of this Decree, BJ's shall remove and expunge from its records all references to any warning, coaching, or discipline issued to Esdeyra Rosales since January 4, 2016, and no such warning, coaching or discipline shall serve as a basis for any future employment action taken with respect to Ms. Rosales.  At that time, BJ's shall notify EEOC of its compliance with this provision of the Decree.

37.     Within seven (7) days of issuing its policy prohibiting discrimination, harassment and retaliation (as described in Paragraph 13 above), ACF shall provide a copy of that policy to all third parties providing labor referrals and/or temporary workers to ACF's Fall River, Massachusetts facility.  The policy shall be accompanied by a letter confirming ACF's commitment to a workplace free from sex discrimination and affirmatively stating ACF's promise to cooperate fully with the recipient in the event it receives any complaints of alleged or possible sex discrimination relating to ACF's workplace.  For the duration of this Decree, ACF shall provide its policy prohibiting discrimination, harassment and retaliation, along with this letter, to any third party providing labor referrals and/or temporary workers to ACF's Fall River, Massachusetts facility within seven (7) days of accepting workers from that third-party.

38.     As of the effective date of this Decree, neither ACF nor BJ's shall employ Fidel Santos in any capacity, including as a temporary worker assigned to ACF by any other entity, including a staffing agency.

## H. MONETARY RELIEF

39.     Within fourteen (14) days after entry of this Decree, Defendants shall pay relief to Margarita Fuentes in the amount of $130,000 in non-pecuniary compensatory damages. Defendants will issue to Fuentes IRS Forms 1099 for the applicable tax year.  The check(s) and IRS form(s) will be sent to counsel for Fuentes, James A.W. Shaw, Esq., Segal Roitman, LLP, 33 Harrison Ave., 7th Floor, Boston, MA 02111.  A photocopy of the check(s) and related correspondence will be sent to EEOC at the same time the documents are sent to counsel for Fuentes.

40.     Within fourteen (14) days after entry of this Decree, Defendants shall pay relief to Mirna Pacaja in the amount of $130,000 in non-pecuniary compensatory damages.  Defendants will issue to Pacaja IRS Forms 1099 for the applicable tax year.  The check(s) and IRS form(s) will be sent to counsel for Pacaja, James A.W. Shaw, Esq., Segal Roitman, LLP, 33 Harrison Ave., 7th Floor, Boston, MA 02111.  A photocopy of the check(s) and related correspondence will be sent to EEOC at the same time the documents are sent to counsel for Pacaja.

41.     Within fourteen (14) days after entry of this Decree, Defendants shall pay relief to Esdeyra Rosales in the amount of $130,000 in non-pecuniary compensatory damages. Defendants will issue to Rosales IRS Forms 1099 for the applicable tax year.  The check(s) and IRS form(s) will be sent to counsel for Rosales, James A.W. Shaw, Esq., Segal Roitman, LLP, 33 Harrison Ave., 7th Floor, Boston, MA 02111.  A photocopy of the check(s) and related

correspondence will be sent to EEOC at the same time the documents are sent to counsel for Rosales.

42.     Within fourteen (14) days after entry of this Decree, ACF shall pay relief to Hilcia Guarcas in the amount of $75,000 in non-pecuniary compensatory damages. ACF will issue to Guarcas an IRS Form 1099 for the applicable tax year. The check and IRS form will be sent to directly to Guarcas at the address provided by EEOC counsel. A photocopy of the check and related correspondence will be sent to EEOC at the same time the documents are sent to Guarcas.

43.     Defendants shall pay the amount of $210,000 to Aggrieved Individuals identified by EEOC in amounts determined solely by EEOC ("Fund for Aggrieved Individuals"). The class of Aggrieved Individuals is limited to those women who worked at the ACF Fall River, Massachusetts facility at any time between January 1, 2013 and the date of the execution of the decree and who were subject to sex harassment and/or retaliation. Defendants shall make such payments within fourteen (14) days after EEOC informs Defendants of the amount of each payment and provides Defendants with a signed release for that individual. (A copy of the release form is attached hereto as Exhibit C). Defendants shall send such payments directly to Aggrieved Individuals identified by EEOC at addresses provided by EEOC and shall issue IRS Form 1099s for the applicable tax year to each Aggrieved Individual. A photocopy of the check and related correspondence will be sent to EEOC at the same time the documents are sent to the Aggrieved Individuals.

44.     If there are remaining funds after Defendants have made the payments described in Paragraph 43, above, including funds from un-cashed checks, those funds shall be paid as *cy pres* to a 501(c)(3) organization, chosen by EEOC, that addresses workplace discrimination experienced by immigrant workers.

## I.  NOTICE TO AGGRIEVED INDIVIDUALS & TIME FOR SUBMITTING CLAIMS

45.    Within five (5) business days after the entry of this Decree, ACF shall post in its Fall River, Massachusetts facility, in a conspicuous place frequented by employees, a laminated Notice of Right to File Claim, which shall be drafted by EEOC and which shall contain instructions for contacting EEOC to make a claim on the fund described in Paragraph 43.  This Notice of Right to File Claim shall be written in English and Spanish.

46.    On the first date, occurring no sooner than five (5) business days after the entry of this Decree, that BJ's issues paychecks to its labor referrals, BJ's shall include a copy of the Notice of Right to File Claim described in Paragraph 43, above, with the paychecks issued to any female, current BJ's labor referral, regardless of placement, who at any time since January 1, 2013 has been employed by BJ's and referred to ACF.

47.    Aggrieved Individuals shall have 300 days from the entry of this Decree to contact EEOC to make a claim on the fund described in Paragraph 43.  For the purposes of making a claim, contact with EEOC shall be through the Decree Monitor, as described in Paragraph 55 below, or by contacting either Adela Santos or Sara Smolik, Senior Trial Attorneys for EEOC.

## J.  MONITORING AND REPORTING

48.    EEOC may review compliance with the provisions of this Decree.

49.    As part of such review, EEOC may inspect Defendants' facilities, interview employees, and examine and copy documents.  Defendants will make all employees available to EEOC, and shall permit employees to speak confidentially with EEOC for the purposes of verifying compliance with this Decree.

22

50.     For the duration of this Decree, Defendants must create and maintain such records as are necessary to demonstrate their compliance with this Decree and with 29 C.F.R. § 1602 *et seq.*

51.     For the duration of this Decree, ACF shall submit written notification to the Commission regarding any and all charges, complaints, or reports of alleged sex discrimination or retaliation made by any employee or any individual working in ACF's Fall River, Massachusetts facility.  ACF's notification to the Commission must be sent within thirty (30) days of receipt of any charges, complaints, or reports.  In addition, ACF shall submit written notification to the Commission regarding any and all investigations of complaints of alleged sex discrimination or retaliation made by any employee or individual working in ACF's Fall River, Massachusetts facility, including any action taken by ACF in response to such charges, complaints, reports or investigations.   ACF's notification of the Commission must be sent within thirty (30) days of its completion of any such report or investigation.  ACF's notification must be accompanied by copies of the records ACF is required to create by Paragraph 17, above.

52.     For the duration of this Decree, BJ's shall submit written notification to the Commission regarding any and all charges, complaints, reports, or investigations of alleged sex discrimination or retaliation made by any employee or any BJ's labor referral and any action taken by BJ's in response to such charges, complaints, reports or investigations.  BJ's notification to the Commission must be sent within thirty (30) days of any charges, complaints, reports or investigation.  BJ's notification must be accompanied by copies of the records BJ's is required to create by Paragraphs 17 and18, above

53.     For the duration of this Decree, ACF shall submit an Annual Report certifying compliance with this Decree.  With the exception of the final report, which shall be due sixty

23

(60) days prior to the expiration of this Decree, all Annual Reports shall be due on the anniversary of the Decree's entry. The Annual Report shall be signed under pains and penalties of perjury by an ACF corporate officer. The Annual Report shall contain:

    a.  A certification of compliance with the Notice and Posting requirement described in Paragraph 11, above, with a photograph of the posted materials in ACF's facility;

    b.  A current copy of ACF's policy prohibiting discrimination, harassment and retaliation;

    c.  A list of all personnel with responsibility for enforcing the company's policy, including name, title, department and date of hire;

    d.  A list of all personnel with responsibility for receiving complaints of alleged or potential sex discrimination, including name, title, department and date of hire;

    e.  The name and resume of the Human Resources professional employed by ACF pursuant to Paragraph 22, above;

    f.  A summary of all training provided pursuant to Paragraphs 23-25, above, including a certification that such training was provided, the date of the training, a statement indicating the manner of training, the name and contact information of the individual(s) providing the training, and the names and positions of all attendees;

    g.  A list of all entities providing labor referrals and/or temporary workers, including the name of the entity, name of its principal(s), address, and website and a certification that ACF has provided that entity with its policy prohibiting

discrimination, harassment and retaliation and the letter described in Paragraph 37, above; and

    h.  A summary of all charges, complaints or reports of sex discrimination and/or retaliation received by ACF in the previous year and a certification that the materials described in Paragraph 17 were submitted to EEOC; and

    i.  The name, address, email address, and telephone/cell phone number, and employee identification number of each person making a complaint of sex discrimination or retaliation against ACF to any federal, state, or local government agency.

54.    For the duration of this Decree, BJ's shall submit an Annual Report certifying compliance with this Decree.  With the exception of the final report, which shall be due sixty (60) days prior to the expiration of this Decree, all Annual Reports shall be due on the anniversary of the Decree's entry.  The Annual Report shall be signed under pains and penalties of perjury by BJ's corporate officer.  The Annual Report shall contain:

    a.  A certification of compliance with the Notice and Posting requirement described in Paragraph 12, above, with a photograph of the posted materials in BJ's facility along with a list of all individuals to whom the Notice has been mailed;

    b.  A current copy of BJ's policy prohibiting discrimination, harassment and retaliation;

    c.  A list of all personnel with responsibility for enforcing the company's policy, including name, title, department and date of hire;

    d.  A list of all personnel with responsibility for receiving complaints of alleged or potential sex discrimination, including name, title, department and date of hire;

    e.  A summary of all training provided pursuant to Paragraphs 27 and 28, above, including a certification that such training was provided, the date of the training, a statement indicating the manner of training, the name and contact information of the individual(s) providing the training, and the names and positions of all attendees;

    f.  A summary of all charges, complaints or reports of sex discrimination and/or retaliation received by ACF in the previous year and a certification that the materials described in Paragraph 17, above, were submitted to EEOC; and

    g.  The name, address, email address, telephone/cell phone number, and employee identification number of each person making a complaint of sex discrimination or retaliation against BJ's to any federal, state, or local government agency.

55.    Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed or mailed to the following persons (or their designated successors):

For EEOC:        Consent Decree Monitor
                        EEOC Legal Unit
                        33 Whitehall Street, 5th Floor
                        New York, NY 10004
                        Decreemonitor.nydo@eeoc.gov

                        and

                        Sara Smolik, Senior Trial Attorney
                        EEOC – Boston Area Office
                        JFK Federal Building, Room 475
                        Boston, MA 02203
                        sara.smolik@eeoc.gov

For ACF:          Jeff Bolton
                        Atlantic Capes Fisheries, Inc.
                        140 Waldron Road

Fall River, MA 02720
JBolton@atlanticcapes.com

<u>and</u>

Stacie B. Collier, Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903-1345
sbcollier@nixonpeabody.com

For BJ's:      Glen Ilacqua
BJs Service Company
222 Herman Mellville Blvd
New Bedford, MA 02740
781-264-3449
Glen@bjstempservice.com
Glen@robertsjoseph.com

<u>and</u>

Matthew Mastromauro
McDonough, Hacking & Lavoie, LLC
27 Congress Street, Suite 404
Salem, MA 01970
617 367 3823
mmastromauro@mhlattys.com

## DISPUTE RESOLUTION

56.     In the event that EEOC believes that either Defendant has failed to comply with any provision(s) of the Decree, EEOC will notify that Defendant, in writing, of the provision(s) at issue, and that Defendant must make a good faith attempt to cure any breach of the Decree within thirty (30) days of notification.  EEOC and Defendants will use their best efforts to resolve any dispute.

57.     Following the thirty (30) days to cure period, EEOC shall have the right to seek Court intervention.

58.     Upon motion of EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.

**K. COSTS**

59.     Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

**L. NOTIFICATION OF SUCCESSORS**

60.     ACF shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of ACF's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree for the duration of the Decree.

61.     BJ's shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of BJ's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree.

**M. DURATION OF DECREE**

62.     The duration of the Decree shall be in effect for a period of four (4) years immediately following the Court's execution of this Decree.

63.     If EEOC has notified either Defendant in writing not less than thirty (30) days before the expiration of this Decree that either Defendant is not in compliance with any of the terms of this Decree, that Defendant's obligations under this Decree will not expire while any enforcement action concerning this Decree is pending.

64.     The Court retains jurisdiction over this action during the duration of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary

sanctions and injunctive relief.  The matter may be administratively closed but will not be

dismissed during the duration of this Decree.


**SO ORDERED, ADJUDGED, AND DECREED**

Dated: ___1 / 29 / 19___                                    Hon. _____

                                                                     U.S. District Court Judge

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

_____

JEFFREY BURSTEIN
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov

SARA SMOLIK
Senior Trial Attorney
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3207 (telephone)
(617) 565-3196 (fax)
sara.smolik@eeoc.gov

**FOR DEFENDANT ATLANTIC CAPES FISHERIES, INC.**

Jeff Bolton
Atlantic Capes Fisheries, Inc.
140 Waldron Road
Fall River, MA 02720
Telephone: (508) 990-9040
Fax: (508) 990-9044
JBolton@atlanticcapes.com

**FOR DEFENDANT BJ'S SERVICE CO., INC.**

Joe DaSilva
222 Herman Mellville Blvd
New Bedford, MA 02740
joe@bjstempservice.com
joe@robertsjoseph.com
(774) 510-5651

# ATTACHMENT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

## NOTICE OF LAWSUIT AND SETTLEMENT

This notice is being posted pursuant to a Consent Decree entered in the matter of Equal Employment Opportunity Commission v. Atlantic Capes Fisheries, Inc. and BJ's Service Co, Inc., C.A. No. 1:17-cv-11860, filed with the United States federal court for the district of Massachusetts.

Federal law prohibits discrimination against any employees or applicants for employment because of the individual's Race, Color, Religion, Sex, National Origin, Age (40 and over), Disability and or Genetic Information, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment. Federal Law specifically prohibits sex harassment by supervisors, management, co-workers, or any employer official. Federal Law also prohibits retaliation against any employee who has complained of discrimination, opposed discrimination, filed a charge of discrimination or who gives testimony or assistance concerning the investigation or litigation of a charge of discrimination, including a complaint or charge of sex harassment.

Atlantic Capes Fisheries supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

Atlantic Capes Fisheries has an equal employment opportunity policy, which includes an anti-sex harassment policy, and will ensure that all supervisory employees and other employees abide by the requirements of that policy and that employees will not be discriminated against on the basis of their Race, Color, Religion, Sex, National Origin, Age (40 and over), Disability and or Genetic Information.

Atlantic Capes Fisheries will, pursuant to the Consent Decree, provide anti-discrimination training to employees, issue new policies regarding harassment and discrimination and report all complaints to EEOC.

Should you have any questions or complaints of discrimination, you may contact:

> United States Equal Employment Opportunity Commission
> Boston Area Office
> JFK Federal Building, Room 475
> 15 Sudbury Street
> Boston, MA  02203
> (617) 565-3200
> (800) 669-4000
> Website:  www.eeoc.gov

**This is an official notice and must remain posted for four [4] years from the date of posting and may not be altered, defaced or covered by any other material.**

**Date:** _____

# ATTACHMENT B

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Boston Area Office**



John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

## NOTICE OF LAWSUIT AND SETTLEMENT

This notice is being posted pursuant to a Consent Decree entered in the matter of Equal Employment Opportunity Commission v. Atlantic Capes Fisheries, Inc. and BJ's Service Co, Inc., C.A. No. 1:17-cv-11860, filed with the United States federal court for the district of Massachusetts.

Federal law prohibits discrimination against any employees or applicants for employment because of the individual's Race, Color, Religion, Sex, National Origin, Age (40 and over), Disability and or Genetic Information, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment. Federal Law specifically prohibits sex harassment by supervisors, co-workers, management, or any employer official. Federal Law also prohibits retaliation against any employee who has complained of discrimination, opposed discrimination, filed a charge of discrimination or who gives testimony or assistance concerning the investigation or litigation of a charge of discrimination, including a complaint or charge of sex harassment.

BJ's Service Co. supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

BJ's Service Co. has an equal employment opportunity policy, which includes an anti-sex harassment policy, and will ensure that all supervisory employees and other employees abide by the requirements of that policy and that employees will not be discriminated against on the basis of their Race, Color, Religion, Sex, National Origin, Age (40 and over), Disability and or Genetic Information.

BJ's Service Co. will, pursuant to the Consent Decree, provide anti-discrimination training to employees, issue new policies regarding harassment and discrimination and report all complaints to EEOC.

Should you have any questions or complaints of discrimination, you may contact:

> United States Equal Employment Opportunity Commission
> Boston Area Office
> JFK Federal Building, Room 475
> 15 Sudbury Street
> Boston, MA  02203
> (617) 565-3200
> (800) 669-4000
> Website:  www.eeoc.gov

**This is an official notice and must remain posted for four [4] years from the date of posting and may not be altered, defaced or covered by any other material.**

**Date:** _____

# ATTACHMENT C

## RELEASE OF CLAIMS

In consideration for $_____ paid to me in connection with the resolution of *EEOC, et al. v. Atlantic Capes Fisheries, Inc. and BJ's Service Co., Inc.,* Civil Action No. 1:17-cv-11860-PJS (filed D. Mass. Sept. 27, 2018), I waive my right to recover for any claims of sex harassment or retaliation arising under Title VII of the Civil Rights Act of 1964 that I had or may have had against Atlantic Capes Fisheries, Inc. and/or BJ's Service Co., Inc. prior to the date of this release that were included in the claims alleged in EEOC's complaint in *EEOC, et al. v. Atlantic Capes Fisheries, Inc. and BJ's Service Co., Inc.,* Civil Action No. 1:17-cv-11860 (D. Mass.).

## DESCARGO DE RECLAMOS

En consideración por $_____ pagado a mí en relación con la resolución de *EEOC, et al. v. Atlantic Capes Fisheries, Inc. y BJ's Service Co., Inc*., Acción Civil No. 1:17-cv-11860-PJS (archivado D. Mass. el 27 de septiembre de 2018), renuncio a mi derecho de recuperar por cualquier reclamo de acoso sexual y de represalia que surja bajo el Titulo VII de la Ley de Derechos Civiles de 1964 que tenía contra Atlantic Capes Fisheries, Inc. y/o BJ's Service Co., Inc., antes de la fecha de este descargo que se incluyeron en las demandas alegadas en la queja de EEOC en *EEOC, et al v. Atlantic Capes Fisheries, Inc. y BJ's Service Co., Inc.*, Acción Civil No. 1:17-cv-11860 PJS (D. Mass.).

Date/Fecha: _____

Signature/Firma: _____

Print Name/Nombre en letra de molde: _____